Fernando Gaytan (SBN 224712) fgaytan@lafla.org
Shayla R. Myers (SBN 264054) smyers@lafla.org
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel:   (213) 640-3983
Fax:   (213) 640-3988

Paul L. Hoffman (SBN 71244)
Catherine Sweetser (SBN 271142) catherine.sdshhh@gmail.com
**SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP**
723 Ocean Front Walk, Suite 100
Venice, CA 90291
Tel: (310) 396-0731
Fax: (310) 399-7040
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES CATHOLIC WORKER, AN UNINCORPORATED ASSOCIATION; CANGRESS, A NON-PROFIT CORPORATION; HARRY JAMES JONES, LOUIS GRADY, LLOYD HINKLE, WALTER SHOAF, INDIVIDUALS, <br><br> Plaintiff(s), <br><br> vs. <br><br> LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT, CENTRAL CITY EAST ASSOCIATION, INC., CITY OF LOS ANGELES; DOES 1 -10, <br><br> Defendant(s). | CASE NO. CV 14-07344 PSG (AJW) <br><br> **DISCOVERY MATTER** <br><br> JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT CITY OF LOS ANGELES' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE <br><br> Hearing Date:  January 11, 2016 _ <br> Time: 10:00 a.m. <br><br> Discovery Cut-off: January 20, 2016 <br> Pretrial Conference:  April 11, 2016, 2:30 p.m. <br> Trial:  April 26, 2016, 9:00 a.m. |

i

1

## **Table of Contents**

2  I.  INTRODUCTORY STATEMENT ........................................................................1

3     a.  Plaintiff's Introductory Statement.................................................................1

4     b.  Defendant's Introductory Statement ..............................................................4

5  II.  MEET AND CONFER EFFORTS .....................................................................5

6     a.  Plaintiff's Summary of Meet and Confer Efforts .........................................5

7     b.  Defendant's Summary of Meet and Confer Efforts.....................................11

8  III. SPECIFIC REQUESTS ...................................................................................12

9        REQUEST FOR PRODUCTION NO. 4 ......................................................12

10          RESPONSE TO REQUEST FOR PRODUCTION NO. 4 ...............................12

11          PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO.  4 ......13

12          DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  4..15

13        REQUEST FOR PRODUCTION NO. 5 ......................................................15

14          RESPONSE TO REQUEST FOR PRODUCTION NO. 5 ...............................15

15          PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO.  5......16

16          DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  5..19

17        REQUEST FOR PRODUCTION NO. 10 ....................................................20

18          RESPONSE TO REQUEST FOR PRODUCTION NO. 10 .............................20

19          PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 10.....21

20          DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 10.26

21        REQUEST FOR PRODUCTION NO. 11 ....................................................27

22          RESPONSE TO REQUEST FOR PRODUCTION NO. 11 .............................27

23          PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  11....29

24          DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.

25          11 ..........................................................................................................33

26        REQUEST FOR PRODUCTION NO. 12 ....................................................33

27          RESPONSE TO REQUEST FOR PRODUCTION NO. 12 .............................33

28          PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  12....33

i

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
12 ............................................................................................................38

REQUEST FOR PRODUCTION NO. 13 ...............................................................38

RESPONSE TO REQUEST FOR PRODUCTION NO. 13 ...............................38

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 13....39

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
13 ............................................................................................................44

REQUEST FOR PRODUCTION NO. 16 ...............................................................44

RESPONSE TO REQUEST FOR PRODUCTION NO. 16 ...............................44

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 16....46

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
16 ............................................................................................................55

REQUEST FOR PRODUCTION NO. 17 ...............................................................56

RESPONSE TO REQUEST FOR PRODUCTION NO. 17 ...............................56

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 17....57

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
17 ............................................................................................................64

REQUEST FOR PRODUCTION NO. 23 ...............................................................65

RESPONSE TO REQUEST FOR PRODUCTION NO. 23 ...............................65

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 23....66

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
23 ............................................................................................................71

REQUEST FOR PRODUCTION NO. 24 ...............................................................71

RESPONSE TO REQUEST FOR PRODUCTION NO. 24 ...............................72

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 24....72

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
24 ............................................................................................................77

REQUEST FOR PRODUCTION NO. 36 ...............................................................78

RESPONSE TO REQUEST FOR PRODUCTION NO. 36 ..................................78

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 36....79

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
36 ..................................................................................................................83

REQUEST FOR PRODUCTION NO. 40 ..........................................................83

RESPONSE TO REQUEST FOR PRODUCTION NO. 40 ..................................83

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 40....84

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
40 ..................................................................................................................91

REQUEST FOR PRODUCTION NO. 47 ..........................................................92

RESPONSE TO REQUEST FOR PRODUCTION NO. 47 ..................................92

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 47....93

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
47 ..................................................................................................................99

REQUEST FOR PRODUCTION NO. 48 ..........................................................100

RESPONSE TO REQUEST FOR PRODUCTION NO. 48 ..............................100

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 48..100

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
48 ..................................................................................................................103

REQUEST FOR PRODUCTION NO. 51 ..........................................................103

RESPONSE TO REQUEST FOR PRODUCTION NO. 51 ..............................103

PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 51..104

DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.
51 ..................................................................................................................108

REQUEST FOR PRODUCTION NO. 58 ..........................................................108

IV. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES ....................................115

a. Plaintiffs' Position on Attorneys' Fees ...........................................................115

b. Defendant's Position on Attorneys' Fees.........................................................116

# I.     INTRODUCTORY STATEMENT

### a.  Plaintiff's Introductory Statement

Plaintiffs, four homeless individuals and two organizations that work with homeless individuals, brought this suit against the City of Los Angeles and the Los Angeles Downtown Industrial District (LADID) to stop the unlawful seizure of plaintiffs' personal belongings in violation of their constitutional rights.  Plaintiffs allege that the LADID, a downtown business improvement district created by the City of Los Angeles and which covers Skid Row, seizes homeless people's property in violation of the Fourth and Fourteenth Amendment, and that they do so with the support, cooperation and collaboration of the City of Los Angeles and the Los Angeles Police Department.

This lawsuit is one of a number of lawsuits alleging that the City of Los Angeles violated the constitutional rights of homeless people.  As the result of a 2011 lawsuit, *Lavan v. City of Los Angeles*, there is currently an injunction against the City, based on the City's illegal seizure and destruction of homeless people's property in Skid Row.  *See Lavan v. City of Los Angeles*, 797 F.Supp.2d 1005 (C.D. Cal. 2011).  Plaintiffs here allege that, in part in response to the *Lavan* injunction, the BID took on seizing property where the City acting alone left off, and that it does so in coordination with, and with the consent and support of the LAPD.  *See* Complaint, Declaration of Catherine Sweetser ("Sweetser Decl."),¶ 3, Exh. F.  Plaintiffs also allege that the City created, controls and authorizes the BID. *Id.*

The City has argued that it is not responsible for the BID, and that the LAPD does not work in tandem with the BID in Skid Row.  *See* Def. City of Los Angeles's Motion to Dismiss, *Id.* ¶ 4, Exh. G.   The Court denied the City's motion to dismiss in its entirety, holding that the City could be liable based on theories of conspiracy, agency, and its ratification of the BID's actions.  *Id.* ¶ 5, Exh. H.

Plaintiffs now seek critical discovery to show that the City collaborates and conspires with the LADID to seize property.  Specifically, Plaintiffs seek 1) communications between LADID and CCEA and the City of Los Angeles on discrete topics directly related to the subject matter of this litigation, including the seizure of homeless people's property in Skid Row and the *Lavan* Injunction; 2) LAPD and City policies, procedures, and training materials related to BID officers and homeless people's property; 3) complaints to the City against the LADID; and 4) agreements between the City and the LADID.  This information is critical to plaintiffs' case, and goes directly to whether and to what extent LAPD officers cooperated with BID to seize property, and the extent to which the City is responsible for LADID's actions.

On the basis of boilerplate objections of overbreadth and burden, the City has refused to produce any email communications between Defendants, has argued that requests that seek LAPD policies related to working with BIDs and the homeless are overbroad, and refused to produce complaints against the BID.[1]  And despite the requirements of Rule 26(b)(2) and Rule 34,it has refused to identify what limitations, if any, it has placed on its searches for responsive documents and failed to identify what documents, if any, it is withholding on the basis of its objections.   It has put forth only vague responses to Plaintiffs' requests and presented inconsistent positions on a number of key issues.

Over the last two months Plaintiffs have attempted to meet and confer to mitigate Defendant's concerns about burden and obtain clarity about Defendant's responses.  Over three meetings and in numerous meet and confer letters, Plaintiffs have offered significant compromises to address Defendant's concerns, some of

---

[1] The City has produced approximately 7500 documents in this case; however, as discussed below, the majority of the documents were responsive to only a handful of requests.  *See* Section II(a), Plaintiff's Summary of Meet and Confer Efforts.

2

which Defendant previously represented were acceptable.  Plaintiffs agreed to significantly scale back the timeframe of documents to those years most relevant to the allegations, which Defendant agreed was acceptable.  At Defendant's request, Plaintiffs also agreed to limit the scope of every request, and to limit the departments within the City that Defendant must search for responsive documents. Plaintiffs have also offered to make other concessions, if Defendant specifically identified its concerns.  Defendant has refused to do so. Plaintiffs also repeatedly asked Defendant to explain limitations on searches for responsive documents and clarify ambiguous responses, but time and again, Defendant has refused.

Defendant continues to frustrate the discovery process.  In November, Defendant produced supplemental responses to Plaintiffs' requests; however, Defendant ignored every agreement made by the parties and every concession made by Plaintiffs to limit the requests.  Defendant simply amended each response to add legal support for its overbreadth and burden objections to the original requests.  For requests Defendant did agree to supplement, it again refused to identify limitations it had placed on its searches for responsive documents or whether it was withholding documents on the basis of any of its objections.

Given Defendant's refusal to produce documents, clarify its responses, or meet in good faith, Plaintiffs have no choice but to bring this motion to seek a court order compelling the production of highly relevant documents.  While almost all of Defendant's responses are ambiguous and Defendant has refused to produce significant responsive documents, in the interest of discretion and recognition of judicial resources, Plaintiffs seek relief from the Court only on the requests that are most critical to Plaintiffs' case and based on the limitations proposed by Plaintiffs throughout the meet and confer process. In addition, given the City's refusal to participate in good faith in the meet and confer process and its failure to produce responsive documents or provide clarification about its responses, Plaintiffs

3

request the Court award reasonable attorneys' fees in the amount of $24,450.00.

## b.  Defendant's Introductory Statement

On the afternoon of Wednesday November 25, 2015 (the day before Thanksgiving and at the start of a traditional four day weekend that defense counsel, and presumably Plaintiffs' counsel intended to enjoy with their respective friends and family) Plaintiffs' counsel e-mailed an oversized 400 page motion to compel further responses to a Request for Production of Documents.  Plaintiff Cangress served its motion notwithstanding the fact that the City has worked diligently to provide Plaintiff with responsive documents and despite the fact that the City has produced over 8000 pages of responsive documents and several DVDs.  Plaintiffs advised the City that its portion of the Joint Stipulation would be due December 2, 2015, and if needed, the City could have until December 4, 2015 to prepare its portion of the Joint Statement.

This motion should be denied because **Plaintiff has not complied with Local Rule 37-1.**  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015.  Thereafter, the City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the City's Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place pursuant to Local Rule 37-1.

Plaintiffs' excessive request for $25,000 in attorneys' fees for its motion is grossly excessive.  Such a request for attorneys' fees is not authorized by Federal Rule of Civil Procedure 37(d)(1).  Further such a request for attorneys fees, without notice, violates Local Rule 37-1, as well as Due Process.  At no point during the parties' attempts to resolve their discovery differences did Plaintiffs'

counsel ever advise the City that it intended to file a motion with respect to the Supplemental Responses, or to seek attorneys' fees with respect to the motion. The parties' attempts to resolve their discovery differences only took place with respect to the City's original responses – not with respect to the Supplemental Responses served on November 6, 2015.  More importantly, there is no authority for the attorneys' fees Plaintiffs seek.  Under Federal Rule of Civil Procedure 37(d)(1), where discovery responses are made but are inadequate, the party seeking discovery must apply to court for an order to compel discovery.  Sanctions cannot be invoked until a court order is disobeyed.  *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.* (1981, CA Ill) 667 F2d 600, 33 FR Serv 2d 165).  Here, none of that took place.  Defendant served Supplemental Responses on November to each of the 69 production requests.  At no point after November 6, 2015, did Plaintiff contact the City to advise that it wished to set up a Rule 37-1 meeting. Plaintiff simply blindsided the City by serving a burdensome 400 page motion the day before Thanksgiving, with no notice, and demanding $25,000 in attorneys fees.

On December 1, 2015, the City requested that Plaintiffs withdraw their motion. Plaintiffs' counsel refused.  Not only has Plaintiff failed to comply with Local Rule 37-1, but Plaintiff has burdened opposing counsel and created unnecessary work for all parties and for the Court.  Local Rule 37-4 provides that "the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."  The City submits that Plaintiffs' counsels' failure to conduct a Local Rule 37-1 meeting and to insist that the City prepare its portion of a Joint Statement in a motion which should never have been brought, warrants sanctions against Plaintiffs' counsel.

## II.   MEET AND CONFER EFFORTS

### a.  Plaintiff's Summary of Meet and Confer Efforts

Plaintiffs propounded discovery on July 16, 2015.  Sweetser Decl., ¶ 7, Exh. A.  After seeking and receiving two extensions, Defendant produced responses,

documents, and what purported to be a privilege log on September 18, 2015. Sweetser Decl., ¶¶ 8, 9 , Exh. K, B, D. Defendant refused to produce documents responsive to over 36 of Plaintiffs' 69 requests.  Defendant's responses consisted entirely of boiler-plate objections on the basis of vagueness, overbreadth, burden, and oppression.  Of the approximately 5000 pages defendant did produce, the documents included: ) approximately 3750 pages of reports related to the Bureau of Sanitation efforts to clean Skid Row; 2) a 300 page property log; 3) multiple copies of a single 100 page contract; and 5) BID annual reports for the last 15 years.  These documents also included all documents disclosed in its Rule 26 disclosures.  The production did not include a single email, note, photograph, video, or other documents sought by Plaintiffs in these requests, audits of the CCEA by the City, or LAPD records regarding the incidents referenced in the Complaint.  Defendant's privilege log did not provide any of the necessary information to allow Plaintiffs to assess Defendant's privilege claims; it but stated only that City was withholding "various" documents on the basis of five separate privileges, including the deliberative process privilege.  It did not enumerate the date or author or recipient of any document, or even describe categories of documents to be withheld.  The City did not include any affidavits in support of these privileges other than a general verification of the responses.  *Id*., Exh. C.

On September 23, 2015, Plaintiffs sent an email to defendant, stating that the privilege log was inadequate to evaluate defendant's claims of privilege and requesting an amended privilege log that would allow the Plaintiffs to assess the privileges claimed, and if necessary, to meet and confer about the privileges.  *Id*. ¶ 10, Exh. L . On Monday, September 28, 2015, Defendant emailed Plaintiffs and agreed to produce an amended privilege log by October 3. *Id*.

On September 28, Plaintiffs' counsel sent defendant a meet and confer letter regarding defendant's responses.  *Id*. ¶ 11, Exh. M. On October 5, defendant

informed Plaintiffs that the City would not be amending its privilege log and requested to discuss the privilege log at the meeting regarding defendant's responses, which, because of defendant's schedule, could not be scheduled until October 9.  Plaintiffs responded via email, seeking clarification regarding defendant's change in its position.  *Id. ¶* 12, Exh. N.

In response, Defendant stated that Plaintiffs' requests were too overbroad and for the first time, identified two major points of contention regarding its overbreadth objections to all of Plaintiffs' requests, namely that the timeframe was too expansive, and that Plaintiffs would need to identify specific departments within the City from which it was seeking responsive documents.  *Id. ¶* 13, Exh. O. In response, Plaintiffs sent a subsequent meet and confer letter in advance of the October 9, 2015 meeting, based on the City's now-clarified objections.  *Id.* ¶ 14, Exh. P.  Plaintiffs offered to discuss limiting the departments searched by Defendant as requested.  *Id.*

On October 9, the parties met in person for almost two hours to discuss the City's objections to Plaintiffs' requests.  Specifically, the parties discussed 1) the City's objection that the timeframe for the records sought was too long; 2) defendant's objection that the City is too large and contained too many departments to search for responsive documents; and 3) the City's failure to produce any email communications or other communications responsive to Plaintiffs' requests.  *Id.*¶¶ 15-23.  Plaintiffs offered to significantly limit the departments and agencies within the City, and requested that the City identify which departments were most likely to have responsive documents and which departments it had already searched for responsive documents, so that Plaintiffs could determine whether the searches conducted in the preceding three months since Plaintiffs had propounded discovery were sufficient.  Plaintiffs suggested that this approach was common in electronic discovery disputes and required by the

Federal Rules of Civil Procedure.  Defendant refused to provide either piece of information.  *Id.* ¶¶21-22.

With regards to email communications, Defendant's counsel informed Plaintiffs that the City would not be able to produce emails responsive to Plaintiffs' requests.  Counsel stated that the City of Los Angeles was transitioning its email system and that the City was unable to run searches of emails during that time. Defendant agreed to provide a declaration attesting to that by October 27. Defendant also represented that the LAPD uses a different email system, but the City also could not provide responsive documents because the LAPD deleted emails after one year.  Therefore, the LAPD had emails going only back as far as October 9, 2014.  The City agreed to provide a declaration by October 27 attesting to this as well.  *Id.*¶¶ 17-21.

Following this meet and confer, Plaintiffs sent a letter narrowing the scope of the Requests for Production.  *Id.*¶ 24, Exh. Q.  Plaintiffs agreed to significant limitations on the time frame of the requests, as requested by defendant.  Plaintiffs also reiterated their request that the City disclose which departments it had searched for responsive documents, or identify which departments it either felt would be reasonable or that were likely to have responsive documents.

The parties met and conferred again on October 16, 2015.  *Id.*¶ 25.  In response to Plaintiffs' request that the City identify which departments were likely to have responsive documents, Defendant responded by stating that all departments within the City could have responsive documents.  *Id.*

During the meeting, Plaintiffs also requested additional information about those responses for which the City had agreed to produce responsive documents but had limited the responses based on its objections.  Plaintiffs requested that the City identify 1) whether  it had limited its responses to each request in any way and if so, what those limitations were, and 2) what documents were being withheld on

the basis of privilege.  For each request, defendant refused to identify whether it was withholding responsive documents, what those documents were, or whether it had limited its search for responsive documents in any way.  The call was interrupted by a fire alarm at the City; the parties agreed to continue the call and finish discussing the remainder of the requests.  *Id.,* ¶¶ 25-27.

The parties again met and conferred on October 19.  The City agreed to supplement a number of responses and produce additional documents.  Plaintiffs requested that the City provide those responses by October 27; the City refused, but agreed to respond by October 30.  *Id.* ¶ 28.

On October 27, Defendant did not produce the declarations as promised. Plaintiffs sent Defendant an email follow up, to which Defendant did not respond. *Id.*¶ 29, Exh. R.

On October 28, 2015 Plaintiffs again attempted to reach a resolution regarding defendant's overbreadth objections and sent another meet and confer letter, offering to limit the initial search for responsive documents to six departments within the City that plaintiffs had identified as most likely to have responsive documents.  These departments included the LAPD, Bureau of Sanitation Services, Bureau of Street Services, Public Works, the City Controller, the City Administrative Offices, the City Clerk, the City Council Committee on Economic Development and the new committee on Homelessness and Poverty, and the councilmembers from the district in which the BID was located.  *Id.* ¶, Exh. S. Defendants did not respond to this letter.   Nor did Defendant respond to Plaintiffs' second email asking about the declarations it had agreed to produce on October 27, 2015.  *Id.*

On October 28, 2015, Defendant sent the declarations from the City Information Technology Department, *id.* ¶ 31, Exh. T., and on October 30, sent the LAPD declaration, *id.* ¶ 32, Exh. U.  The declaration regarding the LAPD made no

reference to the City's previous statement that emails were destroyed after one year, and instead, discussed only the burden of conducting an LAPD-wide search of all emails. The declaration also asserted for the first time that the LAPD had changed email systems in March 2013, such that searching for responsive emails before this date was difficult. Plaintiffs sent Defendant a letter on November 3, 2015, proposing limitations to the searches for responsive documents within the LAPD that would address Defendants' concerns regarding burden. Defendant never responded to this letter. *Id.* ¶ 35, Exh. W.

On October 30, the City informed Plaintiffs that it would serve its supplemental responses by personal messenger on November 2. *Id.* ¶ 32. On November 2, Defendant left a voicemail for Plaintiff's counsel, informing them that the responses would not be ready until the end of the week. *Id.* ¶ 33. On November 2, Plaintiffs sent a follow up letter, requesting that the responses be sent by personal service or email on November 6, the date defendants had agreed to send the responses. *Id.* ¶ 34, Exh. V.

Plaintiffs also requested that the City indicate whether the proposed limitations on departments were acceptable. Plaintiffs requested a response to this proposed limitation by November 4 and requested that, if the limitation was acceptable, that defendant provide responsive documents to the remaining requests for production by November 14. *Id.*

On November 4, defendant sent a short email to Ms. Sweetser only, stating that she would produce supplemental responses by November 6 and documents by November 16. Defendant made no reference to the proposed limitations.

Defendant served supplemental responses via U.S. mail on November 6, which were received by Plaintiffs on November 9. The majority of the supplemental responses simply elaborated on the "overbreadth" objection. The new objections completely ignored the significant concessions made by Plaintiffs

as to the scope of the requests.  Defendant objected only to the original requests for production, stating that 15 years was too long, and that the definition of City encompassed 43 departments.  The supplemental responses made no reference to the agreement by the parties to limit almost all requests to only five years, and Plaintiffs' offer to limit the searches to only a handful of the 43 departments.

The City agreed to provide responsive documents to more requests, but its responses remained extremely ambiguous.  Defendant continued to refuse to state that it was producing all documents in its possession, custody or control or indicate what limitations, if any, the City placed on searches for responsive documents.  Plaintiffs have no way of knowing whether the City was producing documents based on any of Plaintiffs' proposed limitations, or whether the City was producing some documents but withholding others.  The City also produced an amended privilege log, but again, the log failed to provide any information about the documents it was withholding, other than to state that it withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."  *Id.* ¶ 1, Exh. E.

On November 16, 2015, the City produced an additional 1500 pages of responsive documents.  These consisted almost entirely of City Council files that are publically available on the City Clerk's website.  Defendant has provided no explanation in its responses that would explain the limitations used to produce these documents but exclude other highly relevant documents.

### b.  Defendant's Summary of Meet and Confer Efforts

As stated above, Plaintiffs have failed to comply with Local Rule 37-1.  There have been no requests made by Plaintiff to meet and confer with respect to the City's Supplemental Responses.  Nor did Plaintiffs' counsel ever requested a meeting in advance of filing this motion.  Local Rule 37-4 provides that "the failure of any counsel to comply with or cooperate in the foregoing procedures

may result in the imposition of sanctions."  The City submits that Plaintiffs' counsels' failure to conduct a Local Rule 37-1 meeting and to insist that the City prepare its portion of a Joint Statement in a motion which should never have been brought, warrants sanctions against Plaintiffs' counsel.

Plaintiff's portion of this Joint Stipulation, entitled " MEET AND CONFER EFFORTS, a. Plaintiff's Summary of Meet and Confer Efforts" should  be disregarded in its entirety because it involves efforts to meet and confer **before** the City served its Supplemental Responses on November 6, 2015.  Moreover, this portion of the Joint Statement is over 6 pages long, and violates Local Rule 37-2.1 which states that "no party's introductory statement shall exceed three (3) pages in length."  Plaintiffs introductory statement totals 9 pages.

## III.   SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS constituting or referring or relating to LAPD's policies, directives and orders that refer or relate to BID OFFICERS or any security officers or maintenance staff of any Business Improvement District.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request may seek information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request is burdensome and oppressive because it is not proportional to the needs of the case.  This request as

presently worded seeks documents spanning over a 15 year range – from the year 2000 up to the present.  Defendant has searched for such records and is unable to determine that any such document exist.

**PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO.  4**

Plaintiffs seek policies, directives and orders of the LAPD that refer to BID officers and maintenance staff, and documents that refer or relate to these policies. Defendants do not dispute that these documents are highly relevant.  These documents pertain to one of the most central issues in the litigation against the City, namely the way in which LAPD interacts with BID officers.  Plaintiffs allege that the BID worked in collaboration and cooperation with the City, and in particular, with officers in the Central division of the LAPD.  Moreover, because Plaintiffs must establish Monell liability through *inter alia* proving a custom, policy, or practice, the requested documents are highly relevant to this litigation. *See Green v. Baca,* 219 F.R.D. 485, 493 (C.D.Cal. 2003) (upholding a Magistrate Judge's ruling requiring the production of documents necessary to show custom, policies or practices in part because of the importance of such a showing to establish Monell liability).  This is more than sufficient to meet Plaintiff's burden of showing good cause to support an order compelling the production of these documents.  *See U.S. v. American Optical Co.*, 39 F.R.D. 580, 585 (N.D.Cal. 1966) ("The burden of showing good cause may be sustained by showing relevancy and necessity").

Defendant does not outright refuse to produce responsive documents; however, it states that it has "searched for such records and is unable to determine that any such document exist [sic]."  It is not enough for defendant to state that it cannot determine that any documents exist, particularly given that defendant has refused numerous requests by Plaintiffs to identify the scope of searches made for responsive documents.  *See* Sweetser Decl., ¶¶ 22, 25, 35, Exhs. S, W.  Defendant

"is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control. " *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal.,2006) (internal citations omitted); *see also National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (1987).  And as a result of that search, Plaintiffs are entitled to either responsive documents, or an explicit statement from defendant, attesting that no responsive documents exist.  *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal., 2015).

To the extent that Defendant is withholding documents on the basis of its objections, these are without merit.  Defendant objected to this request (and every other request) on the ground that it was "vague, overbroad, burdensome and oppressive".  This objection is insufficient to sustain the objection.  *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead "show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive. " *Id.  See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).  It is not enough to even preserve an objection to simply assert boilerplate overbreadth.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

In its supplemental responses, Defendant attempts to explain its overbreadth objection on the ground that the timeframe sought is overbroad; however, Plaintiffs agreed to limit this request to seven years, or six years prior to the filing of this litigation.  *See* Sweetser Decl., ¶ 14, Exh. P.   This is a more than reasonable time frame for this request, given its centrality to plaintiffs' claims and burden of proving liability, and particularly to the extent the policies remain in effect today. *See U.S. v. Grinnell Corp. United States* 30 F.R.D. 358 (D.RI, 1962) (requiring the

14

production of an agreement entered into 50 years prior to the litigation because it remained in effect until 5 years before the litigation, and limiting the production of related documents to 10 years prior to the litigation).   Plaintiffs are entitled to a clear statement of how many years' worth of policies Defendant has searched for.

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 4**

The City's supplemental response indicates that it has been unable to find any such documents.  The City has complied with production request No. 4.

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **<u>never</u>** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City is not required under the law to provide a detailed synopsis of all the steps it took to search for documents.  Indeed such information comes within the purview of the attorney client privilege and work product privilege.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS constituting or related to LAPD's policies, directives, and orders concerning the homeless population, including but not limited to the homeless population the Skid Row area.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request may seek information protected by the attorney client privilege, the work product privilege,

the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request is burdensome and oppressive because it is not proportional to the needs of the case.  It seeks all documents spanning over a 15 years range – from the year 2000 up to the present.

Additionally, the term "related to" is overbroad.  See *Adobe Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D.Nev. 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc. v. Discovery Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Further, this request may seek information protected by the attorney client privilege and the work product privilege. Without waiving said objections, defendant responds that it previously produced POST training materials relating to homelessness and mental health issues.

## PLAINTIFFS' ARGUMENT RE: REQUEST FOR PRODUCTION NO.  5

Plaintiffs are entitled to this information as LAPD's policies, procedures and directives related to homelessness are relevant to the issue of whether LAPD had a custom, policy or practice that deprived homeless people of their rights.

Defendant's response that it objects on many grounds and is producing a single category of documents  makes it impossible for Plaintiffs to determine

whether or to what extent defendant has limited its search based on its objections, or whether it is producing all responsive documents in its possession, custody, or control, as it is required to do.  *See* Fed. R. Civ. Pro. 34; 37 ("[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"); *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015); *see also Duran v. Cisco Systems, Inc*., 258 F.R.D. 375, 379-80 (C.D.Cal. 2009).

To the extent Defendants did limit the search, Plaintiffs are entitled to a description of the search conducted.  *See Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located"); *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL 2965046, at *11 (S.D.Cal. 2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist.  *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

If Defendant did limit its search based on its objections, those objections are without merit.  Plaintiffs are entitled to relevant documents, and the requested documents pertain to a critical issue in this case—whether the City was acting outside its policies when it assisted the BID officers in seizing homeless people's property.   Plaintiffs allege that the BID worked in collaboration and cooperation with the City, and in particular, with officers in the Central division of the LAPD.

17

Moreover, because Plaintiffs must establish Monell liability through *inter alia* proving a custom, policy, or practice, the requested documents are highly relevant to this litigation. *See Green v. Baca,* 219 F.R.D. 485, 493 (C.D.Cal. 2003) (upholding a Magistrate Judge's ruling requiring the production of documents necessary to show custom, policies or practices in part because of the importance of such a showing to establish Monell liability). This is more than sufficient to meet Plaintiffs' burden of showing good cause to support an order compelling the production of these documents. *See U.S. v. American Optical Co.*, 39 F.R.D. 580, 585 (N.D.Cal. 1966) ("The burden of showing good cause may be sustained by showing relevancy and necessity").

Where good cause is established "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted). "Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *Id.*

Defendant's objection that the request is "vague, overbroad, burdensome and oppressive" is insufficient to sustain its objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead "'show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.*

In its supplemental responses, Defendant attempts to explain its overbreadth objection on the ground that the timeframe sought is overbroad; however, the

parties agreed during the October 16, 2015 meeting that Plaintiffs' limitation of five years was acceptable.  The five year timeframe for these requests is more than reasonable, given its centrality to plaintiffs' claims and burden of proving liability, and particularly to the extent the policies remain in effect today.  *See U.S. v. Grinnell Corp. United States* 30 F.R.D. 358 (D.RI, 1962) (requiring the production of an agreement entered into 50 years prior to the litigation because it remained in effect until 5 years before the litigation, and limiting the production of related documents to 10 years prior to the litigation).

Defendant also objects that the request also seeks documents related to these policies, procedures, and directives.  The inclusion of the term "related to" does not render the request overbroad.  The use of the phrase is extremely common in discovery:  "A common method [of identifying documents sought] is to request all documents that 'relate or refer' to specified pertinent matters. The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."  Wright & Miller,  8B Fed. Prac. & Proc. Civ. § 2211 (3d ed.).  *See also In RE: MGM Mirage Securities Litigation*, 2014 WL 6675732 at *5 (interpreting a request for all information related to each and every allegation as reasonable); *Dang v. Cross*, 2002 WL 432197, at *4 (C.D.Cal. 2002) (noting that "[a] rule prohibiting the use of the phrase "all documents" would prevent parties from ever knowing if an opposing party had produced all documents relevant to a particular issue).  The test of whether a request is overbroad is not the inclusion of the phrase "relates to," but rather, whether the subject matter itself is narrowly defined.  RFP 5 identifies with precision the subject matter of the documents requested, namely policies, procedures and directives of the LAPD related to homelessness.

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  5**

The City has already produced responsive documents.   The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

**REQUEST FOR PRODUCTION NO. 10**

All complaints, police reports or grievances filed with the CITY against or regarding CCEA and/or LADID, including but not limited to complaints, police reports, or grievances against or involving BID OFFICERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

This request is burdensome and oppressive because it is not proportional to the needs of the case.  It seeks all documents relating or referring in any way to any grievance by any person filed with the any department in the City spanning over a

15 years range – from the year 2000 up to the present.  This request as presently worded amounts to a "fishing expedition."  *North River Insurance v. Greater New York Mutual Insurance Co.,* 872 F. Supp. 1411, 1412 (1995) (burdensome discovery, properly characterized as a fishing expedition, runs counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure) *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist.* 482 U.S. 522 (1987) (discussing overriding interest in just, speedy, and inexpensive termination of litigation under Federal Rule 1).  Additionally, this request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.  This request, directed to "the City of Los Angeles," defines the "City" as "any department, office, agency or entity within the City of Los Angeles, including but not limited to the Mayor's Office, the City Council, Office of the City Attorney, the Office of the City Clerk, and the Los Angeles Police Department."  There are 43 different Departments in the City of Los Angeles.  Complaints, grievances, and police reports against or involving about BID Officers are not searchable without the name of the complaining party, and the name of the City Department that the Complaint was made to.  Conceivably, complains about BID officers could be made to any department of the City.  Complaints conceivably could have been made to the Mayors Office or to any of the 15 City Council members during the past 15 years.

Without waiving said objections, and to the extent this request is not objectionable, Defendant previously produced responsive documents consisting of Government Claims filed by the individual Plaintiffs.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 10**

Plaintiffs seek complaints, police reports or grievances filed with the City against LADID and/or CCEA.  Plaintiffs allege that the City ratified the actions of

the LADID because it was put on notice of the actions of the LADID and CCEA and still renewed the LADID in 2014, while these violations are ongoing.  The City argued in its motion to dismiss that this was insufficient to establish agency liability; the Court specifically ruled that Plaintiffs had alleged ratification, based on allegations of complaints.  The City subsequently denied this in its answer, and therefore, the question of ratification is squarely at issue in the case.    Plaintiffs are entitled to discovery into the grievances and complaints about LADID and CCEA received by defendant.   "As sensitive as courts must be to the cost to litigants of discovery, when plaintiffs have made out a plausible . . . claim they are entitled to discovery in order to determine what relief, if any, they should receive."  *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 587 F. Supp. 2d 27 (D.D.C. 2008).

Where good cause is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted).   "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ."  *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012) (internal citations omitted).

Defendant objected to this request (and every other request) on the ground that it was "vague, overbroad, burdensome and oppressive".  This objection is insufficient to sustain the objection.  *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead " 'show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' "  *Id.  See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).  It is not enough to even preserve an objection to simply assert boilerplate overbreadth.  *See*

*Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

Defendant objected in its supplemental response that the timeframe in the original request is overbroad and burdensome; however that objection is disingenuous.  The parties agreed that Plaintiffs would limit most requests, including this Request for Production, to four years prior to the date of the filing of this litigation. *See* Sweetser Decl. ¶ 28, Exh. S (confirming the parties' agreement).

As Plaintiffs explained during the meeting to confer with Defendant, Plaintiffs allege abuses by the Business Improvement District and the City, which have been ongoing for many years, and four years prior to the commencing of litigation includes the individual allegations and allegations of LA CAN members, as well as a reasonable time frame before the filing of *Lavan v. City of Los Angeles*.  Given the centrality of these documents to Plaintiffs' allegations, and the importance of the issues in this case, namely the constitutional rights of hundreds of people in Skid Row, Plaintiffs' need for these documents outweighs the burden.

Second, Defendant objects that Plaintiffs' definition of CITY used in the Requests is overbroad because it includes all departments, City Council offices, and Office of the Clerk.[2]  Regardless of whether the requirement to produce

---

[2] Regardless of how Plaintiffs defined CITY in its request, the party in this litigation is the City, and it includes the departments, agencies and entities articulated in Plaintiffs' definition of City.  Plaintiffs rightly aimed its discovery to

documents in its possession, custody or control would require Defendant to search for responsive documents throughout the City, Plaintiffs have always been open to limiting the departments and agencies within the City that defendant must search for these highly relevant documents.   Immediately upon receiving defendant's clarification that its boilerplate objection on the basis of overbreadth was related to the definition of City, Plaintiffs agreed to limit the searches to departments most likely to have responsive documents.

      After defendant refused to provide Plaintiffs with a list of departments it had already searched, or that would be most likely to have responsive documents,[3] Plaintiffs themselves provided defendants with a list of city departments they believed would be most likely to have responsive documents (as demanded by defendants at their October 9, 2015 meet and confer).   This list includes the Los Angeles Police Department, the Bureau of Street Services and the Bureau of

---

the party to the law suit, as required by Federal Rule of Civil Procedure Rule 26. And in response, the City has an affirmative obligation to search for responsive documents in its possession, custody, and control.   *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal., 2006).   This includes documents that are in the possession, custody or control of any entity, department, or agency within the City.   *See Goodrich Corp. v. Emhart Industries, Inc*., 2005 WL 6440828, at *1 (C.D.Cal.,2005) (overruling an objection to a definition of YOU and YOUR as burdensome, when it included all subsidiaries, parent companies, and other entities within the control of the parent company).

[3] As discussed above, Plaintiffs proposed that they treat the issue of the size of the City similar to the procedure required for electronic discovery under Rule 26(b)(2). Plaintiffs proposed that Defendant identify enough information about the departments that it believed were too burdensome or costly to search and that were unlikely to yield substantial responsive documents, so that Plaintiffs could "evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information in the identified sources."   2006 Advisory Committee Notes, Fed. R. Civ. Pro. 26.   Defendant refused to provide this information.

Sanitation, which are responsible for cleaning the streets of Skid Row; the Office of the Clerk, which oversees Business Improvement Districts for the City; the City Attorney's Office, which has had frequent communications with CCEA and the LADID related *Lavan* and pending legislation; the City Administrative Office, which is currently responsible for evaluating the City's response to homelessness; and the Controller, which has audited BIDs in the past.  Plaintiffs also agreed to limit the search to specific City Council offices:  the district encompassing Skid Row, which currently is Council District 14, and prior to 2013, was Council District 9; the council districts of members of the Economic Development Committee, which has oversight over and creates BIDs, including CCEA, and the members of the Homelessness and Poverty Committee.  Defendant simply ignored this letter and Plaintiffs' significant concession and instead, produced supplemental responses with an objection to Plaintiff's original definition of City.

Again, regardless of whether Plaintiffs' original requests were reasonable, Plaintiffs' proposed limitation and process for proceeding with discovery tips the balance in favor of production.  Defendants themselves identified the majority of the departments ultimately suggested by Plaintiffs.  The departments identified are those departments that are most relevant to this litigation and are most likely to have the highly relevant documents that go directly to Plaintiffs' allegations in this case.

Finally, Defendant agreed to provide responsive documents only "to the extent this request is not objectionable" and stated that it was producing a single category of documents.  This response has made it impossible for Plaintiffs to determine whether or to what extent defendant has limited its search based on its objections, or whether it is producing all responsive documents in its possession,

custody, or control, as it is required to do.  *See* Fed. R. Civ. Pro. 34; 37 ("[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.");  *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015); *see also Duran v. Cisco Systems, Inc*., 258 F.R.D. 375, 379-80 (C.D.Cal. 2009).

Plaintiffs attempted to clarify through the meet and confer process whether defendant has limited the request in any way, including as to the proposed timeframe or the departments and offices suggested by Plaintiffs;  however, defendants have refused to provide this information.

Plaintiffs are entitled to a description of the search conducted.  *Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located"); *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL 2965046, at *11 (S.D.Cal. 2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist.  *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal., 2015).

## DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 10

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City

agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS related to any investigation, response or COMMUNICATION regarding or related to any complaint, police report or grievance filed with the CITY against or regarding CCEA and/or LADID, including against or involving BID OFFICERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Defendant objects to this request on the grounds that it is vague, overbroad, and unintelligible.  As presently worded, Defendant is unable to respond.

**AMENDED REQUEST FOR PRODUCTION NO. 11**

All documents which relate to or were generated during any investigation, response, or communication which concerns any complaint, police report of grievance filed with the City concerning CCEA or LADID, including complaints, police reports, or grievances against or involving BID officers.

**RESPONSE TO AMENDED REQUEST FOR PRODUCTION NO. 11**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

This request is burdensome and oppressive because it is not proportional to the needs of the case.  It seeks all documents relating or referring in any way to any grievance by any person filed with any department in the City spanning over a 15 year range -- from the year 2000 up to the present.  This request as presently

worded amounts to a "fishing expedition."  *North River Insurance v. Greater New York Mutual Insurance Co.,* 872 F. Supp. 1411, 1412 (1995) (burdensome discovery, properly characterized as a fishing expedition, runs counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure) *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist.* 482 U.S. 522 (1987) (discussing overriding interest in just, speedy, and inexpensive termination of litigation under Federal Rule 1).

Additionally, this request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.  This request, directed to "the City of Los Angeles," defines the "City" as "any department, office, agency or entity within the City of Los Angeles, including but not limited to the Mayor's Office, the City Council, Office of the City Attorney, the Office of the City Clerk, and the Los Angeles Police Department."  There are 43 different Departments in the City of Los Angeles.  Complaints, grievances, and police reports against or involving about BID Officers are not searchable without the name of the complaining party, and the name of the City Department that the Complaint was made to.

Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc. v. Discovery Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

"all documents concerning plaintiff" is facially overbroad.)

Further, Defendant objects to this request on the grounds that it seeks information which is protected by the work product privilege, attorney client privilege (plaintiff seeks all documents in the possession of the City Attorney's office) and third party right to privacy.

Without waiving said objections, and to the extent this request is not objectionable, Defendant previously produced responsive documents consisting of Government Claims filed by the individual Plaintiffs.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  11**

Request for Production 11 seeks documents related to investigations or responses to complaints or grievances identified in Request for Production 10. As discussed above, Plaintiffs have not received all complaints or grievances, nor have Plaintiffs been informed that the City has performed any search for such complaints from the public beyond producing Plaintiffs' tort claims back to them. Just as the complaints and grievances go directly to the issue of ratification and are highly relevant to the allegations in the Complaint, documents related to the City's response to those complaints are highly relevant as well.  This is sufficient to meet Plaintiffs' burden of showing good cause to support an order compelling the production of these documents.  *See U.S. v. American Optical Co*., 39 F.R.D. 580, 585 (N.D.Cal. 1966).

Defendant objected to this request (and every other request) on the ground that it was "vague, overbroad, burdensome and oppressive".  Specifically, Defendant objected in its supplemental response that the timeframe in the original request is overbroad.  This objection is disingenuous.  The parties agreed that Plaintiffs would limit most requests, including this Request for Production, to four years prior to the date of the filing of this litigation.  *See* Sweetser Decl., ¶28,  Exh. S (confirming the parties' agreement).

This is reasonable – as Plaintiffs explained during the meeting to confer with Defendant, Plaintiffs allege abuses by the Business Improvement District and the City, which have been ongoing for many years.  The time period going back to four years prior to the commencing of litigation includes the individual allegations and allegations of LA CAN members, as well as a reasonable time frame before the filing of *Lavan v. City of Los Angeles*.  Given the centrality of these documents to Plaintiffs' allegations, and the importance of the issues in this case, namely the constitutional rights of hundreds of people in Skid Row, Plaintiffs' need for these documents outweighs the burden.

Second, Defendant objects that Plaintiffs' definition of CITY used in the Requests is overbroad because it includes all departments, City Council offices, and Office of the Clerk.[4]  Regardless of whether the requirement to produce documents in its possession, custody or control would require defendant to search for responsive documents throughout the City, Plaintiffs have always been open to limiting the departments and agencies within the City that defendant must search for these highly relevant documents.   Immediately upon receiving defendant's clarification that its boilerplate objection on the basis of overbreadth was related to the definition of City, Plaintiffs agreed to limit the searches to departments most

---

[4] . Regardless of how Plaintiffs defined CITY in their request, the party in this litigation is the City, and it includes the departments, agencies and entities in articulated in Plaintiffs' definition of City.  Plaintiffs rightly aimed their discovery to the party to the law suit, as required by Federal Rule of Civil Procedure Rule 26.  And in response, the City has an affirmative obligation to search for responsive documents in its possession, custody, and control.  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal. 2006).  This includes documents that are in the possession, custody or control of any entity, department, or agency within the City.  *See Goodrich Corp. v. Emhart Industries, Inc*., 2005 WL 6440828, at *1 (C.D.Cal.,2005) (overruling an objection to a definition of YOU and YOUR as burdensome, when it included all subsidiaries, parent companies, and other entities within the control of the parent company).

likely to have responsive documents.

After defendant refused to provide Plaintiffs with a list of departments it had already searched, or that would be most likely to have responsive documents,[5] Plaintiffs themselves provided defendants with a list of city departments they believed would be most likely to have responsive documents (as demanded by defendants at their October 9, 2015 meet and confer). This list includes the Los Angeles Police Department, the Bureau of Street Services and the Bureau of Sanitation, which are responsible for cleaning the streets of Skid Row; the Office of the Clerk, which oversees Business Improvement Districts for the City; the City Attorney's Office, which has had frequent communications with CCEA and the LADID related *Lavan* and pending legislation; the City Administrative Office, which is currently responsible for evaluating the City's response to homelessness; and the Controller, which has audited BIDs in the past. Plaintiffs also agreed to limit the search to specific City Council offices: the district encompassing Skid Row, which currently is Council District 14, and prior to 2013, was Council District 9; the council districts of members of the Economic Development Committee, which has oversight over and creates BIDs, including CCEA, and the members of the Homelessness and Poverty Committee. Defendant simply ignored this letter and Plaintiffs' significant concession and instead, produced supplemental

---

[5] As discussed above, Plaintiffs proposed that they treat the issue of the size of the City similar to the procedure required for electronic discovery under Rule 26(b)(2). Plaintiffs proposed that Defendant identify enough information about the departments that it believed were too burdensome or costly to search and that were unlikely to yield substantial responsive documents, so that Plaintiffs could "evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information in the identified sources." 2006 Advisory Committee Notes, Fed. R. Civ. Pro. 26. Defendant refused to provide this information.

responses with an objection to Plaintiff's original definition of City.

Again, regardless of whether Plaintiffs' original requests were reasonable, Plaintiffs' proposed limitation and process for proceeding with discovery tips the balance in favor of production.  Defendants themselves identified the majority of the departments ultimately suggested by Plaintiffs.  The departments identified are those departments that are most relevant to this litigation and are most likely to have the highly relevant documents that go directly to Plaintiffs' allegations in this case.

Third, Defendant objects that the request is overbroad because it includes the term "related to."  Defendant also objects that the request also seeks documents related to the investigation of the grievances and complaints.  The inclusion of the term "related to" does not render the request overbroad.  The use of the phrase is extremely common in discovery:  "A common method [of identifying documents sought] is to request all documents that 'relate or refer' to specified pertinent matters. The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."   Wright & Miller,  8B Fed. Prac. & Proc. Civ. § 2211 (3d ed.).  *See also In RE: MGM Mirage Securities Litigation*, 2014 WL 6675732 at *5 (interpreting a request for all information related to each and every allegation as reasonable); *Dang v. Cross*, 2002 WL 432197, at *4 (C.D.Cal. 2002) (noting that "[a] rule prohibiting the use of the phrase "all documents" would prevent parties from ever knowing if an opposing party had produced all documents relevant to a particular issue).  The test of whether a request is overbroad is not the inclusion of the phrase "relates to," but rather, whether the subject matter itself is narrowly defined.  RFP 11 seeks documents specifically related to the investigation or response to a complaint, received by the City, against LADID and/or CCEA.  The subject matter is precise,

and therefore, the inclusion of the term "related to" does not render the request overly broad.

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 11**

The City has already produced responsive documents.   The City never agreed to delete its objections from its written response to Plaintiffs Requests to Produce.  Plaintiffs' counsel has failed to comply with Local rule 7-3.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS referring to or constituting COMMUNICATIONS between the LAPD and the LADID and/or CCEA since January 1, 2000 concerning strategies or polices for interacting with, handling, or otherwise dealing with the homeless population on Skid Row.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request is burdensome and oppressive because it is not proportional to the needs of the case.

Further, this request seeks documents containing information protected by the attorney client privilege, the work product privilege.

Notwithstanding said objections, Defendant responds that it has searched for such documents and has been unable to find any such non-privileged documents.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 12**

Plaintiffs seek email correspondence between the LAPD and CCEA and/or

LADID on matters directly relevant to this litigation.  The documents sought by Plaintiffs are highly critical to this litigation, and Plaintiffs should be entitled to these documents.  Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row.  Therefore, communications between defendants about strategies related to personal property are highly probative and critical to this litigation.  This is particularly true given that Defendant City has denied these allegations and asserted that the LAPD does not cooperate with LADID/CCEA.

Plaintiffs' position that there are likely relevant emails is not simply speculative.  Plaintiffs are in possession of a number of email communications between LAPD, other departments within the City, and CCEA/LADID, and this suggests that there may be highly relevant email communications between officers and command staff, and CCEA/LADID.  Individuals within the CCEA communicated regularly with City employees and officials and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row.  Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high. *See* Myers Decl., ¶¶ 8-9, Exhs. B, C, D.

As a result of meet and confer efforts and in the interest of compromise, Plaintiffs have offered to limit the request to officers and command staff within the Central Division, which is the division responsible for policing Skid Row, the two departments within LAPD that plaintiffs understand are responsible for policies and procedures and directives, and the office of the Chief of Police.  Plaintiffs have also agreed to limit this request to four years prior to the filing of this litigation.

Despite these significant concessions by Plaintiffs, Defendant has not produced any responsive emails, but instead, has taken a number of seemingly contradictory positions regarding this request, including representing first that

searching for responsive documents would be impossible, *see* Sweetser Decl., ¶ 33, Exh. U, and then less than a week later, representing in its supplemental responses that it conducted a diligent search and was unable to locate responsive documents.

Plaintiffs have never taken the position that the individual emails of all LAPD personnel must be searched for responsive documents; instead, Plaintiffs have significantly narrowed their request in response to address defendants' concerns. Given those limitations, Defendant's position that the request is overbroad and not proportionate to the needs of the case is wholly unsupported. "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request." *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo. 1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs any burden. Although defendants aver that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant. Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City cooperated with CCEA to seize homeless individuals' property in violation of their constitutional

rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights.  Communications between defendants about key issues in this litigation are highly probative, particularly given that the allegations and LAPD's liability rest in large part on the communication between the two defendants.  Emails are a written documentation of those communications.  And because Defendant City has steadfastly denied allegations that LAPD and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Although Plaintiffs have a number of documents in their possession that would be responsive to Plaintiffs' requests but have not been produced by defendant, defendant's position that it has "made a diligent search for such documents and has been unable to find any such documents" is insufficient.  Defendant has refused to identify the contours of any searches for responsive documents, as required by Federal Rule of Civil Procedure 26(b)(2) and Rule 34, and given the meet and confer efforts that preceded this response, Plaintiffs have reason to doubt either the sufficiency of the search for responsive documents or the veracity of this response.

In its initial response to Plaintiffs' requests for production, Defendant refused to produce documents responsive to this request, and failed to produce a single email responsive to any of Plaintiffs' requests.  During the parties' meet and confer efforts, Plaintiffs raised concern about the lack of emails and offered to develop a search protocol or limit the request to parts of the LAPD most likely to have responsive documents.  In response, Defendant represented that it could not produce any emails from or sent to LAPD before October 2014 because the LAPD deletes all emails after one year.  Therefore, it was defendant's position that the

only emails available were those sent or received on or after October 9, 2014. Defendant agreed provide a declaration to that effect by October 27, 2015. Plaintiffs confirmed this conversation in a letter to defendant on October 15, 2015. *See* Sweetser Decl., ¶ 24, Exh. Q.  Defendant did not respond to this letter.

On October 30, defendant provided Plaintiffs with a declaration attesting not to the LAPD's policy of deleting emails, but instead, a conclusory declaration attesting that a search for responsive documents would be burdensome and to do so would be "impossible".  *See*  Sweetser Decl., ¶ 33, Exh. U.

Plaintiffs responded to this request in writing on November 3, 2015 and proposed significant limitations designed to address the issues outlined in the declaration and to reach a compromise so that defendant could identify and produce responsive documents.  Plaintiffs also proposed using search terms to limit the search for responsive documents, a common approach to email discovery. Plaintiffs asked for a response to the proposed limitations by November 4, 2015.

Defendant also did not respond to this letter.  On November 6, defendant served supplemental responses to each of Plaintiffs' Requests for Production. Defendant simply elaborated on the original objections, but rather than addressing the proposed limitation, objected based on the original 15 year scope, rather than the extremely limited scope outlined in Plaintiffs' letters.  And despite its representation less than two weeks earlier that it would be impossible to search for responsive documents, Defendant responded to the request by stating that "Notwithstanding said objections, defendant responds that it has made a diligent search for such documents and has been unable to find any such documents."

Defendant does not identify the search method used for find responsive documents and does not identify any documents it has not searched, as required by Federal Rule of Civil Procedure 26(b)(2).  Its response that it has been unable to find any responsive documents is incredible, particularly in light of its

representation that conducting a search of all personnel would entail several thousand hours of employee time.

Given this appearance of a contradiction, it is not sufficient for Defendant to simply state that it has "made a diligent search for such documents and has been unable to find any such documents." Plaintiffs are entitled to a description of the search conducted. *See Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located"), *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL 2965046, at *11 (S.D.Cal. 2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist, and the reason the documents do not exist. *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  12**

The City never agreed to provide supplemental responses *without objections.* Plaintiffs' counsel has failed to comply with Local rule 7-3.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS referring to or constituting COMMUNICATIONS between the LAPD and the LADID and/or CCEA since January 1, 2000 concerning strategies or polices for interacting with, handling, or otherwise dealing with property in Skid Row.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendant objects to this request for production on the grounds that it is

vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request is burdensome and oppressive because it is not proportional to the needs of the case.  This request as presently worded seeks documents spanning over a 15 year range – from the year 2000 up to the present.  Further, this request may seek documents containing information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege. Notwithstanding said objections, defendant responds that it has made a diligent search for such documents and has been unable to find any such documents.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 13**

Plaintiffs seek email correspondence between the LAPD and CCEA and/or LADID on matters directly relevant to this litigation.  The documents sought by Plaintiffs are highly critical to this litigation, and Plaintiffs are entitled to these documents.  Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row.  Therefore, communications between defendants about strategies related to personal property are highly probative and critical to this litigation.  This is particularly true given that Defendant City has denied these allegations and asserted that the LAPD does not cooperate with LADID/CCEA.

As a result of meet and confer efforts and in the interest of compromise, Plaintiffs have offered to limit the request to officers and command staff within the Central Division, which is the division responsible for policing Skid Row,  the two

departments within LAPD that plaintiffs understand are responsible for policies and procedures and directives, and the office of the Chief of Police.  Plaintiffs have also agreed to limit this request to four years prior to the filing of this litigation.

Despite these significant concessions by Plaintiff, Defendant has not produced any responsive emails, but instead, has taken a number of seemingly contradictory positions regarding this request, including representing first that searching for responsive documents would be impossible and then less than a week later, representing that it had searched for responsive documents and was unable to locate any responsive documents.

As an initial matter, Plaintiffs have never taken the position that the individual emails of all LAPD personnel must be searched for responsive documents; instead, Plaintiffs have significantly narrowed their request in response to address defendants' concerns.  Given those limitations, Defendant's position that the request is overbroad and not proportionate to the needs of the case is wholly unsupported.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request."  *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo. 1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between defendants outweighs any burden. Although defendants aver that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant. Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, the City cooperated with CCEA to seize homeless individuals' property in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights. Communications between defendants about key issues in this litigation are highly probative, particularly given that the allegations and LAPD's liability rest in large part on the communication between the two defendants. Emails are a written documentation of those communications. And because Defendant City has steadfastly denied allegations that LAPD and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative. Plaintiffs are in possession of a number of email communications between LAPD and CCEA/LADID, and this suggests that there may be highly relevant email communications between officers and command staff, and CCEA/LADID. Individuals within the CCEA communicated regularly with City employees and officials and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row. Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high. See Myers Decl., ¶¶ 8-9, Exhs. B, C, D.

Although Plaintiffs have a number of documents in their possession that

41

would be responsive to Plaintiffs' requests but have not been produced by defendant, defendant's position that it has "made a diligent search for such documents and has been unable to find any such documents" is insufficient. Defendant has refused to identify the contours of any searches for responsive documents, as required by Federal Rule of Civil Procedure 26(b)(2) and Rule 34, and given the meet and confer efforts that preceded this response, Plaintiffs have reason to doubt either the sufficiency of the search for responsive documents or the veracity of this response.

In its initial response to Plaintiffs' requests for production, Defendant refused to produce documents responsive to this request, and failed to produce a single email responsive to any of Plaintiffs' requests. During the parties' meet and confer efforts, Plaintiffs raised concern about the lack of emails and offered to develop a search protocol or limit the request to parts of the LAPD most likely to have responsive documents. In response, Defendant represented that it could not produce any emails from or sent to LAPD before October 2014 because the LAPD deletes all emails after one year. Therefore, it was defendant's position that the only emails available were those sent or received on or after October 9, 2014. Defendant agreed provide a declaration to that effect by October 27, 2015. Plaintiffs confirmed this conversation in a letter to defendant on October 15, 2015. See Sweetser Decl., Exh. Q. Defendant did not respond to this letter.

On October 30, Defendant provided Plaintiffs with a declaration attesting not to the LAPD's policy of deleting emails, but instead, a conclusory declaration attesting that a search for responsive documents would be burdensome and to do so would be "impossible". Sweetser Decl. Exh. U.

Plaintiffs responded to this request in writing on November 3, 2015 and proposed significant limitations to address the issues outlined in the declaration and to reach a compromise so that defendant could identify and produce responsive

documents.  Plaintiffs also proposed using search terms to limit the search for responsive documents, a common approach to email discovery.  Plaintiffs asked for a response to the proposed limitations by November 4, 2015.

Defendant also did not respond to this letter.  On November 6, defendant served supplemental responses to each of Plaintiffs' Requests for Production. Defendant simply elaborated on the original objections, but rather than addressing the proposed limitation, objected based on the original 15 year scope, rather than the extremely limited scope outlined in Plaintiff's numerous letters.  And despite its representation less than two weeks earlier that it would be impossible to search for responsive documents, Defendant responded to the request by stating that "Notwithstanding said objections, defendant responds that it has made a diligent search for such documents and has been unable to find any such documents."

Defendant does not identify the search method used to find responsive documents and does not identify any documents it has not searched, as required by Federal Rule of Civil Procedure 26(b)(2).  Its response that it has been unable to find any responsive documents is incredible, particularly in light of its representation that conducting a search of all personnel would entail several thousand hours of employee time.

Given this appearance of a contradiction, it is not sufficient for Defendant to simply state that it has "made a diligent search for such documents and has been unable to find any such documents."  Plaintiffs are entitled to a description of the search conducted.  *See Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located"), *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc.,* 2014 WL 2965046, at *11 (S.D.Cal. 2014) (requiring the

responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist and the reason they do not exist.  *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  13**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code Section 56.11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege,

the official information privilege, the self-critical analysis privilege and the deliberative process privilege. Additionally, this request seeks information which violates third parties' right to privacy.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege. Additionally, this request seeks information which violates third parties' right to privacy.

This request is burdensome and oppressive because it is not proportional to the needs of the case. It seeks spanning over a 15 year range -- from the year 2000 up to the present. Moreover, this request, directed to the "City" which is defined by Plaintiffs as "any department, office, agency or entity within the City of Los Angeles, including but not limited to the Mayor's Office, the City Council, Office of the City Attorney, the Office of the City Clerk, and the Los Angeles Police Department" encompasses 43 different Departments in the City of Los Angeles. Additionally, this request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.

The term "relating to" is overbroad. See *Adobe Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc.*

*v. Discovery Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Without waiving said objections, Defendant responds that it will produce responsive documents.

## PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 16

Request 16 is one of a number of requests for communications between the City and CCEA, to which Defendant has failed to produce responsive documents. In fact, Defendant has refused to produce any email communications between the two defendants on any topic related to this litigation, regardless of how narrowly tailored the request is drawn, and how many attempts Plaintiffs have made to limit the requests to address Defendant's burden objections.

This specific request calls for the production of communications between the City and CCEA related to the enforcement of Los Angeles Municipal Code section 56.11, which relates to the storage or placement of personal property on the sidewalk.  The ordinance was used to justify the seizure of property by the City in *Lavan,* and it is frequently used as the basis for stopping, questioning, or ticketing individuals in Skid Row.  Discussions between the two Defendants about Los Angeles Municipal Code 56.11 are highly relevant to the allegation that CCEA enforced the ordinance without any authority to do so, as well as the issue of cooperation between the City and the CCEA related to that enforcement.

As an initial matter, Defendant's response to this request is extremely ambiguous.  Defendant responses in its November 6, 2015 supplemental response that it will produce responsive documents; however, when the City produced these responsive documents on November 16,  the production did not include any email communications or other correspondence between defendants.  Moreover, on October 28, 2015, before Defendant produced its supplemental responses,

Defendant provided Plaintiffs with a declaration from the City Information Technology agency stating that the City could not produce any emails from its archives during a transition to a new email system, which would likely run through January 2016 or later.  Sweetser Decl. ¶ 30, Exh. T.  Defendant also provided a separate declaration from the LAPD, stating that the search for responsive emails would be too burdensome.  *Id.* ¶ 31, Exh. U.

Defendant's written response that it intends to produce responsive documents, in light of these representations and given that no emails have been produced, is extremely ambiguous.  It also makes it impossible for Plaintiffs to determine whether or to what extent defendant has limited its search based on its objections, or whether it is producing all responsive documents in its possession, custody, or control, as it is required to do.  *See* Fed. R. Civ. Pro. 34; 37 ("[f]or purposes of [a motion to compel], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015); *see also Duran v. Cisco Systems, Inc*., 258 F.R.D. 375, 379-80 (C.D.Cal. 2009).  Plaintiffs attempted numerous times to clarify what documents Defendant intends to produce, whether it is withholding other documents responsive to the requests, or whether it has limited its search in any way, but Defendant refused to provide this information.

If Defendant does maintain that it has produced all responsive documents, Plaintiffs should be entitled to a description of the search conducted.  *Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located"); *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL

2965046, at *11 (S.D.Cal. 2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist and the reason they do not exist. *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

Because Defendant has steadfastly refused to provide this information, and particularly because Defendant has asserted that the production of responsive emails would be too burdensome, Plaintiffs have no choice but to assume that Defendant has limited its response and move to compel the production of all responsive documents, subject to the limitations to which Plaintiffs have already agreed.

Plaintiffs are entitled to discovery on relevant matters.  "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal. 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)).  Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the enforcement of an ordinance at the center of this litigation is not relevant.

Where relevance is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted).   "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012)

(internal citations omitted).

Defendant primarily objects to Plaintiffs' request for communications because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests.  To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which contains only conclusory statements that do not support a wholesale denial of all emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T, ¶ 31, Exh. U.[6]

First, the fact that the search for responsive email communications would include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request." *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo.,1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications

---

[6] The City has represented that it uses two separate email systems within the City: one for the Los Angeles Police Department and one for the rest of the City. Therefore, the City provided declarations from both the City Information Technology Agency and the LAPD.  *See* Sweetser Decl., ¶ 17.

between Defendants outweighs the burden.  Although Defendant avers that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant.  Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights.  Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability.  And because Defendant City has steadfastly denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative.  Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row.  Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high.  *See* Myers Decl. ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention.  But far from demonstrating the burden

of Plaintiffs' request, the declarations produced by Defendant are conclusory and speculative.  The declaration from the City's Chief Information Technology Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party.  *See* Sweetser Decl. ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails until no earlier than January 2016, *see* Sweetser Decl. ¶ 20, the declaration provided by the City does not support this.  *See* Sweetser Decl. ¶ 30, Exh. T. Instead, the declaration indicates that email *archives* cannot be accessed.  *Id.*  In fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request.  That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery).  A sample of those emails is attached.[7]  *See* Myers Decl. ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

---

[7] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses.  *See e.g.,* Myers Decl., ¶ 5, Exh. A-1 (email between Bureau of

Moreover, Plaintiffs have attempted to address defendant's objections by significantly circumscribing the scope of its requests. First, while Defendant objected in its supplemental response that the timeframe in the original request is overbroad and burdensome, this objection is disingenuous. The parties agreed that Plaintiffs would limit most requests, including this Request for Production, to four years prior to the date of the filing of this litigation. *See* Sweetser Decl. ¶ 30, Exh. S (confirming the parties' agreement). This proposed timeframe is reasonable, given the allegations in the complaint. As Plaintiffs explained during the meeting to confer with Defendant, Plaintiffs allege abuses by the Business Improvement District and the City, which have been ongoing for many years, and four years prior to the commencing of litigation includes the individual allegations and allegations of LA CAN members, as well as a reasonable time frame before the filing of *Lavan v. City of Los Angeles*.

Second, Defendant raises concerns about Plaintiffs' definition of CITY, which includes all departments, City Council offices, and Office of the Clerk.[8] Regardless of whether the requirement to produce documents in its possession,

─────────────────────────────

Sanitation employees discussing the City's decision to move the storage facility for property seized by the City from a City lot to the CCEA storage facility).

[8] Regardless of how Plaintiffs defined CITY in their request, the party in this litigation is the City, and it includes the departments, agencies and entities in articulated in Plaintiffs' definition of City. Plaintiffs rightly aimed their discovery to the party to the law suit, as required by Federal Rule of Civil Procedure Rule 26. And in response, the City has an affirmative obligation to search for responsive documents in its possession, custody, and control. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal. 2006). This includes documents that are in the possession, custody or control of any entity, department, or agency within the City. *See Goodrich Corp. v. Emhart Industries, Inc*., 2005 WL 6440828, at *1 (C.D.Cal. 2005) (overruling an objection to a definition of YOU and YOUR as burdensome, when it included all subsidiaries, parent companies, and other entities within the control of the parent company).

custody or control would require defendant to search for responsive documents throughout the City, Plaintiffs have always been open to limiting the departments and agencies within the City that defendant must search for these highly relevant documents.   After Defendants denied Plaintiffs' repeated requests to identify departments it had already searched or that were likely to have responsive documents,[9] Plaintiffs themselves provided defendants with a list of city departments they believed would be most likely to have responsive documents (as demanded by Defendants at their October 9, 2015 meet and confer).  See Sweetser Decl., ¶ 30, Exh. S.  This list includes the Los Angeles Police Department, the Bureau of Street Services and the Bureau of Sanitation, which are responsible for cleaning the streets of Skid Row; the Office of the Clerk, which oversees Business Improvement Districts for the City; the City Attorney's Office, which has had frequent communications with CCEA and the LADID related  to *Lavan* and pending legislation; the City Administrative Office, which is currently responsible for evaluating the City's response to homelessness; and the Controller, which has audited BIDs in the past.  Plaintiffs also agreed to limit the search to specific City Council offices:  the district encompassing Skid Row, which currently is Council District 14, and prior to 2013, was Council District 9; the council districts of members of the Economic Development Committee, which has oversight over and

---

[9] As discussed above, Plaintiffs proposed that they treat the issue of the size of the City similar to the procedure required for electronic discovery under Rule 26(b)(2). Plaintiffs proposed that Defendant identify enough information about the departments that it believed were too burdensome or costly to search and that were unlikely to yield substantial responsive documents, so that Plaintiffs could "evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information in the identified sources."  2006 Advisory Committee Notes, Fed. R. Civ. Pro. 26.  Defendant refused to provide this information.

creates BIDs, including CCEA, and the members of the Homelessness and Poverty Committee.  The departments identified are those departments that are most relevant to this litigation and are most likely to have the highly relevant documents that go directly to Plaintiffs' allegations in this case; Defendants themselves identified the majority of the departments ultimately suggested by Plaintiffs. Defendant failed to even respond to this proposed compromise, choosing instead to simply submit supplemental responses with an objection to the original definition of City.

Finally, the use of "related to" in requests is common in discovery and does not alone make a request overbroad:  "A common method [of identifying documents sought] is to request all documents that 'relate or refer' to specified pertinent matters. The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."  Wright & Miller,  8B Fed. Prac. & Proc. Civ. § 2211 (3d ed.).  *See also In RE: MGM Mirage Securities Litigation*, 2014 WL 6675732 at *5 (interpreting a request for all information related to each and every allegation as reasonable).  The test of whether a request is overbroad is not the inclusion of the phrase "relates to," but rather, whether the subject matter itself is narrowly defined.

Here, the request is very narrow:  far from seeking all communications between defendants, Plaintiffs seek communications only on a discrete topic, namely the enforcement of LAMC Section 56.11.  Plaintiffs also seek documents that refer to these communications, but this also does not render the request overbroad.  *See Dang v. Cross*, 2002 WL 432197, at *4 (C.D.Cal. 2002) (noting that "[a] rule prohibiting the use of the phrase "all documents" would prevent parties from ever knowing if an opposing party had produced all documents relevant to a particular issue).  Plaintiffs seek documents, if any, that discuss

communications with CCEA about *Lavan*.   These would be as equally relevant to the litigation because they could demonstrate the City's intentions or actions based on communications with CCEA.  This request is narrowly tailored and aimed at responsive, probative documents.

Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."  Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  16**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015.  The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs

have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code Section 41.18.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.  Additionally, this request seeks information which violates third parties' right to privacy.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

This request is burdensome and oppressive because it is not proportional to the needs of the case.  Moreover, this request, directed to the "City" which is defined by Plaintiffs as "any department, office, agency or entity within the City of Los Angeles, including but not limited to the Mayor's Office, the City Council, Office of the City Attorney, the Office of the City Clerk, and the Los Angeles Police Department" encompasses 43 different Departments in the City of Los Angeles.

Additionally, this request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.

56

Further, the term "related to" is overbroad.  See *Adobe Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc. v. Discovery Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Further, this request seeks documents containing information protected by the attorney client privilege, and the work product privilege.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  17**

Request 17 is one of a number of requests for communications between the City and CCEA, to which defendant has failed to produce responsive documents. In fact, defendant has refused to produce any email communications between the two defendants on any topic related to this litigation, regardless of how narrowly tailored the request is drawn, and how many attempts Plaintiffs have made to limit the requests to address defendant's burden objection.

In this request, Plaintiffs seek communications between the City and CCEA related to the enforcement of Los Angeles Municipal Code section 41.18(d), which prohibits sleeping, sitting, or lying on the sidewalk.  This ordinance is also the subject of a settlement agreement that resulted from a class action filed against the City for violating homeless individuals' civil rights.  The municipal code is frequently used to get individuals to move from locations within Skid Row, and communications between the City and CCEA about enforcement of the ordinance would be relevant to show the ways in which the defendants interact around

homeless individuals.

Defendant makes only boilerplate objections why Plaintiffs are not entitled to these documents, including relevance, overbreadth, and a number of privilege. These objections are without merit, and do not justify such a wholesale denial of access to relevant and responsive discovery.

Plaintiffs are entitled to discovery on relevant matters. "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal. 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)). Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the enforcement of an ordinance at the center of this litigation is not relevant.

Where relevance is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted). "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012) (internal citations omitted).

Defendant primarily objects to Plaintiffs' request for communications because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests. To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which contains only conclusory statements that do not support a wholesale denial of all

emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T, ¶ 31, Exh. U.[10]

First, the fact that the search for responsive email communications would include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request." *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo. 1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs the burden.  Although Defendant avers that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant.  Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals'

---

[10] The City has represented that it uses two separate email systems within the City: one for the Los Angeles Police Department and one for the rest of the City. Therefore, the City provided declarations from both the City Information Technology Agency and the LAPD.  *See* Sweetser Decl., ¶ 17.

property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights. Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability. And because Defendant City has steadfastly denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative. Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row. Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high. *See* Myers Decl. ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention. But far from demonstrating the burden of Plaintiffs' request, the declarations produced by Defendant are conclusory and speculative. The declaration from the City's Chief Information Technology Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party. *See* Sweetser Decl., ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery

requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails until no earlier than January 2016, *see* Sweetser Decl., ¶ 20, the declaration provided by the City does not support this. *See* Sweetser Decl., ¶ 30, Exh. T. Instead, the declaration indicates that email *archives* cannot be accessed. *Id.* In fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request. That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery). A sample of those emails is attached.[11] *See* Myers Decl., ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

Plaintiffs have attempted to address defendant's objections by significantly circumscribing the scope of its requests. Defendant raises concerns about Plaintiffs' definition of CITY, which includes all departments, City Council offices, and Office of the Clerk.[12] Regardless of whether the requirement to

_____

[11] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses. *See e.g.,* Myers Decl., ¶ 5, Exh. B-1 (email between Bureau of Sanitation employees discussing the City's decision to move the storage facility for property seized by the City from a City lot to the CCEA storage facility).

[12] Regardless of how Plaintiffs defined CITY in their request, the party in this litigation is the City, and it includes the departments, agencies and entities in

produce documents in its possession, custody or control would require defendant to

search for responsive documents throughout the City, Plaintiffs have always been

open to limiting the departments and agencies within the City that defendant must

search for these highly relevant documents.   After Defendants denied Plaintiffs'

repeated requests to identify departments it had already searched or that were

likely to have responsive documents,[13] Plaintiffs themselves provided defendants

with a list of city departments they believed would be most likely to have

responsive documents (as demanded by Defendants at their October 9, 2015 meet

and confer).  See Sweetser Decl., ¶ 30, Exh. S.  This list includes the Los Angeles

Police Department, the Bureau of Street Services and the Bureau of Sanitation,

which are responsible for cleaning the streets of Skid Row; the Office of the Clerk,

which oversees Business Improvement Districts for the City; the City Attorney's

---

articulated in Plaintiffs' definition of City.  Plaintiffs rightly aimed their discovery
to the party to the law suit, as required by Federal Rule of Civil Procedure Rule 26.
And in response, the City has an affirmative obligation to search for responsive
documents in its possession, custody, and control.  *A. Farber and Partners, Inc. v.
Garber*, 234 F.R.D. 186, 189 (C.D.Cal. 2006).  This includes documents that are in
the possession, custody or control of any entity, department, or agency within the
City.  *See Goodrich Corp. v. Emhart Industries, Inc*., 2005 WL 6440828, at *1
(C.D.Cal. 2005) (overruling an objection to a definition of YOU and YOUR as
burdensome, when it included all subsidiaries, parent companies, and other entities
within the control of the parent company).

[13] As discussed above, Plaintiffs proposed that they treat the issue of the size of the
City similar to the procedure required for electronic discovery under Rule 26(b)(2).
Plaintiffs proposed that Defendant identify enough information about the
departments that it believed were too burdensome or costly to search and that were
unlikely to yield substantial responsive documents, so that Plaintiffs could
"evaluate the burdens and costs of providing the discovery and the likelihood of
finding responsive information in the identified sources."  2006 Advisory
Committee Notes, Fed. R. Civ. Pro. 26.  Defendant refused to provide this
information.

Office, which has had frequent communications with CCEA and the LADID related to *Lavan* and pending legislation; the City Administrative Office, which is currently responsible for evaluating the City's response to homelessness; and the Controller, which has audited BIDs in the past.  Plaintiffs also agreed to limit the search to specific City Council offices:  the district encompassing Skid Row, which currently is Council District 14, and prior to 2013, was Council District 9; the council districts of members of the Economic Development Committee, which has oversight over and creates BIDs, including CCEA, and the members of the Homelessness and Poverty Committee.  The departments identified are those departments that are most relevant to this litigation and are most likely to have the highly relevant documents that go directly to Plaintiffs' allegations in this case; Defendants themselves identified the majority of the departments ultimately suggested by Plaintiffs.  Defendant failed to even respond to this proposed compromise, choosing instead to simply submit supplemental responses with an objection to the original definition of City.

Finally, the use of "related to" in requests is common in discovery and does not alone make a request overbroad:  "A common method [of identifying documents sought] is to request all documents that 'relate or refer' to specified pertinent matters. The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."   Wright & Miller,  8B Fed. Prac. & Proc. Civ. § 2211 (3d ed.).  *See also In RE: MGM Mirage Securities Litigation*, 2014 WL 6675732 at \*5 (interpreting a request for all information related to each and every allegation as reasonable).  The test of whether a request is overbroad is not the inclusion of the phrase "relates to," but rather, whether the subject matter itself is narrowly defined.

Here, the request is very narrow:  far from seeking all communications

between defendants, Plaintiffs seek communications only on a discrete topic, namely the enforcement of LAMC Section 41.18(d) .  Plaintiffs also seek documents that refer to these communications, but this also does not render the request overbroad.  *See Dang v. Cross*, 2002 WL 432197, at *4 (C.D.Cal. 2002) (noting that "[a] rule prohibiting the use of the phrase "all documents" would prevent parties from ever knowing if an opposing party had produced all documents relevant to a particular issue).  Plaintiffs seek documents, if any, that discuss communications with CCEA about the municipal code.   These would be as equally relevant to the litigation because they could demonstrate the City's intentions or actions based on communications with CCEA.  This request is narrowly tailored and aimed at responsive, probative documents.

Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  17**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.


**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID related to or regarding the storage of property taken, seized, or otherwise obtained by the CITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Defendant objects to this production request on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Defendant objects to this production request on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 23**

Request 23 is one of a number of requests for communications between the City and CCEA, to which defendant has failed to produce responsive documents. In fact, defendant has refused to produce any email communications between the two defendants on any topic related to this litigation, regardless of how narrowly tailored the request is drawn, and how many attempts Plaintiffs have made to limit the requests to address defendant's burden objection.

In this request, plaintiffs seek communications between the City and CCEA about the storage of property taken, seized, or obtained by the City and documents related to those communications.  Communications between the two defendants about the process of storing seized property is directly relevant to the issues in this litigation and necessary for Plaintiffs to prove its case, and documents related to those communications, including internal communications about emails with CCEA would also be highly relevant.

In response to Plaintiffs' request for this extremely probative evidence, Defendant simply responds with a boilerplate objection that the request is "vague, overbroad, burdensome, and oppressive."  Even after the parties specifically discussed this request, Defendant refused to provide any additional information about this request, and in its supplemental response, simply restated its boilerplate objection in response to the request.  This is insufficient to sustain the objection. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead " 'show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.  See A. Farber and Partners, Inc. v.*

*Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).

Even without any further information about why the request is burdensome, Plaintiffs attempted on numerous occasions to meet and confer with Defendant about this request and the other requests seeking email communications.  Plaintiffs are entitled to discovery on relevant matters.  "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal. 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)).  Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the enforcement of an ordinance at the center of this litigation is not relevant.

Defendant primarily objects to Plaintiffs' request for communications because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests.  To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which contains only conclusory statements that do not support a wholesale denial of all emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T, ¶ 31, Exh. U.

First, the fact that the search for responsive email communications would include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request." *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo.,1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs the burden. Although Defendant avers that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant. Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights. Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability. And because Defendant City has steadfastly denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative. Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row. Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant

and probative emails is very high.  *See* Myers Decl., ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention.  But far from demonstrating the burden of Plaintiffs' request, the declarations produced by Defendant are conclusory and speculative.  The declaration from the City's Chief Information Technology Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party.  *See* Sweetser Decl., ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails until no earlier than January 2016, *see* Sweetser Decl., ¶ 20, the declaration provided by the City does not support this.  *See* Sweetser Decl., ¶ 30, Exh. T. Instead, the declaration indicates that email *archives* cannot be accessed.  *Id.*  In fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request.  That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery).  A sample of those emails is

attached.[14] *See* Myers Decl., ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

Moreover, Plaintiffs have attempted to address defendant's objections by significantly circumscribing the scope of its requests. As discussed in response to specific objections as to timeframe and scope, Plaintiffs specifically limited the timeframe to five years and the departments the City must search for responsive documents to only a handful of city departments. Plaintiffs were also willing to address other concerns, but the City never addressed any other concerns. Therefore, Defendant cannot demonstrate that any burden would outweigh Plaintiffs' legitimate need for this discovery.

Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes." Sweetser Decl., ¶ 2, Exh. E.

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes. To the extent there

---

[14] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses. *See e.g.,* Myers Decl., ¶ 5, Exh. B-1 (email between Bureau of

are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  23**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015.  The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **<u>never</u>** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID related to or regarding the CITY's Healthy Streets Initiative or any other effort by the CITY to clean streets and/or sidewalks in the LADID or area known as Skid Row.

---

Sanitation employees discussing the City's decision to move the storage facility for

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Defendant objects to this production request on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Defendant objects to this production request on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  24**

Request 24 is one of a number of requests for communications between the City and CCEA, to which defendant has failed to produce responsive documents. In fact, defendant has refused to produce any email communications between the two defendants on any topic related to this litigation, regardless of how narrowly tailored the request is drawn, and how many attempts Plaintiffs have made to limit the requests to address defendant's burden objection.

In this request, plaintiffs seek communications between the City and CCEA regarding Operation Healthy Streets, which is the initiative by the Bureau of Sanitation to clean the streets in Skid Row, which overlaps with the Downtown Industrial District.  Communications between the defendants related to Operation

property seized by the City from a City lot to the CCEA storage facility).

Healthy Streets and other initiatives to clean the streets of Skid Row are relevant to the  issue of the seizure of individuals' property during these clean ups, and also go to the issue of what services CCEA provides in the BID, including maintenance and security.  To the extent that CCEA and the City are communicating about how the BID and the City departments can cooperate during these cleanings, those documents would be highly relevant to this litigation.

      In response to Plaintiffs' request for this extremely probative evidence, Defendant simply responds with a boilerplate objection that the request is "vague, overbroad, burdensome, and oppressive."  Even after the parties specifically discussed this request, Defendant refused to provide any additional information about this request, and in its supplemental response, simply restated its boilerplate objection in response to the request.  This is insufficient to sustain the objection. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead " 'show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.  See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).

      Even without any further information about why the request is burdensome, Plaintiffs attempted on numerous occasions to meet and confer with Defendant about this request and the other requests seeking email communications. Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the enforcement of an ordinance at the center of this litigation is not relevant.

      Defendant primarily objects to Plaintiffs' request for communications

because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests.  To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which contains only conclusory statements that do not support a wholesale denial of all emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T, ¶ 31, Exh. U.[15]

First, the fact that the search for responsive email communications would include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request."  *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo.,1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues."  *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs the burden.  Although Defendant avers that searching for responsive documents would be burdensome, the constitutional

---

[15] The City has represented that it uses two separate email systems within the City: one for the Los Angeles Police Department and one for the rest of the City. Therefore, the City provided declarations from both the City Information Technology Agency and the LAPD.  *See* Sweetser Decl., ¶ 17.

issues at stake in this litigation are significant.  Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights.  Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability.  And because Defendant City has steadfastly denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative.  Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row.  Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high.  *See* Myers Decl., ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention.  But far from demonstrating the burden of Plaintiffs' request, the declarations produced by Defendant are conclusory and speculative.  The declaration from the City's Chief Information Technology

Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party.  *See* Sweetser Decl., ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails until no earlier than January 2016, *see* Sweetser Decl., ¶ 20, the declaration provided by the City does not support this.  *See* Sweetser Decl., ¶ 30, Exh. T.  Instead, the declaration indicates that email *archives* cannot be accessed.  *Id.*  In fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request.  That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery).  A sample of those emails is attached.[16]  *See* Myers Decl., ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

Moreover, Plaintiffs have attempted to address defendant's objections by significantly circumscribing the scope of its requests.  As discussed in response to

---

[16] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses.  *See e.g.,* Myers Decl., ¶ 5, Exh. B-1 (email between Bureau of

specific objections as to timeframe and scope, Plaintiffs specifically limited the timeframe to five years and the departments the City must search for responsive documents to only a handful of city departments.  Plaintiffs was also willing to address other concerns, but the City never addressed any other concerns.  Therefore, Defendant cannot demonstrate that any burden would outweigh Plaintiffs' legitimate need for this discovery.

Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."  Sweetser Decl., ¶ 2, Exh. E.

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  24**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's

Sanitation employees discussing the City's decision to move the storage facility for

Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS related to the 2014 renewal of the LADID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.  Further, this request may seek information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.  This request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it

property seized by the City from a City lot to the CCEA storage facility).

fails to specify which departments in the City the records are sought from.

Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant responds that it previously produced responsive documents.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  36**

Plaintiffs seek documents related to the City's renewal of the Los Angeles Downtown Industrial District in 2014.  The Los Angeles Downtown Industrial District was created by the City Council in 1998 and is subject to renewal every five to seven years.  In 2014, while Plaintiffs were complaining about CCEA's actions towards homeless individuals, the City renewed the BID for seven years. This renewal is in part the basis of Plaintiffs' claim that the City ratified the actions, and the Court ruled in sustaining Defendant City's motion to dismiss that this theory could go forward.  Therefore, Plaintiffs are unquestionably entitled to discovery on issues related to the theory.  *See In re Rail Freight Fuel Surcharge Antitrust Litigation*, 587 F. Supp. 2d 27 (D.D.C. 2008).

While Defendant produced a number of documents responsive to this request, its written response is extremely ambiguous.  Defendant stated in its original response that "[w]ithout waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith." In its supplemental response, Defendant states that "[w]ithout waiving said objections, and to the extent this request is not objectionable, Defendant responds that it previously produced responsive documents."

Defendant's written response makes it impossible for Plaintiffs to determine whether or to what extent defendant has limited its search based on its objections, or whether it is producing all responsive documents in its possession, custody, or

control, as it is required to do.  *See* Fed. R. Civ. Pro. 34, 37 ("[f]or purposes of [a motion to compel], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.");  *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 WL 4934178, at *3 (C.D.Cal. 2015); *see also Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 379-80 (C.D.Cal. 2009).  Plaintiffs attempted numerous times to clarify what documents Defendant intends to produce, whether it is withholding other documents responsive to the requests, or whether it has limited its search in any way, but Defendant refused to provide this information.

If Defendant does maintain that it has produced all responsive documents, Plaintiffs should be entitled to a description of the search conducted.  *Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located");  *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL 2965046, at *11 (S.D.Cal. 2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist and the reason they do not exist. *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

Because Defendant has steadfastly refused to provide this information, and particularly because Defendant has asserted that the production of responsive emails would be too burdensome, Plaintiffs have no choice but to assume that Defendant has limited its response and move to compel the production of all responsive documents, subject to the limitations to which Plaintiffs have already

agreed.

To the extent Defendant is withholding documents on the basis of its objections, this is without justification.  Defendant makes only boilerplate objections why Plaintiffs are not entitled to these documents, including relevance, overbreadth, and a number of privilege.  These objections are without merit, and do not justify such a wholesale denial of access to relevant and responsive discovery.

In response to Plaintiffs' request for this extremely probative evidence, Defendant simply responds with a boilerplate objection that the request is "vague, overbroad, burdensome, and oppressive."  Even after the parties specifically discussed this request, Defendant refused to provide any additional information about this request, and in its supplemental response, simply restated its boilerplate objection in response to the request.  This is insufficient to sustain the objection. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead "show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.  See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal.2006) (citations omitted).

Even without any further information about why the request is burdensome, Plaintiffs attempted on numerous occasions to meet and confer with Defendant about this request and the other requests seeking email communications.  Plaintiffs are entitled to discovery on relevant matters.  "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's*

*Way Products*, LLC, 2014 WL 5761122, at *2 (C.D. Cal. 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal.1995)). Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the enforcement of an ordinance at the center of this litigation is not relevant.

Where relevance is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted). "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012) (internal citations omitted). Defendant cannot do so here.

Nor do Defendant's objections on the basis of privilege have any weight. Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes." Sweetser Decl., ¶ 2, Exh. E.

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes. To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges. *See*

*Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 36**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.


**REQUEST FOR PRODUCTION NO. 40**

Any and all COMMUNICATIONS between the Office of the CITY Clerk and Council District 14 regarding or related to the CCEA and/or the LADID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request is burdensome and oppressive because it is not proportional to the needs of the case.  Further, this request seeks information protected by the attorney client privilege, and the work product privilege. Without waiving said objections, Defendant responds that [sic] previously produced responsive documents and will produce additional non-privileged responsive documents.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  40**

This request seeks a very narrow category of communications—email communications between a single City department and the Council District in which the LADID is located.  Given the centrality of the City Clerk's office, which oversees and administers BIDs, and the role of the City Council in creating and approving BIDs, communications between the two entities about CCEA may potentially lead to the discovery of admissible evidence, and this is sufficient to warrant discovery.

Despite the extremely narrow focus of the request, Defendant objects to the request on a number of grounds, including overbreadth and burden. Defendant does agree to provide responsive documents, but again states only that "[w]ithout waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith."  In its supplemental responses, Defendant states that  "[w]ithout waiving said objections, Defendant responds that [sic] previously produced responsive documents and will produce additional non-privileged responsive documents."

As an initial matter, this response is extremely ambiguous.  Although Defendant responses in its November 6, 2015 supplemental response that it would produce responsive documents, when the City produced responsive documents on November 16, the production did not include any email communications between

City Council District 14 and the City Clerk.  Moreover, on October 28, 2015, before Defendant produced its supplemental responses, Defendant provided Plaintiffs with a declaration from the City Information Technology agency stating that the City could not produce any emails from its archives during a transition to a new email system, which would likely run through January 2016 or later.  Sweetser Decl., ¶ 30, Exh. T.  Defendant also provided a separate declaration from the LAPD, stating that the search for responsive emails would be too burdensome.  *Id.* ¶ 31, Exh. U.

Defendant's written response that it has produced responsive documents and intends to produce additional documents, in light of these representations and given that no emails have been produced, is extremely ambiguous.  It also makes it impossible for Plaintiffs to determine whether or to what extent defendant has limited its search based on its objections, or whether it is producing all responsive documents in its possession, custody, or control, as it is required to do.  ("[f]or purposes of [a motion to compel], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015); *see also Duran v. Cisco Systems, Inc*., 258 F.R.D. 375, 379-80 (C.D.Cal. 2009).  Plaintiffs attempted numerous times to clarify what documents Defendant intends to produce, whether it is withholding other documents responsive to the requests, or whether it has limited its search in any way, but Defendant refused to provide this information.

If Defendant does maintain that it has produced all responsive documents, Plaintiffs should be entitled to a description of the search conducted.  *Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has

produced all documents that it has located"); *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL 2965046, at *11 (S.D.Cal. 2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist and the reason they do not exist. *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

Because Defendant has steadfastly refused to provide this information, and particularly because Defendant has asserted that the production of responsive emails would be too burdensome, Plaintiffs have no choice but to assume that Defendant has limited its response and move to compel the production of all responsive documents, subject to the limitations to which Plaintiffs have already agreed.

To the extent Defendant is withholding documents on the basis of its objections, this is without justification.  In response to Plaintiffs' request for this extremely probative evidence, Defendant simply responds with a boilerplate objection that the request is "vague, overbroad, burdensome, and oppressive." Even after the parties specifically discussed this request, Defendant refused to provide any additional information about this request, and in its supplemental response, simply restated its boilerplate objection in response to the request.  This is insufficient to sustain the objection.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead " 'show specifically how ... each [request for production] is

not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* *See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).

Even without any further information about why the request is burdensome, Plaintiffs attempted on numerous occasions to meet and confer with Defendant about this request and the other requests seeking email communications.  Plaintiffs are entitled to discovery on relevant matters.  "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal. 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)).  Defendant does not explain how communications about the CCEA/LADID  between the City Clerk and the City Council office that creates the BID is not relevant, given Plaintiffs' allegations that the City ratified LADID's actions and that the City bears some responsibility for the LADID's actions because it created, administered, and authorized the BID.

Where relevance is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted).   "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012) (internal citations omitted).

Defendant primarily objects to Plaintiffs' request for communications because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests.  To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which

contains only conclusory statements that do not support a wholesale denial of all emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T; ¶ 31, Exh. U.

First, the fact that the search for responsive email communications would include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request."  *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo. 1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs the burden.  Although Defendant avers that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant.  Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional

rights.  Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability.  And because Defendant City has steadfastly denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative.  Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row.  Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high.  *See* Myers Decl., ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention.  But far from demonstrating the burden of Plaintiffs' request, the declarations produced by Defendant are conclusory and speculative.  The declaration from the City's Chief Information Technology Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party.  *See* Sweetser Decl., ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails

until no earlier than January 2016, *see* Sweetser Decl., ¶ 20, the declaration provided by the City does not support this.  *See* Sweetser Decl., ¶ 30, Exh. T. Instead, the declaration indicates that email *archives* cannot be accessed.  *Id.*  In fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request.  That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery).  A sample of those emails is attached.[17]  *See* Myers Decl., ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

Moreover, Plaintiffs have attempted to address defendant's objections by significantly circumscribing the scope of its requests.  As discussed in response to specific objections as to timeframe and scope, Plaintiffs specifically limited the timeframe to five years and the departments the City must search for responsive documents to only a handful of city departments.  Plaintiffs were also willing to address other concerns, but the City never addressed any other concerns. Therefore, Defendant cannot demonstrate that any burden would outweigh Plaintiffs' legitimate need for this discovery.

Defendant also makes a boilerplate objection on the ground that "this request

---

[17] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses.  *See e.g.,* Myers Decl., ¶ 5, Exh. B-1 (email between Bureau of

seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."  Sweetser Decl., ¶ 2, Exh. E.

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  40**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **<u>never</u>** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental

Sanitation employees discussing the City's decision to move the storage facility for

responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 47**

All DOCUMENTS referring to or constituting COMMUNICATIONS between CCEA and/or LADID staff, agents, and/or employees, and the CITY that refer or relate to *LAVAN V. CITY OF LOS ANGELES*, including but not limited to COMMUNICATIONS related to or referring to the CITY's response to the *LAVAN* INJUNCTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.

Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess or move through mental

property seized by the City from a City lot to the CCEA storage facility).

gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc. v. Discovery Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  47**

Request 47 is one of a number of requests for communications between the City and CCEA, to which defendant has refused to produce any responsive documents.  In fact, defendant has refused to produce any email communications between the two defendants on any topic related to this litigation, regardless of how narrowly tailored the request is drawn, and how many attempts Plaintiffs have made to limit the requests to address defendant's burden objection.

In this request, plaintiffs seek communications between the City and CCEA related to the *Lavan* injunction, which enjoins the City from seizing or destroying abandoned property without notice, and documents referring to those communications.   Plaintiffs allege that the City and CCEA conspired, in part, to get around the limitations set forth in the existing injunction and that CCEA's practice of seizing property resulted at least in part because of limitations placed on City by the *Lavan* injunction.   Communications between Defendants are highly probative and go directly towards a key issue in this case, namely, how the City and CCEA responded to the *Lavan* injunction.

Plaintiffs are entitled to discovery on relevant matters.  "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v.*

*Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal.,2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)).  Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the *Lavan* injunction are highly relevant to this litigation, given Plaintiffs' allegations that defendants conspired to seize property, in part to get around the *Lavan* injunction.   Therefore, communications between the City and CCEA/LADID are not only directly relevant to those allegations, but are extremely important to plaintiffs' case.

Where relevance is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted).   "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012) (internal citations omitted).

Defendant makes only boilerplate objections why Plaintiffs are not entitled to these documents, including relevance, overbreadth, and a number of privilege. These objections are without merit, and do not justify such a wholesale denial of access to relevant and responsive discovery.

Defendant primarily objects to Plaintiffs' request for communications because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests.  To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which contains only conclusory statements that do not support a wholesale denial of all emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T, ¶ 31, Exh. U.

First, the fact that the search for responsive email communications would

include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request." *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo.,1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs the burden.  Although Defendant avers that searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant.  Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights.  Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability.  And because Defendant City has steadfastly

denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative. Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row. Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high. *See* Myers Decl., ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention. But far from demonstrating the burden of Plaintiffs' request, the declarations produced by Defendant are conclusory and speculative. The declaration from the City's Chief Information Technology Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party. *See* Sweetser Decl., ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails until no earlier than January 2016, *see* Sweetser Decl., ¶ 20, the declaration provided by the City does not support this. *See* Sweetser Decl., ¶ 30, Exh. T. Instead, the declaration indicates that email *archives* cannot be accessed. *Id.* In

fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request.  That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery).  A sample of those emails is attached.[18]  *See* Myers Decl., ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

Defendant also objects to the use of the term "referring to".  That term is even narrower that the term "related to", because it seeks documents that are not just relationally connected, but that actually refer to the communications at issue.  The use of the term "referring to" in requests is common in discovery and does not alone make a request overbroad:  "A common method [of identifying documents sought] is to request all documents that 'relate or refer' to specified pertinent matters. The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."  Wright & Miller,  8B Fed. Prac. & Proc. Civ. § 2211 (3d ed.).  *See also In RE: MGM Mirage Securities Litigation*, 2014 WL 6675732 at *5 (interpreting a request for all information related to each and every allegation as reasonable).  The test of

---

[18] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses.  *See e.g.,* Myers Decl., ¶ 5, Exh. B-1 (email between Bureau of

whether a request is overbroad is not the inclusion of the phrase "referring to," but rather, whether the subject matter itself is narrowly defined.

Here, the request is very narrow:  far from seeking all communications between defendants, Plaintiffs seek communications only on a discrete topic, namely the *Lavan* injunction.  Plaintiffs also seek documents that refer to these communications, but this also does not render the request overbroad.  *See Dang v. Cross*, 2002 WL 432197, at *4 (C.D.Cal. 2002) (noting that "[a] rule prohibiting the use of the phrase "all documents" would prevent parties from ever knowing if an opposing party had produced all documents relevant to a particular issue). Plaintiffs seek documents, if any, that discuss communications with CCEA about *Lavan*.   These would be as equally relevant to the litigation because they could demonstrate the City's intentions or actions based on communications with CCEA. This request is narrowly tailored and aimed at responsive, probative documents.

Moreover, Plaintiffs have attempted to address defendant's objections by significantly circumscribing the scope of its requests.  As discussed in response to specific objections as to timeframe and scope, Plaintiffs specifically limited the timeframe to five years and the departments the City must search for responsive documents to only a handful of city departments.  Plaintiffs was also willing to address other concerns, but the City never raised any other concerns.  Therefore, Defendant cannot demonstrate that any burden would outweigh Plaintiffs' legitimate need for this discovery.

Finally, Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege."  Defendant provided a privilege log that lists this request amongst over

Sanitation employees discussing the City's decision to move the storage facility for

40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."  Sweetser Decl., ¶ 2, Exh. E.

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  47**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **<u>never</u>** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

property seized by the City from a City lot to the CCEA storage facility).

**REQUEST FOR PRODUCTION NO. 48**

All DOCUMENTS that discuss, refer or relate to *LAVAN V. CITY OF LOS ANGELES* and CCEA and/or LADID or any other Business Improvement District.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request amounts to a "fishing expedition and is not proportional to [sic] needs of the case.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  48**

Plaintiffs seek documents that are related to both CCEA and the *Lavan* injunction, which enjoins the City from seizing or destroying abandoned property without notice, and documents referring to those communications.   Plaintiffs allege that the City and CCEA conspired, in part, to get around the limitations set forth in the existing injunction and that CCEA's practice of seizing property resulted at least in part because of limitations placed on City by the *Lavan* injunction.

Defendant objected to this request (and every other request) on the ground

that it was "vague, overbroad, burdensome and oppressive". This objection is insufficient to sustain the objection. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead " 'show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* *See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted). It is not enough to even preserve an objection to simply assert boilerplate overbreadth. *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939, (2005).

Despite defendant's relevance objections, these documents are highly relevant to this litigation. "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal.,2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)). Documents that tie the *Lavan* injunction to CCEA are highly relevant to Plaintiffs' allegations, and defendants do not provide any explanation why they would not be relevant, given the allegations in the complaint and the role of *Lavan* in the ongoing dispute in Skid Row over homeless individuals'' property. *See Fosselman v. Caropreso*, 2011 WL 999549, at *4 (N.D.Cal.,2011) (noting that "[t]he resisting party must demonstrate that the documents are not relevant under the broad scope of relevance provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, or that the documents are "of such marginal relevance that the potential harm occasioned by discovery would

outweigh the ordinary presumption in favor of broad disclosure....".  *See also
Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012).  And far from a fishing
expedition, the request is narrowly tailored and seeks documents that tie CCEA to
the City's response to the *Lavan* injunction.[19]

Finally, defendant objects to the request on the ground that "this request
seeks information protected by the attorney client privilege, the work product
privilege, the self-critical analysis privilege and the deliberative process privilege."
Defendant provided a privilege log that lists this request amongst over 40 other
requests and indicates that it is withholding "written and electronic
communications between the Los Angeles City Attorney's Office and its clients;
attorney notes." Plaintiff does not seek attorney-client communications related to
this litigation or the provision of legal services, or attorney notes.  To the extent
there are other documents that have been withheld on the basis of these privileges,
Defendant has waived any privileges related to those documents by failing to
identify with specificity, despite numerous requests from plaintiffs, what
documents, if any, it was withholding, and the basis for those privileges.  *See
Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d
1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).  Defendants have

---

[19] Even if it were a "fishing expedition," this is not sufficient to sustain the
objection, and Courts have noted that  the rules permit some amount of 'fishing'
for evidence:  "The defendants' objections that plaintiff is on a 'fishing expedition'
causing them to be unreasonably burdened are also insufficient to deny the motion.
'The rules permit 'fishing' for evidence, as they should. If documents in
defendant's possession tend to sustain plaintiff's claim, plaintiff is entitled to
inspect them and have the use of them as evidence.. "  *Speedrack Inc. v. Baybarz*,
45 F.R.D. 254, 257 (E.D.Cal., 1968).  "No longer can the timehonored cry of
'fishing expedition' serve to preclude a party from inquiring into the facts
underlying his opponent's case."  Wright & Miller, Federal Practice and Civil
Procedures, 8B Fed. Prac. & Proc. Civ. § 2206 (3d ed.) (2015).

repeatedly refused to identify any other documents it is withholding due to the self-critical analysis or deliberative process privileges.

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO. 48**

Plaintiff has not complied with Local Rule 37-1. A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1. The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs. The parties have **never** met and conferred about the Supplemental responses. Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS that refer to or relate to any agreements between the CITY and the CCEA and/or LADID to store personal property taken, seized or otherwise obtained by the CITY, including but not limited to property taken or seized by the LAPD following the arrest of an individual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc. v. Discovery Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant will produce responsive documents.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  51**

Plaintiffs seek documents referring or related to any agreements between the City and CCEA to store property at the CCEA's storage facility; defendant objects to the request only with boilerplate objections and a concern that the term "related to" renders it overbroad.

Defendant's response, "Without waiving said objections, and to the extent this request is not objectionable, Defendant will produce responsive documents" makes it impossible for Plaintiffs to determine whether or to what extent defendant has limited its search based on its objections, or whether it is producing all responsive documents in its possession, custody, or control, as it is required to do.

*See* Fed. R. Civ. Pro. 34, 37 ("[f]or purposes of [a motion to compel], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.");  ; *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal. 2006); *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 WL 4934178, at *3 (C.D.Cal., 2015); *see also Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 379-80 (C.D.Cal. 2009).  Defendant does not identify which documents it is producing or whether it is withholding any documents.  The caveat of "to the extent the request is not objectionable" renders the answer even more ambiguous and falls short of the requirement under Rule 34 that the Defendant identify what part of the request is objectionable, and respond to the rest.  The boilerplate objection of "vague, overbroad, burdensome, and oppressive" does not provide adequate information, if this is the basis on which Defendant has limited its production.

Plaintiffs are entitled to a description of the search conducted, *Frenius Medical Care Holding v. Baxter Intern., Inc.,* 224 F.R.D. 644, 652 (N.D. Cal. 2004) (requiring responding party to produce a declaration under penalty of perjury detailing "the specific efforts made to locate responsive documents and that it has produced all documents that it has located"); *Myhre v. Seventh-Day Adventist Church Reform Movement American Union Intern. Missionary Soc*., 2014 WL 2965046, at *11 (S.D.Cal.,2014) (requiring the responding party to describe its attempts to locate responsive documents).   And as a result of that search, Plaintiffs are entitled to either responsive documents, or a complete, explicit statement from defendant, attesting that no such documents exist.  *See Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D.Cal.,2006); *Advanced Visual Image Design, LLC v. Exist, Inc*., 2015 WL 4934178, at *3 (C.D.Cal. 2015).

To the extent Defendant has limited the search beyond the limitations offered by Plaintiffs or is refusing to produce responsive documents on the basis of its objections, this is without legal justification.  The documents sought by

Plaintiffs are relevant to this litigation and their claims that the LAPD and CCCEA conspire, collaborate, and work together to seize homeless individuals' property, and defendant does not assert otherwise.  The City has asserted that LAPD does not work with CCEA in Skid Row; however, Plaintiffs have alleged that the City and LAPD stored property at the CCEA facility and that the LAPD relied on CCEA to take property on its behalf.  Therefore, documents related to any agreements between CCEA and LAPD to store the property are relevant to this litigation.

Defendant objected to this request (and every other request) on the ground that it was "vague, overbroad, burdensome and oppressive".  This objection is insufficient to sustain the objection.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead " 'show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id. See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).  It is not enough to even preserve an objection to simply assert boilerplate overbreadth.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

Defendant supplemented its original boilerplate objection with a more specific objection to the use of the term "related to", but this too is boilerplate, and the use of the term "related to" or "referring to" in this request does not render it overbroad.  The use of the phrase is extremely common in discovery:  "A common method [of identifying documents sought] is to request all documents that 'relate

or refer' to specified pertinent matters. The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced."   Wright & Miller,  8B Fed. Prac. & Proc. Civ. § 2211 (3d ed.).  *See also In RE: MGM Mirage Securities Litigation*, 2014 WL 6675732 at *5 (interpreting a request for all information related to each and every allegation as reasonable); *Dang v. Cross*, 2002 WL 432197, at *4 (C.D.Cal. 2002) (noting that "[a] rule prohibiting the use of the phrase "all documents" would prevent parties from ever knowing if an opposing party had produced all documents relevant to a particular issue).  The test of whether a request is overbroad is not the inclusion of the phrase "relates to," but rather, whether the subject matter itself is narrowly defined.  In this case, Plaintiffs seek documents related to any agreement that the City would store personal property seized or obtained by homeless people at CCEA facilities.  The narrow definition in the request is tailored to the questions at issue in this lawsuit—namely, how the City and CCEA worked together to confiscate personal property.

Defendant also inserts another boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege."  Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to

identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  51**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

**REQUEST FOR PRODUCTION NO. 58**

All DOCUMENTS that refer to or constitute COMMUNICATIONS between the CITY and the CCEA and/or LADID regarding or related to the creation, management or operation of "the Bin".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request may seek information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, Defendant responds that it will produce non-privileged responsive documents.

**PLAINTIFF'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  58**

Request 58 is one of a number of requests for communications between the City and CCEA, to which Defendant has failed to produce responsive documents. In fact, Defendant has refused to produce any email communications between the two defendants on any topic related to this litigation, regardless of how narrowly tailored the request is drawn, and how many attempts Plaintiffs have made to limit the requests to address Defendant's burden objections.

This request seeks communications between the CCEA and the City related to the use of the BIN to store property.  These communications relate to the Bin, a City-created storage facility that replaced CCEA's voluntary and involuntary storage program.  Communications between the City and CCEA about the new storage facility, and documents related to those communication are relevant to the case because they go to the issue how the BID and the LAPD responded to the storage issue. There may be responsive documents that support Plaintiffs' claims that the City relied on CCEA to take and store property.

In response to Plaintiffs' request for this extremely probative evidence, Defendant simply responds with a boilerplate objection that the request is "vague, overbroad, burdensome, and oppressive."  Even after the parties specifically discussed this request, Defendant refused to provide any additional information about this request, and in its supplemental response, simply restated its boilerplate objection in response to the request.  This is insufficient to sustain the objection.

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982). The party resisting discovery must instead "show specifically how ... each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id. See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.Cal.2006) (citations omitted).

Even without any further information about why the request is burdensome, Plaintiffs attempted on numerous occasions to meet and confer with Defendant about this request and the other requests seeking email communications.  Plaintiffs are entitled to discovery on relevant matters.  "Relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Nadler v. Nature's Way Products*, LLC, 2014 WL 5761122, at *2 (C.D.Cal. 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995)).  Defendant does not explain how communications between the City, including the LAPD and the City Attorney's office, and CCEA that refer or relate to the enforcement of an ordinance at the center of this litigation is not relevant.

Where relevance is shown, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002) (citations omitted).  "The resisting party must demonstrate. . . that the documents are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." *Quiroz v. Cate*, 2012 WL 3236490, at *4 (N.D.Cal. 2012) (internal citations omitted).

Defendant primarily objects to Plaintiffs' request for communications because it asserts that it would be too burdensome to identify emails responsive to Plaintiffs' requests.  To support its objection, Defendant provided Plaintiffs with two declarations from the LAPD and the City's IT department, both of which contains only conclusory statements that do not support a wholesale denial of all emails related to this litigation.  *See* Sweetser Decl. ¶ 30, Exh. T, ¶ 31, Exh. U.[20]

First, the fact that the search for responsive email communications would include some burden is insufficient to deny Plaintiffs all email communications related to this lawsuit, as Defendant has attempted to do.  "Every lawsuit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom. The mere fact that compliance with a discovery request will cause significant expense does not of itself justify denial of the request." *Biben v. Card*, 119 F.R.D. 421, 429 (W.D.Mo.,1987).

"In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery.... This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues." *Green v. Baca*, 219 F.R.D. 485, 493 (C.D.Cal. 2003).

There is no question that the need for access to email communications between Defendants outweighs the burden.  Although Defendant avers that

---

[20] The City has represented that it uses two separate email systems within the City: one for the Los Angeles Police Department and one for the rest of the City. Therefore, the City provided declarations from both the City Information Technology Agency and the LAPD.  *See* Sweetser Decl., ¶ 17.

searching for responsive documents would be burdensome, the constitutional issues at stake in this litigation are significant.  Plaintiffs allege that, despite ongoing litigation and an existing court order prohibiting the LAPD from seizing property that is not abandoned, Plaintiffs allege that the City, including the LAPD and CCEA cooperated, collaborated, and conspired to seize homeless individuals' property in Skid Row in violation of their constitutional rights.

These documents are critical to proving Plaintiffs' case and go directly to the allegation that LAPD and CCEA cooperated to violate Plaintiffs' constitutional rights.  Communications between defendants about key issues in this litigation are highly probative, particularly with regards to Plaintiffs' allegations of conspiracy and theories of agency liability.  And because Defendant City has steadfastly denied allegations that the City and CCEA cooperate in any way in the policing of homelessness in Skid Row, these documents go to a contested and central issue in this case.

Plaintiffs' position that there are likely relevant emails is not simply speculative.  Individuals within the CCEA communicated often with City employees and LAPD officers, including command staff of the Central Division, regarding issues on the streets of Skid Row.  Given the documents Plaintiffs have obtained from other sources, the likelihood of finding responsive, highly relevant and probative emails is very high.  *See* Myers Decl., ¶¶ 5-7, Exhs. B, C, D.

The burden articulated by Defendant, on the other hand, is not enough to support the complete denial of highly relevant, probative discovery on a matter as important as the constitutional rights of a large number of people. To support the complete denial of access to email communications, Defendant simply objects that a City-wide or LAPD-wide search for email is burdensome and provides declarations in support of this contention.  But far from demonstrating the burden of Plaintiffs' request, the declarations produced by Defendant are conclusory and

speculative.  The declaration from the City's Chief Information Technology Analyst demonstrate that City-wide searches for emails are possible within the City and that electronic discovery of emails is in fact common in litigation to which the City is a party.  *See* Sweetser Decl., ¶ 30, Exh. T (Decl. of Lung Tam, ¶ 5) (describing the queue created by the City to respond to electronic discovery requests).

Moreover, while Defense Counsel represented during the parties' October 9, 2015 meeting that she understood that the City could not search for City emails until no earlier than January 2016, *see* Sweetser Decl., ¶ 20, the declaration provided by the City does not support this.  *See* Sweetser Decl., ¶ 30, Exh. T. Instead, the declaration indicates that email *archives* cannot be accessed.  *Id.*  In fact, on the same day that Defendant produced its supplemental document production, Plaintiffs' Counsel was given access to over 200 emails sent to and received from employees of the Bureau of Sanitation in response to an unrelated California Public Records Act request.  That requests were submitted on July 24, 2015 (after Plaintiffs propounded this discovery).  A sample of those emails is attached.[21]  *See* Myers Decl., ¶ 5, Exh. B.

Even if a queue or an transition to a new email system were enough to justify a delay in the production of documents (beyond the four months that have already passed since Plaintiffs propounded the requests), the fact that the City has a queue for discovery requests from other cases does not justify denying Plaintiffs' request for these documents.

Moreover, Plaintiffs have attempted to address defendant's objections by

---

[21] Although the request for records was unrelated to this litigation, many of the emails are relevant to this case and responsive to a number of Plaintiffs' discovery responses.  *See e.g.,* Myers Decl., ¶ 5, Exh. B-1 (email between Bureau of

significantly circumscribing the scope of its requests.  As discussed in response to specific objections as to timeframe and scope, Plaintiffs specifically limited the timeframe to five years and the departments the City must search for responsive documents to only a handful of city departments.  Plaintiffs was also willing to address other concerns, but the City never addressed any other concerns. Therefore, Defendant cannot demonstrate that any burden would outweigh Plaintiffs' legitimate need for this discovery.

Defendant also makes a boilerplate objection on the ground that "this request seeks information protected by the attorney client privilege, the work product privilege, the self-critical analysis privilege and the deliberative process privilege." Defendant provided a privilege log that lists this request amongst over 40 other requests and indicates that it is withholding "written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes."  Sweetser Decl., ¶ 2, Exh. E.

Plaintiffs do not seek attorney-client communications related to this litigation or the provision of legal services, or attorney notes.  To the extent there are other documents that have been withheld on the basis of these privileges, Defendant has waived any privileges related to those documents by failing to identify with specificity, despite numerous requests from plaintiffs, what documents, if any, it was withholding, and the basis for those privileges.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir 2004) *cert. denied,* 546 U.S. 939 (2005).

**DEFENDANT'S ARGUMENT RE: REQUEST FOR PRODUCTION NO.  58**

Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-

Sanitation employees discussing the City's decision to move the storage facility for

1. The parties met and conferred about the City's initial responses to Plaintiff's Request for Production of Documents served on September 15, 2015. The City agreed to prepare supplemental responses to Plaintiff's Production Requests and served those responses on November 6, 2015. The City then provided an additional 2000 pages of documents to Plaintiffs.  The parties have **never** met and conferred about the Supplemental responses.  Moreover, Plaintiffs have never even requested that a meeting take place.

The City never agreed to delete its objections from its written supplemental responses to Plaintiffs Requests to Produce.

## IV.   PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES

### a.  Plaintiffs' Position on Attorneys' Fees

Plaintiffs also seek an award of expenses, including reasonable attorneys' fee against the City of Los Angeles and the City Attorney's office, pursuant to Federal Rule of Civil Procedure, 37(a)(5)(A), which provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. Pro. 37(a)(5)(A).

Far from resulting from a reasonable dispute in which Defendant was substantially justified in taking the positions it did in its responses, *see Reygo Pac. Corp. v. Johston Pump Co.,* 680 F.2d 647, 649 (9th Cir. 1982), this motion results from Defendant's refusal to meet and confer in good faith, and its refusal to provide information regarding its answers to Plaintiffs' Requests for Production. Defendant's evasive and incomplete answers and disclosures must "[f]or purposes of [a motion to compel] . . . be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. Pro. 37(a)(4).  Plaintiffs' attempts to resolve issues through the

property seized by the City from a City lot to the CCEA storage facility).

meet and confer process were ignored.  That is no clearer than in Defendant's supplemental responses, which ignore Plaintiffs' concessions and previously agreed-upon compromises.  Moreover, Defendant's refusal to provide clarifying information about its responses, including a privilege log that sufficiently identifies documents the City is withholding, that complied with the rules in listing dates and types of documents, rendered the responses meaningless, and as a result, Plaintiffs were forced to expend considerable resources, first during the meet and confer process, and then in drafting this motion.  Plaintiffs' counsel's receipt of emailed documents within the same time frame in another matter also raises the suspicion that the City's refusal to produce emails was not made in good faith.  Therefore, Plaintiffs seek their reasonable attorneys' fees in the amount of $24,450.00.  *See* Sweetser Decl., ¶¶ 41-42, Exh. Z; Myers Decl., ¶¶ 10-12; Exh. D. ,

### b.        Defendant's Position on Attorneys' Fees

If discovery responses are made but are inadequate, the party seeking discovery must apply to court for an order to compel discovery and sanctions cannot be invoked until a court order is disobeyed.  *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.* (1981, CA Ill) 667 F2d 600, 33 FR Serv 2d 165).

Again, Plaintiff has not complied with Local Rule 37-1.  A party may not bring a motion to compel further responses to discovery without complying with Rule 37-1.  Nor may a party bring a motion seeking sanctions without complying with Rule 37-1.  Defendant respectfully requests that this Court deny Plaintiff's motion.

DATED: December __, 2015          LEGAL AID FOUNDATION OF LOS ANGELES
                                  SCHONBRUN SEPLOW HARRIS &
                                  HOFFMAN LLP


                                  By: _____
                                       Shayla Myers
                                       Attorneys for Plaintiffs

DATED: December __, 2015          MICHAEL  FEUER, CITY ATTORNEY

                                  By: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28