Fernando Gaytan (SBN 224712) fgaytan@lafla.org
Paul J. Estuar (SBN 167764) pestuar@lafla.org
Shayla R. Myers (SBN 264054) smyers@lafla.org
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel: (213) 640-3831
Fax: (213) 640-3988

Paul Hoffman, SBN 071244
Catherine Sweetser, SBN 271142
SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
Telephone:  (310) 396-0731
Fax:  (310) 399-7040

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES CATHOLIC
WORKER, an unincorporated
association; CANGRESS, a non-profit
corporation; HARRY JAMES JONES,
LOUIS GRADY, LLOYD HINKLE,
WALTER SHOAF, individuals

**Plaintiffs,**

v.

LOS ANGELES DOWNTOWN
INDUSTRIAL DISTRICT BUSINESS
IMPROVEMENT DISTRICT,
CENTRAL CITY EAST
ASSOCIATION, INC., CITY OF LOS
ANGELES; DOES 1 -10

**Defendants,**

_____

**CASE NO: CV2:14-cv-07344 PSG (AJWx)**

**DECLARATION OF CATHERINE SWEETSER**

1

### Declaration of Catherine Sweetser

1.     I am an associate at the law firm of Schonbrun Seplow Harris and Hoffman and an attorney of record in this matter, and if called to testify, could testify accurately to the facts herein.

2.     Plaintiffs move to compel further responses from the City of Los Angeles to Plaintiffs' Requests for Production.  A true and correct copy of the Requests for Production are attached as Exhibit A.  A true and correct copy of the City's responses is attached as Exhibit B.  The privilege log produced with the original responses is attached as Exhibit C.  A true and correct copy of the City's supplemental responses is attached as Exhibit D. A true and correct copy of the amended privilege log produced with the supplemental responses is attached as Exhibit E.

3.     Plaintiffs filed this lawsuit against the City of Los Angeles and the Los Angeles Downtown Industrial District on September 19, 2014.  A true and correct copy of Docket 1, Complaint is attached as Exhibit F.

4.     On November 21, 2015, the City filed a motion to dismiss, arguing inter alia that the City was not responsible for LADID's action.  A true and correct copy of Docket 22, Defendant City of Los Angeles's Motion to Dismiss is attached as Exhibit G.

5.     On January 13, 2015, the Court denied the City's motion to dismiss in its entirety.  A true and correct copy of Docket 30, Order Denying Def. City of Los Angeles's Motion to Dismiss is attached as Exhibit H.

6.     On March 9, 2015, the parties met and conferred as required by Rule 26 regarding the scope of discovery in this matter.  The parties discussed, amongst other issues, whether discovery would need to be staged, and whether there were any issues with electronic discovery.  Defendant did not disclose any issues or limitations.  The parties submitted a Joint Rule

26(f) report on March 23, 2015.  A true and correct copy of the report is attached as Exhibit I.

7.     On July 16, we propounded Requests for Production on Defendant City of Los Angeles.  A true and correct copy of those requests was previously attached as Exhibit A.

8.     On July 22, Elizabeth Fitzgerald, counsel of record for the City of Los Angeles in this matter, requested an extension to September 11, 2015 to respond to the requests, to which we agreed.  A true and correct copy of the email chain is attached as Exhibit J.  Ms. Fitzgerald then requested a second extension of one week, which in the interest of cooperation, Plaintiff agreed to the extension.  A true and correct copy of the email exchange is attached as Exhibit K.

9.     On September 18, 2015, the City responded to the requests.  A true and correct copy of the response was previously attached as Exhibit C.  The City also produced a Privilege Log.  A true and correct copy of the Privilege Log was previously attached as Exhibit D.

10.     On September 23, 2015, I emailed Ms. Fitzgerald, informing her that the privilege log was inadequate because it failed to identify documents that were being withheld with sufficient specificity to allow us to evaluate their claims.  I requested that she provide us an amended privilege log by September 28.  On September 28, Ms. Fitzgerald responded, and stated that she would provide an amended privilege log on October 3, 2015.  A true and correct copy of the email exchange is attached as Exhibit L.

11.     On September 28, 2015, as required by Local Rule 37.1, Plaintiffs sent the City a letter outlining our concerns with defendant's responses.  A true and correct copy of the letter is attached as Exhibit M.

12.     The City failed to provide an updated privilege log on October 3 as promised.  Instead, the City emailed counsel to inform plaintiffs they

2

1  could not provide the privilege log as promised.  I responded, expressing

2  concern about the response and requesting the City clarify why the privilege

3  log could not be amended.  A true and correct copy of this email exchange is

4  attached as Exhibit N.

5      13.    Ms. Fitzgerald responded to my email, outlining her objections

6  to our discovery responses.  A true and correct copy of her response is

7  attached as Exhibit O.

8      14.    In response, my co-counsel, Shayla Myers, sent Ms. Fitzgerald

9  a letter, addressing the City's concerns.  A true and correct copy of the letter

10  sent on October 8, 2015 is attached as Exhibit P.

11      15.    On October 9, 2015, Ms. Myers and I met with Ms. Fitzgerald

12  and an investigator from the City Attorney's office at the Legal Aid

13  Foundation of Los Angeles.

14      16.    During the meeting, Ms. Fitzgerald represented that she had not

15  read Ms. Myers's October 8, 2015 letter.

16      17.    During the meeting, we discussed the City's failure to provide

17  any responsive emails.  Ms. Fitzgerald indicated that there were two email

18  systems used by the City:  one used by LAPD that had a higher security

19  level, and one by the rest of the City, which is run by Google.  With regards

20  to the LAPD email system, Ms. Fitzgerald stated that the requests were

21  overbroad, and Ms. Myers offered to limit the requests to specific

22  departments within the LAPD.

23      18.    Ms. Fitzgerald also represented that the LAPD deletes all

24  emails after one year, and represented that they could not produce any

25  emails prior to October 9, 2014.  We raised concerns that relevant

26  documents had been deleted, and reminded Ms. Fitzgerald that the case had

27  been ongoing since before October 2014, and that we had propounded the

28  discovery in July 2014.

19.     Ms. Fitzgerald stated that she would have to get more information from LAPD, and that she would provide us a declaration from the IT department, explaining the LAPD's limitations.

20.     With regards the City, Ms. Fitzgerald explained that the City was switching its email systems, and during the transition, the City would not be able to search for emails responsive to requests.  She stated that she would produce a declaration attesting to this fact.  She also offered to continue the discovery cutoff date if need be, based on the City's inability to provide responsive documents.

21.     We also discussed Ms. Fitzgerald's objections to our definition of City.  Ms. Fitzgerald represented that she had searched a number of departments for responsive documents, but would not identify which departments she had searched.  She suggested that we should limit the scope of the requests for production to the Bureau of Sanitation, Public Works, the Los Angeles Police Department, and the Office of the City Clerk

22.     We suggested that this list was too narrow because we believed that there would be highly relevant documents in the Chief Administrative Office, the Office of the Mayor and relevant City Council offices, and perhaps other offices.  Because significant time had already passed since we propounded the discovery in July, we requested that she identify which departments she had already searched for documents.  Ms. Myers offered that we would consider limiting our requests to just those departments and suggested that we use the approach that is common in electronic discovery.  Ms. Fitzgerald refused to provide us that information and asserted that we needed to limit our definition of City to specific departments.  When I informed her that this was problematic because there was an asymmetry of information, and as the Counsel for the City, Ms. Fitzgerald was in a better position to identify which departments would have responsive documents.

4

1   She informed us that she did not know what every city department did, and

2   that we would need to identify the departments.

3        23.   The parties were unable to discuss all of Plaintiff's concerns

4   during the meeting, and Ms. Fitzgerald requested that we continue on a later

5   date.

6        24.   On October 15, 2015, Plaintiff's counsel sent Ms. Fitzgerald a

7   letter summarizing our meet and confer efforts to date.  A true and correct

8   copy of the letter is attached as Exhibit Q.

9        25.   On October 16, 2015, Plaintiff's counsel had a conference call

10   with Ms. Fitzgerald, which I attended along with Ms. Myers.  During the

11   call, we again discussed Defendant's refusal to search departments for

12   responsive documents.  Ms. Myers asked her which departments were likely

13   to have responsive documents, to which Ms. Fitzgerald responded that all

14   departments were likely to have responsive documents.  We again suggested

15   that we were still willing to limit the requests, but would need Ms. Fitzgerald

16   to identify which departments she had searched.  She refused.

17        26.   During our call, we discussed each of Plaintiffs' discovery

18   requests. Plaintiff's counsel asked Ms. Fitzgerald to identify any limitations

19   she had placed on the responses.  She refused.

20        27.   The call was interrupted a fire alarm in the City Attorney's

21   office.  The parties agreed to meet again to finish the meet and confer

22   discussion.

23        28.   On October 19, 2015, I had a call with Ms. Fitzgerald.  During

24   the call, she agreed to provide declarations concerning the unavailability of

25   documents by October 27, 2015, and supplemental responses to some of the

26   requests by October 30, 2015  Plaintiffs' counsel requested that any further

27   documents be produced by October 30, 2015, but Defendant's counsel said

28   that was not possible.

29.     On October 27, 2015, when we did not receive the declarations from Ms. Fitzgerald as promised, I sent her an email, asking about the status of the declarations and requesting that she send us a courtesy copy if she mailed them.  She did not respond.  A true and correct copy of the email I sent to Ms. Fitzgerald is attached as Exhibit R.

30.     On October 28, 2015, we sent Ms. Fitzgerald another follow up letter and made a number of concessions to address the City's objections of burden and overbreadth, including limiting the departments that we expected the City to search for responsive documents to the LAPD, Bureau of Sanitation Services, Bureau of Street Services, Public Works, the City Controller, the City Administrative Offices, the City Clerk, the City Council Committee on Economic Development and the new committee on Homelessness and Poverty, and the Council Members from the district in which the BID was located.  Defendants did not respond to this letter. In my email sending the letter, I also asked about the status of the declarations, which the City had agreed to send on October 28, 2015. The letter also requested that any further documents to be produced be produced by November 4.  Ms. Fitzgerald also did not respond to this email.  A true and correct copy of the email, together with the letter attached to that email, is attached as Exhibit S.

31.     On October 30, 2015, we received a declaration of Agnes Lung-Tam, a Chief Management Analyst with the City of Los Angeles, dated October 28, 2015.  A true and correct copy of the declaration is attached as Exhibit T.

32.     On October 30, 2015, I spoke to Ms. Fitzgerald and she informed me that she was working on the amended responses and would send them via personal delivery on Monday, November 2.

33.     We did not receive the supplemental responses on November 2. I received a voicemail message from Ms. Fitzgerald informing me that she would need until the end of the week to provide us with responses.  We did receive a declaration from Leshon Frierson, a Senior Systems Analyst with the Information Technology Division of the Los Angeles Police Department, dated October 29, 2015.  A true and correct copy of the declaration is attached as Exhibit U.

34.     On November 2, Ms. Myers sent Ms. Fitzgerald a letter, asking for a response to our offer to limit the discovery responses, and requesting that the supplemental responses be provided on November 6 via email or personal service as she had previously promised.  A true and correct copy of the letter is attached as Exhibit V.

35.     On November 3, 2015, Ms. Myers sent Ms. Fitzgerald a letter in response to the declaration from Leshon Frierson, offering to limit the requests for emails from the LAPD, in order to address the concerns articulated in the letter.  A true and correct copy of that letter is attached as Exhibit W.

36.     On November 4, I received an email from Ms. Fitzgerald, stating that she would be providing us responsive documents on November 16.  She did not respond to any of our requests to provide clarification or acceptance of our proposed limitations.  She also did not address our November 3, 2015 letter.  I responded to the email on Wednesday, November 4, 2015.  A true and correct copy of the email correspondence is attached as Exhibit X.

37.     On November 5, 2015, our office received a production of approximately 130 documents consisting of police records and documents related to an audit of CCEA.

Declaration of Catherine Sweetser in Support of Plaintiffs' Portion of the Joint Stipulation

38.     I was out of the office on November 6, 2015, but I was informed and believe that our office did not receive responses on November 6 as promised. On November 9, 2015, my office received the supplemental responses and an amended privilege log in the mail.  Those supplemental responses and privilege log were previously attached as Exhibit D and E.

39.     On November 16, 2015, my office received additional documents responsive to the requests.  The supplemental production consists primarily of Council Files that are publically available through the City Clerk's website.  The production did not include any emails or other notes we requested from the City.

40.     A true and correct copy of the scheduling order in this case is attached as Exhibit Y.

41.     As of November 24, 2015, I have spent much more than 9 hours on the meet and confer process and organizing the motion in this case. as evidenced by the attached spreadsheet at Exhibit Z.  I reduced my hours considerably and did not include any time spent reviewing Defendants' responses, conferring with my co-counsel, or emailing with opposing counsel.  Those hours include only drafting meet and confer letters, hours spent meeting and conferring over the motion, and hours spent editing the motion and this declaration.   I am requesting fees for 9 hours of my time.

///

///

///

///

///

///

///

8

42.    I am a 2008 graduate of New York University School of Law. My current billable rate is $500.00.  Therefore, I am requesting $4500.00 in attorneys' fees related to the filing of this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2015 at Los Angeles, California

Catherine Sweetser

Declaration of Catherine Sweetser in Support of Plaintiffs' Portion of the Joint Stipulation

EXHIBIT A

Fernando Gaytan (SBN 224712) fgaytan@lafla.org
Paul J. Estuar (SBN 167764) pestuar@lafla.org
Shayla R. Myers (SBN 264054) smyers@lafla.org
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel:   (213) 640-3983
Fax:   (213) 640-3988

Paul L. Hoffman (SBN 71244)
Catherine Sweetser (SBN 271142) catherine.sdshhh@gmail.com
**SCHONBRUN DeSIMONE SEPLOW HARRIS & HOFFMAN, LLP**
723 Ocean Front Walk, Suite 100
Venice, CA 90291
Tel: (310) 396-0731
Fax: (310) 399-7040

Attorneys for Plaintiff, CANGRESS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES CATHOLIC WORKER, AN UNINCORPORATED ASSOCIATION; CANGRESS, A NON-PROFIT CORPORATION; HARRY JAMES JONES, LOUIS GRADY, LLOYD HINKLE, WALTER SHOAF, INDIVIDUALS,<br><br>Plaintiff(s),<br><br>vs.<br><br>LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT, CENTRAL CITY EAST ASSOCIATION, INC., CITY OF LOS ANGELES; DOES 1 -10,<br><br>Defendant(s). | CASE NO. CV 14-07344 PSG (AJWx)<br><br>Hon. Phillip S. Gutierrez<br><br><u>DISCOVERY MATTER</u><br><br>PLAINTIFF CANGRESS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF LOS ANGELES – SET ONE |

| | |
|---|---|
| **PROPOUNDING PARTY:** | **PLAINTIFF, CANGRESS** |
| **RESPONDING PARTY:** | **DEFENDANT, CITY OF LOS ANGELES** |
| **SET NO.:** | **ONE** |

Pursuant to the Rule 34 of the *Federal Rules of Civil Procedure,* Cangress requests that the CITY of Los Angeles ("CITY") serve a written response as required by Rule F.R.Civ.P. 34(b) within 30 days of service (excluding time for mailing).

## DEFINITIONS

WRITING or DOCUMENT shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or COMMUNICATION is recorded, reproduced or represented, including each and any book, record, correspondence, report, computer databases, radio calls, MDT transmissions and recordings, memoranda, electronic mail (i.e., e-mail), contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message, file, telephone log, telephone message, check, microfilm, microfiche, picture, photograph, printout, electronic data compilation, tape, diskette, drive, removable media, CD, DVD, DAT, Metadata, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other COMMUNICATION of any type, including inter-office COMMUNICATIONS, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletins, notices, instructions, resolutions,

reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description, and shall include each and every original produced or reproduced by any method, all non-identical copies (whether difference from the original because of notes made in or attached to such copy, or otherwise), all data compilations from which information can be obtained (translated, if necessary, into reasonably usable form) and any preliminary versions, drafts or revisions of any of the foregoing, in the Defendant's possession or control, or subject to its control, or to which it has access.

BID OFFICERS refers to any individual employed by or otherwise acting on behalf of the Los Angeles Downtown Industrial District and/or the Central City East Association to perform security or maintenance services within the Los Angeles Downtown Industrial District and includes those individuals that patrol the Los Angeles Downtown Industrial District on foot, by bicycle, or in a motor vehicle as well as those that perform maintenance within the LADID. regardless of whether that individual is employed directly by the CCEA and/or LADID or provides work pursuant to a contract with the CCEA and/or LADID.

CCEA refers to the Central City East Assocation.

CITY refers to the City of Los Angeles, and unless otherwise indicated, includes any department, office, agency or entity within or part of the City of Los Angeles, including but not limited to the Mayor's Office, the City Council, Office of the City Attorney, the Office of the City Clerk, and the Los Angeles Police Department.

COMMUNICATIONS means and includes every means of transmitting information from one person or organization to another that results in the creation of a DOCUMENT, paper or electronic, including but not limited to letters, ,

memorandum, notes, email, facsimile transmissions, work orders, videotape, calendars, texts, IMs, and day planners.

LADID refers to the Los Angeles Downtown Industrial District.

*LAVAN V. CITY OF LOS ANGELES* refers to U.S. District Case Number CV 11-2874 PSG (AJWx), Central District of California and unless otherwise indicated, includes appeals to or petitions for certiori filed with the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court.

THE *LAVAN* INJUNCTION refers to the Preliminary Injunction granted by District Court Judge Guttierez on June 23, 2011 in *LAVAN V. CITY OF LOS ANGELES*.

*JONES V. CITY OF LOS ANGELES* refers to U.S. District Court Case Number No. CV-03-01142-ER, Central District of California and unless otherwise indicated, includes appeals to or petitions for certiori filed with the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court.

The *JONES* SETTLEMENT refers to the settlement agreement between the Plaintiffs and the CITY of Los Angeles in *JONES V. CITY OF LOS ANGELES*.

STORAGE FACILITY means the "Check-In Center," as identified on the website of the CCEA, and located at 1215 E. 7th Street and subject to a contract with the Los Angeles Homeless Services Authority.

## PRIVILEGES

If you claim the attorney-client privilege, or any other privilege, is applicable to any DOCUMENT of the production which is sought by these requests, the DOCUMENT need not be produced, but You shall, with respect to the DOCUMENT be prepared to:

1.   State the date of the DOCUMENT;

2.   Identify each author of the DOCUMENT;

4

3.   Identify each other person who prepared or participated in the preparation of the DOCUMENT;

4.   Identify each person who received the DOCUMENT;

5.   Identify each person from whom the DOCUMENT was received;

6.   State the present location of the DOCUMENT and all copies thereof;

7.   Identify each person having custody or control of the DOCUMENT and all copies thereof; and

8.   State the subject of the DOCUMENT and such other information as will allow Your claim of privilege to be adjudicated.

## RELEVANT TIME

The relevant time period for the DOCUMENTS requested, unless otherwise indicated, is from January 1, 2000 to the present.

## ITEMS REQUESTED

1.   All DOCUMENTS identified by You in Your Rule 26 disclosure statement;

2.   All DOCUMENTS that refer to or relate to any of the individual plaintiffs in this action;

3.   All DOCUMENTS that refer to or relate to the Los Angeles Catholic Worker, also known as "the Hippie Kitchen";

4.   All DOCUMENTS constituting or referring or relating to LAPD's policies, directives and orders that refer or relate to BID OFFICERS or any security officers or maintenance staff of any Business Improvement District;

5.   All DOCUMENTS constituting or related to LAPD's policies, directives, and orders concerning the homeless population, including but not limited to the homeless population the Skid Row area;

6.      Training material, including training bulletins, for LAPD officers and/or personnel that refer to or relate to interactions with BID OFFICERS r any security officers or maintenance staff of any Business Improvement District;

7.      All DOCUMENTS that relate to, refer to or discuss the authority of the CCEA and/or LADID or any other Business Improvement District to enforce any municipal ordinances, including but not limited to LAMC 56.11 and/or LAMC 41.18;

8.      All phone logs that document COMMUNICATIONS between BID OFFICERS and LAPD dispatch;

9.      All phone records indicating any phone calls between CCEA and/or LADID and any member of the Los Angeles Police Department;

10.      All complaints, police reports or grievances filed with the CITY against or regarding CCEA and/or LADID, including but not limited to complaints, police reports, or grievances against or involving BID OFFICERS;

11.      All DOCUMENTS related to any investigation, response or COMMUNICATION regarding or related to any complaint, police report or grievance filed with the CITY against or regarding CCEA and/or LADID, including against or involving BID OFFICERS;

12.      All DOCUMENTS referring to or constituting COMMUNICATIONS between the LAPD and the LADID and/or CCEA since January 1, 2000 concerning strategies or polices for interacting with, handling, or otherwise dealing with the homeless population on Skid Row;

13.      All DOCUMENTS referring to or constituting COMMUNICATIONS between the LAPD and the LADID and/or CCEA since January 1, 2000 concerning strategies or polices for interacting with, handling, or otherwise dealing with property in Skid Row;

6

14.   All DOCUMENTS, including notes, agendas, or calendars that reference or relate to any meetings between the CITY and the CCEA and/or LADID related to homelessness on Skid Row;

15.   All DOCUMENTS, including notes, agendas, or calendars, that reference or relate to any meetings of the Skid Row Task Force or any other group assembled by the CITY to address issues of homelessness on Skid Row;

16.   All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code Section 56.11;

17.   All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code Section 41.18;

18.   All DOCUMENTS referring to or constituting COMMUNICATIONS between CCEA and/or LADID staff, agents, and/or employees, and the CITY that refer or relate to *JONES V. CITY OF LOS ANGELES*, including but not limited to COMMUNICATIONS related to or referring to the CITY's or CCEA/LADID's response to the *JONES* SETTLEMENT;

19.   All DOCUMENTS referring to or constituting COMMUNICATIONS between CCEA and/or LADID staff, agents, and/or employees, and the CITY that refer or relate to *LAVAN V. CITY OF LOS ANGELES*, including but not limited to COMMUNICATIONS related to or referring to the CITY's or CCEA/LADID's response to the *LAVAN* INJUNCTION;

20.   All DOCUMENTS regarding or referring to CCEA/LADID's seizure or destruction of abandoned property;

21.   All DOCUMENTS related to or constituting COMMUNICATIONS with the CITY related to or regarding the storage of property taken, seized, or otherwise obtained by BID OFFICERS;   7

22.     All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID regarding or referring to the CITY's seizure or destruction of abandoned property;

23.     All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID related to or regarding the storage of property taken, seized, or otherwise obtained by the CITY;

24.     All DOCUMENTS related to or constituting COMMUNICATIONS with the CCEA and/or LADID related to or regarding the CITY's Healthy Streets Initiative or any other effort by the CITY to clean streets and/or sidewalks in the LADID or area known as Skid Row;

25.     All DOCUMENTS that discuss Business Improvement Districts generally;

26.     All manuals, directives, policies or procedures related to the creation of a Business Improvement District generally;

27.     All manuals, directives, policies or procedures related to the management, administration, or oversight of a Business Improvement District generally;

28.     All DOCUMENTS that discuss, refer to or relate to the role of the CITY in creating, administering, managing, or operating a Business Improvement District;

29.     All DOCUMENTS provided to Owners Associations regarding the creation, administration, operation or management of a Business Improvement District;

30.     All DOCUMENTS that refer or relate to the authority of a Business Improvement District or any of its agents, subcontractors, or employees to enforce any provision of the Los Angeles Municipal Code or state law;

8

31.     All DOCUMENTS referring to or constituting COMMUNICATIONS with any Business Improvement District or any Owner's Association contracted with the CITY to manage a Business Improvement District regarding the authority of a Business Improvement District or any of its agents, subcontractors, or employees to enforce any provisions of the Los Angeles Municipal Code or state law;

32.     All DOCUMENTS referring to or constituting COMMUNICATIONS with the Los Angeles BID consortium regarding the authority of a Business Improvement District or any of its agents, subcontractors, or employees to enforce any provisions of the Los Angeles Municipal Code or state law;

33.     All DOCUMENTS related to the creation of the LADID;

34.     All DOCUMENTS submitted by the LADID and/or CCEA related to the creation of the LADID;

35.     All DOCUMENTS related to the 2009 renewal of the LADID;

36.     All DOCUMENTS related to the 2014 renewal of the LADID;

37.     One copy of each Annual Report submitted to the CITY by the CCEA/LADID since the LADID was created;

38.     All DOCUMENTS that refer to or constitute COMMUNICATIONS between the CCEA and/or LADID and the Office of the CITY Clerk;

39.     All DOCUMENTS related to or referring to the administration of the LADID;

40.     Any and all COMMUNICATIONS between the Office of the CITY Clerk and Council District 14 regarding or related to the CCEA and/or the LADID;

41.     Any contracts or agreements between the CCEA and the CITY for the administration of the LADID;

42.     All DOCUMENTS that evidence, refer to, or discuss the role of the Office of the CITY Clerk in administering Business Improvement Districts;

43.    All DOCUMENTS referring to or related to any audits done of the CCEA and/or LADID;

44.    All DOCUMENTS referring to or related to any audits done of any CITY department or agency with regards to its relationship with the CCEA and/or LADID;

45.    Any and all policies, directives, manuals or bulletins concerning the handling of property belonging to homeless individuals during the course of street cleaning operations conducted by the CITY beginning in February 2012;

46.    All DOCUMENTS that refer to or relate to *Cervantes v. International Services, Inc.*, Los Angeles Superior Court Case No. BC220226;

47.    All DOCUMENTS referring to or constituting COMMUNICATIONS between CCEA and/or LADID staff, agents, and/or employees, and the CITY that refer or relate to *LAVAN V. CITY OF LOS ANGELES*, including but not limited to COMMUNICATIONS related to or referring to the CITY's response to the *LAVAN* INJUNCTION;

48.    All DOCUMENTS that discuss, refer or relate to *LAVAN V. CITY OF LOS ANGELES* and CCEA and/or LADID or any other Business Improvement District;

49.    All DOCUMENTS that refer to or relate to the STORAGE FACILITY;

50.    Any DOCUMENTS that refer to, relate to or constitute any agreements between the CITY and the CCEA and/or LADID to store property taken, seized or otherwise obtained by the CITY, including but not limited to property taken, seized, or obtained by the LAPD following the arrest of an individual;

51.    All DOCUMENTS that refer to or relate to any agreements between the CITY and the CCEA and/or LADID to store personal property taken, seized or

1 | otherwise obtained by the CITY, including but not limited to property taken or
2 | seized by the LAPD following the arrest of an individual;

3 | 52. All DOCUMENTS that discuss, refer to or relate to the CITY's
4 | capacity to store homeless individuals' personal property that has been taken,
5 | seized, or otherwise obtained by the CITY;

6 | 53. All DOCUMENTS that discuss, refer to or relate to the need for
7 | storage facilities to store homeless individuals' personal property that has been
8 | taken, seized, or otherwise obtained by the CITY;
9 |

10 | 54. All DOCUMENTS that discuss, refer to or relate to the creation,
11 | management, or operation of the facility known as "the Bin," and which is used to
12 | store homeless individuals' property, located at 5th and Towne in Downtown Los
13 | Angeles;

14 | 55. All DOCUMENTS that discuss refer to or relate to the use of "the
15 | Bin" for the storage of homeless individuals' personal property that has been taken,
16 | seized or otherwise obtained by CCEA and/or the LADID;

17 | 56. All statistics or data related to the capacity or use of "the Bin" for the
18 | voluntary storage of individuals' personal property;

19 | 57. All statistics or data related to the capacity or use of "the Bin" for the
20 | storage of homeless individuals' personal property that has been taken, seized, or
21 | otherwise obtained by the CITY;

22 | 58. All DOCUMENTS that refer to or constitute COMMUNICATIONS
23 | between the CITY and the CCEA and/or LADID regarding or related to the
24 | creation, management or operation of "the Bin";

25 | 59. All policies or procedures that relate to the disposition of homeless
26 | individuals' personal property that has been taken, seized, or otherwise obtained by
27 | the CITY;
28 |

11

60.     All audio and/or video recordings, photographs, or other documentation of encampments and/or personal property on the streets or sidewalks in Skid Row and/or the LADID.

61.     All audio and/or video recordings, photographs, or other documentation that depicts BID OFFICERS taking, seizing and/or destroying any property within the LADID.

62.     All audio and/or video recordings, photographs, or other documentation that depicts the CITY taking, seizing and/or destroying any property within the LADID.

63.     All audio and/or video recordings, photographs, or other documentation of any property that has been confiscated, taken, seized and/or destroyed by BID OFFICERS or any other employee or agent of CCEA and/or LADID.

64.     All audio and/or video recordings, photographs, or other documentation of any property that has been confiscated, taken, seized and/or destroyed by the CITY.

65.     All audio and/or video recordings, photographs, or other documentation that depicts BID OFFICERS performing any of their duties within the LADID.

66.     All audio and/or video recordings, photographs, or other documentation taken by the CITY  pursuant to any policy or procedure related to the seizure or destruction of property within the LADID.

67.     Any and all service logs, MDT transmissions, radio calls, watch commanders' and/or sergeant's reports, and any other DOCUMENT which reflects, refers to, or evidences an LAPD employee's presence during seizure of property by the BID or CCEA.

PLAINTIFF CANGRESS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT CITY OF LOS ANGELES - SET ONE

68.     Any and all service logs, MDT transmissions, radio calls, watch commanders' and/or sergeant's reports, and any other DOCUMENT which reflects, refers to, or evidences Officer Zambrano's location  and/or Officer Zambrano's communication with LADID employees or contractors and/or Officer Zambrano's observations of LADID employees or contractors during the hours of 6:30 AM to 9 PM on June 30, 2014;

69.     Any and all DOCUMENTS evidencing or reflecting the presence of any LAPD officer during the removal of Lloyd Hinkle's property on June 30, 2014.

Dated: July 15, 2015                  Legal Aid Foundation of Los Angeles
                                      Schonbrun DeSimone Seplow Harris
                                        & Hoffman, LLP

                              By: _____
                                      Shayla Myers
                                      Attorney for Plaintiff, CANGRESS

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                      )
COUNTY OF LOS ANGELES )

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 7000 S. Broadway, Los Angeles, California 90003.

     On July 16, 2015 I served the within:

**PLAINTIFF CANGRESS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF LOS ANGELES – SET ONE**

on the interested parties in this action:

☐    **By Email:**  Personally transmitting the document(s) via electronic service to the e-mail addresses set forth below on this date.
*(SEE ATTACHED MAILING SERVICE LIST)*

☒    **(BY U.S. MAIL)**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. *[C.C.P. §§ 1012 and 1013(a)]*

☒    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 16, 2015 at Los Angeles, California.

_Susan Lincoln_
Susan Lincoln

## SERVICE LIST

Paul L. Hoffman, Esq.
Catherine Sweetser, Esq.
**SCHONBRUN DeSIMONE SEPLOW**
   **HARRIS & HOFFMAN, LLP**
723 Ocean Front Walk, Suite 100
Venice, CA 90291
Tel:  (310) 396-0731
Fax: (310) 399-7040
Attorneys for Plaintiffs


Michael N Feuer, Esq.
Thomas H. Peters, Esq.
Ronald S. Whitaker, Esq.
Elizabeth T. Fitzgerald, Esq.
Email: Elizabeth.fitzgerald@lacity.org
200 No. Main St.,
CITY Hall East 9th Floor
Los Angeles, CA 90012
**Attorney for Defendant CITY of Los Angeles**


Kevin H. Brogan, Esq.
Elissa L. Gysi, Esq.
Hill, Farrer & Burrill, LLP
Email: kbrogan@hfbllp.com; egysi@hfbllp.com
One California Plaza
300 S. Grand Ave. 37th Floor
Los Angeles, CA 90071
**Attorneys for Defendant Los Angeles Downtown Industrial District Business Improvement District, and Central CITY East Association, Inc.**

EXHIBIT B

**MICHAEL N. FEUER,** City Attorney
**THOMAS H. PETERS,** Chief Assistant City Attorney
**RONALD S. WHITAKER,** Managing Assistant City Attorney
**ELIZABETH T. FITZGERALD,** Deputy City Attorney (SBN 158917)
Email:  Elizabeth.Fitzgerald@lacity.org
200 North Main Street, City Hall East, 9th Floor
Los Angeles, California 90012
Tel: (213) 473-6855
Fax: (213) 473-6818

*Attorneys for Defendant,* **CITY OF LOS ANGELES**

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES CATHOLIC WORKER, an unincorporated association; CANGRESS, a non-profit corporation; HARRY JAMES JONES, LOUIS GRADY, LLOYD HINKLE, WALTER SHOAF, individuals<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT, CENTRAL CITY EAST ASSOCIATION, INC., CITY OF LOS ANGELES; DOES 1-10<br><br>Defendants. | CASE NO.: CV14-7344 PSG (AJWx)<br><br>**DEFENDANT CITY OF LOS ANGELES' RESPONSE TO PLAINTIFF CANGRESS' REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>**[SET ONE]** |

1

1   ASKING PARTY:        PLAINTIFF CANGRESS

2   ANSWERING PARTY:  DEFENDANT CITY OF LOS ANGELES

3   SET NO.:             ONE

4

5   REQUEST FOR PRODUCTION NO. 1:

6        All DOCUMENTS identified by You in Your Rule 26 disclosure statement.

7   RESPONSE TO REQUEST FOR PRODUCTION NO.1:

8        Defendant produces responsive documents herewith.

9   REQUEST FOR PRODUCTION NO. 2:

10       All DOCUMENTS that refer to or relate to any of the individual plaintiffs in

11  this action.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

13       Defendant objects to this request for production on the grounds that it is

14  vague, overbroad, burdensome and oppressive.  Further, Defendant objects to this

15  request on the grounds that it seeks information which is protected by the work

16  product privilege, attorney client privilege and third party right to privacy.

17  Without waiving said objections, and to the extent this request is not objectionable,

18  Defendant produces responsive documents herewith.

19  REQUEST FOR PRODUCTION NO. 3:

20       All DOCUMENTS that refer to or relate to the Los Angeles Catholic

21  Worker, also known as "the Hippie Kitchen."

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

23       Defendant objects to this request for production on the grounds that it is

24  vague, overbroad, burdensome and oppressive.  Further, Defendant objects to this

25  request on the grounds that it seeks information which is protected by the work

26  product privilege and attorney client privilege and third party right to privacy.

27  Without waiving said objections, and to the extent this request is not objectionable,

28  Defendant produces responsive documents herewith.

1 | REQUEST FOR PRODUCTION NO. 4:

2 | All DOCUMENTS constituting or referring or relating to LAPD's policies,

3 | directives and orders that refer or relate to BID OFFICERS or any security officers

4 | or maintenance staff of any Business Improvement District.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

6 | Defendant objects to this request for production on the grounds that it is

7 | vague, overbroad, burdensome and oppressive.  Further, this request may seek

8 | information protected by the attorney client privilege, the work product privilege,

9 | the official information privilege, the self-critical analysis privilege and the

10 | deliberative process privilege.

11 | REQUEST FOR PRODUCTION NO. 5:

12 | All DOCUMENTS constituting or related to LAPDs' policies, directives,

13 | and orders concerning the homeless population, including but not limited to the

14 | homeless population the Skid Row area.

15 | RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

16 | Defendant objects to this request for production on the grounds that it is

17 | vague, overbroad, burdensome and oppressive.  Further, this request may seek

18 | information protected by the attorney client privilege, the work product privilege,

19 | the official information privilege, the self-critical analysis privilege and the

20 | deliberative process privilege.

21 | REQUEST FOR PRODUCTION NO. 6:

22 | Training material, including training bulletins, for LAPD officers and/or

23 | personnel that refer to or relate to interactions with BID OFFICERS or any security

24 | officers or maintenance staff of any Business Improvement District.

25 | RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

26 | Defendant objects to this request for production on the grounds that it is

27 | vague, overbroad, burdensome and oppressive.  Without waiving said objections,

28 | Defendant responds that LAPD has an extensive amount of training materials

1   which pertain to interactions with the public.  These training materials apply

2   equally to LAPD interactions with BID Officers.  LAPD does not have training

3   materials pertaining *specifically* to interactions with BID Officers and employees

4   of Business Improvement Districts.

5   REQUEST FOR PRODUCTION NO. 7:

6       All DOCUMENTS that relate to, refer to or discuss the authority of the

7   CCEA and/or LADID or any other Business Improvement District to enforce any

8   municipal ordinances, including but not limited to LAMC 56.11 and/or LAMC

9   41.18.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

11      Defendant objects to this production request on the grounds that it is vague,

12  ambiguous, overbroad, and seeks information not relevant to Plaintiffs' claims and

13  not likely to lead to the discovery of admissible evidence.  Without waiving said

14  objections,  CCEA and LADID do not enforce municipal ordinances, and thus no

15  such documents exist.

16  REQUEST FOR PRODUCTION NO. 8:

17      All phone logs that document COMMUNICATIONS between BID

18  OFFICERS and LAPD dispatch.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

20      Defendant objects to this production request on the grounds that it is vague

21  and overbroad. Without waiving said objections, Defendant responds that it has no

22  such documents.

23  REQUEST FOR PRODUCTION NO. 9:

24      All phone records indicating any phone calls between CCEA and/or LADID

25  and any member of the Los Angeles Police Department.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

27      Defendant objects to this request for production on the grounds that it is

28  vague, overbroad, burdensome and oppressive.

1  REQUEST FOR PRODUCTION NO. 10:

2  All complaints, police reports or grievances filed with the CITY against or

3  regarding CCEA and/or LADID, including but not limited to complaints, police

4  reports, or grievances against or involving BID OFFICERS.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

6  Defendant objects to this request for production on the grounds that it is

7  vague, overbroad, burdensome and oppressive.  Without waiving said objections,

8  and to the extent this request is not objectionable, Defendant produces responsive

9  documents herewith.

10  REQUEST FOR PRODUCTION NO. 11:

11  All DOCUMENTS related to any investigation, response or

12  COMMUNICATION regarding or related to any complaint, police report or

13  grievance filed with the CITY against or regarding CCEA and/or LADID,

14  including against or involving BID OFFICERS.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

16  Defendant objects to this request on the grounds that it is vague, overbroad,

17  and unintelligible. As presently worded, Defendant is unable to respond.

18  REQUEST FOR PRODUCTION NO. 12:

19  All DOCUMENTS referring to or constituting COMMUNICATIONS

20  between the LAPD and the LADID and/or CCEA since January 2000 concerning

21  strategies or policies for interacting with, handling, or otherwise dealing with the

22  homeless population on Skid Row:

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

24  Defendant objects to this request for production on the grounds that it is

25  vague, overbroad, burdensome and oppressive.  Further, this request seeks

26  information protected by the attorney client privilege, the work product privilege,

27  the official information privilege, the self-critical analysis privilege and the

28  deliberative process privilege.

1  REQUEST FOR PRODUCTION NO. 13:

2          All DOCUMENTS referring to or constituting COMMUNICATIONS

3  between the LAPD and the LADID and/or CCEA since January 1, 2000

4  concerning strategies or policies for interacting with, handling, or otherwise

5  dealing with property in Skid Row.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

7          Defendant objects to this request for production on the grounds that it is

8  vague, overbroad, burdensome and oppressive.  Further, this request seeks

9  information protected by the attorney client privilege, the work product privilege,

10  the official information privilege, the self-critical analysis privilege and the

11  deliberative process privilege.

12  REQUEST FOR PRODUCTION NO. 14:

13          All DOCUMENTS, including notes, agendas, or calendars that reference or

14  relate to any meetings between the CITY and the CCEA and/or LADID related to

15  homelessness on Skid Row.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

17          Defendant objects to this request for production on the grounds that it is

18  vague, overbroad, burdensome and oppressive.  Further, this request seeks

19  information protected by the attorney client privilege, the work product privilege,

20  the official information privilege, the self-critical analysis privilege and the

21  deliberative process privilege.

22  REQUEST FOR PRODUCTION NO. 15:

23          All DOCUMENTS, including notes, agendas, or calendars that reference or

24  relate to any meetings of the Skid Row Task Force or any other group assembled

25  by the CITY to address issues of homelessness on Skid Row.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

27          Defendant objects to this request for production on the grounds that it is

28  vague, overbroad, burdensome and oppressive.  Further, this request seeks

1   information protected by the attorney client privilege, the work product privilege,

2   the official information privilege, the self-critical analysis privilege and the

3   deliberative process privilege.

4   REQUEST FOR PRODUCTION NO. 16:

5        All DOCUMENTS related to or constituting COMMUNICATIONS with the

6   CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code

7   Section 56.11.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

9        Defendant objects to this request for production on the grounds that it is

10  vague, overbroad, burdensome and oppressive. Further, this request seeks

11  information protected by the attorney client privilege, the work product privilege,

12  the official information privilege, the self-critical analysis privilege and the

13  deliberative process privilege. Additionally, this request seeks information which

14  violates third parties' right to privacy.

15  REQUEST FOR PRODUCTION NO. 17:

16       All DOCUMENTS related to or constituting COMMUNICATIONS with the

17  CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code

18  Section 41.18.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

20       Defendant objects to this request for production on the grounds that it is

21  vague, overbroad, burdensome and oppressive. Further, this request seeks

22  information protected by the attorney client privilege, the work product privilege,

23  the official information privilege, the self-critical analysis privilege and the

24  deliberative process privilege. Additionally, this request seeks information which

25  violates third parties' right to privacy.

26  REQUEST FOR PRODUCTION NO. 18:

27       All DOCUMENTS referring to or constituting COMMUNICATIONS

28  between CCEA and/or LADID staff, agents, and/or employees, and the CITY that

1  refer or related to *JONES V. CITY OF LOS ANGELES*, including but not limited to

2  COMMUNICATIONS related to or referring to the CITY's or CCEA/LADID's

3  response to the *JONES* SETTLEMENT.

4  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18:</u>

5  　　Defendant objects to this production request on the grounds that it is vague,

6  overbroad, burdensome and oppressive.  Further it seeks information not relevant

7  to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.

8  Additionally, this request seeks information protected by the attorney client

9  privilege, the work product privilege, the official information privilege, the self-

10  critical analysis privilege and the deliberative process privilege.

11  <u>REQUEST FOR PRODUCTION NO. 19:</u>

12  　　All DOCUMENTS referring to or constituting COMMUNICATIONS

13  between CCEA and/or LADID staff, agents, and/or employees, and the CITY that

14  refer or related to *LAVAN V. CITY OF LOS ANGELES*, including but not limited to

15  COMMUNICATIONS related to or referring to the CITY's or CCEA/LADID's

16  response to the *LAVAN* INJUNCTION.

17  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>

18  　　Defendant objects to this request for production on the grounds that it is

19  vague, overbroad, burdensome and oppressive.  Further, this request seeks

20  information protected by the attorney client privilege, the work product privilege,

21  the official information privilege, the self-critical analysis privilege and the

22  deliberative process privilege.

23  <u>REQUEST FOR PRODUCTION NO. 20:</u>

24  　　All DOCUMENTS regarding or referring to CCEA/LADID's seizure or

25  destruction of abandoned property.

26  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>

27  　　Defendant objects to this production request on the grounds that it is vague,

28  overbroad, burdensome and oppressive.  Further, this request seeks information

1  protected by the attorney client privilege, the work product privilege, the official
2  information privilege, the self-critical analysis privilege and the deliberative
3  process privilege.

4  REQUEST FOR PRODUCTION NO. 21:

5      All DOCUMENTS related to or constituting COMMUNICATIONS with the
6  CITY related to or regarding the storage of property taken, seized, or otherwise
7  obtained by BID OFFICERS.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

9      Defendant objects to this production request on the grounds that it is vague,
10 overbroad, burdensome and oppressive.  Further, this request seeks information
11 protected by the attorney client privilege, the work product privilege, the official
12 information privilege, the self-critical analysis privilege and the deliberative
13 process privilege.

14 REQUEST FOR PRODUCTION NO. 22:

15     All DOCUMENTS related to or constituting COMMUNICATIONS with the
16 CCEA and/or LADID regarding or referring to the CITY's seizure or destruction
17 of abandoned property

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

19     Defendant objects to this production request on the grounds that it is vague,
20 overbroad, burdensome and oppressive.  Further, this request seeks information
21 protected by the attorney client privilege, the work product privilege, the official
22 information privilege, the self-critical analysis privilege and the deliberative
23 process privilege.

24 REQUEST FOR PRODUCTION NO. 23:

25     All DOCUMENTS related to or constituting COMMUNICATIONS with the
26 CCEA and/or LADID related to or regarding the storage of property taken, seized,
27 or otherwise obtained by the CITY.

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

2       Defendant objects to this production request on the grounds that it is vague,

3  overbroad, burdensome and oppressive.  Further, this request seeks information

4  protected by the attorney client privilege, the work product privilege, the official

5  information privilege, the self-critical analysis privilege and the deliberative

6  process privilege.

7  REQUEST FOR PRODUCTION NO. 24:

8       All DOCUMENTS related to or constituting COMMUNICATIONS with the

9  CCEA and/or LADID related to or regarding the CITY's Healthy Streets Initiative

10  or any other effort by the CITY to clean streets and/or sidewalks in the LADID or

11  area known as Skid Row.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

13       Defendant objects to this production request on the grounds that it is vague,

14  overbroad, burdensome and oppressive.  Further, this request seeks information

15  protected by the attorney client privilege, the work product privilege, the official

16  information privilege, the self-critical analysis privilege and the deliberative

17  process privilege. Without waiving said objections, and to the extent this request is

18  not objectionable, Defendant produces responsive documents herewith.

19  REQUEST FOR PRODUCTION NO. 25:

20       All DOCUMENTS that discuss Business Improvement Districts generally.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

22       Defendant objects to this request for production on the grounds that it is

23  vague, overbroad, burdensome and oppressive.  Further, this request seeks

24  information protected by the attorney client privilege, the work product privilege,

25  the official information privilege, the self-critical analysis privilege and the

26  deliberative process privilege.

27

28

1  REQUEST FOR PRODUCTION NO. 26:

2      All manuals, directives, policies or procedures related to the creation of a

3  Business Improvement District generally.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

5      Defendant objects to this request for production on the grounds that it is

6  vague, overbroad, burdensome and oppressive. Without waiving said objections,

7  and to the extent this request is not objectionable, Defendant produces responsive

8  documents herewith.

9  REQUEST FOR PRODUCTION NO. 27:

10      All manuals, directives, policies or procedures related to the management,

11  administration, or oversight of a Business Improvement District generally.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

13      Defendant objects to this request for production on the grounds that it is

14  vague, overbroad, burdensome and oppressive. Without waiving said objections,

15  and to the extent this request is not objectionable, Defendant produces responsive

16  documents herewith.

17  REQUEST FOR PRODUCTION NO. 28:

18      All DOCUMENTS that discuss, refer to or relate to the role of the CITY in

19  creating, administering, managing, or operating a Business Improvement District.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

21      Defendant objects to this request for production on the grounds that it is

22  vague, overbroad, burdensome and oppressive. Further, this request seeks

23  information protected by the attorney client privilege, the work product privilege,

24  the official information privilege, the self-critical analysis privilege and the

25  deliberative process privilege. Without waiving said objections, and to the extent

26  this request is not objectionable, Defendant produces responsive documents

27  herewith.

28

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS provided to Owners Association regarding the creating, administration, operating or management of a Business Improvement District.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS that refer or relate to the authority of a Business Improvement District or any of its agents, subcontractors, or employees to enforce any provision of the Los Angeles Municipal Code or state law.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Defendant objects to this production request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds that employees of a Business Improvement District are not peace officers or code enforcement officers, and therefore are not authorized to enforce provisions of the Los Angeles Municipal Code or state law. As such, there are no responsive documents to this request.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS referring to or constituting COMMUNICATIONS with any Business Improvement District or any Owner's Association contracted with the CITY to manage a Business Improvement District regarding the authority of a Business Improvement District or any of its agents, subcontractors, or employees to enforce any provisions of the Los Angeles Municipal Code or state law.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Defendant objects to this production request on the grounds it is vague and ambiguous. Employees of a Business Improvement District are not peace officers

1  or code enforcement officers, and therefore are not authorized to enforce

2  provisions of the Los Angeles Municipal Code or state law.  As such, there are no

3  responsive documents to this request.

4  REQUEST FOR PRODUCTION NO. 32:

5      All DOCUMENTS referring to or constituting COMMUNICATIONS with

6  the Los Angeles BID consortium regarding the authority of a Business

7  Improvement District or any of its agents, subcontractors, or employees to enforce

8  any provisions of the Los Angeles Municipal Code or state law.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

10      Defendant objects to this production request on the grounds it is vague and

11  ambiguous.  Defendant objects this request on the grounds that employees of a

12  Business Improvement District are not peace officers or code enforcement officers,

13  and therefore are not authorized to enforce provisions of the Los Angeles

14  Municipal Code or state law.  As such, there are no responsive documents to this

15  request.

16  REQUEST FOR PRODUCTION NO. 33:

17      All DOCUMENTS related to the creation of the LADID.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

19      Defendant objects to this request for production on the grounds that it is

20  vague, overbroad, burdensome and oppressive.  This request seeks information not

21  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

22  evidence.  Further, this request may seek information protected by the attorney

23  client privilege, the work product privilege, the official information privilege, the

24  self-critical analysis privilege and the deliberative process privilege.  Without

25  waiving said objections, and to the extent this request is not objectionable,

26  Defendant produces responsive documents herewith.

27

28

1  REQUEST FOR PRODUCTION NO. 34:

2      All DOCUMENTS submitted by the LADID and/or CCEA related to the

3  creation of the LADID.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

5      Defendant objects to this request for production on the grounds that it is

6  vague, overbroad, burdensome and oppressive.  This request seeks information not

7  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

8  evidence.  Without waiving said objections, and to the extent this request is not

9  objectionable, Defendant produces responsive documents herewith.

10  REQUEST FOR PRODUCTION NO. 35:

11      All DOCUMENTS related to the 2009 renewal of the LADID.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

13      Defendant objects to this request for production on the grounds that it is

14  vague, overbroad, burdensome and oppressive.  This request seeks information not

15  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

16  evidence.  Further, this request seeks information protected by the attorney client

17  privilege, the work product privilege, the official information privilege, the self-

18  critical analysis privilege and the deliberative process privilege.  Without waiving

19  said objections, and to the extent this request is not objectionable, Defendant

20  produces responsive documents herewith.

21  REQUEST FOR PRODUCTION NO. 36:

22      All DOCUMENTS related to the 2014 renewal of the LADID.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

24      Defendant objects to this request for production on the grounds that it is

25  vague, overbroad, burdensome and oppressive.  This request seeks information not

26  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

27  evidence.  Further, this request seeks information protected by the attorney client

28  privilege, the work product privilege, the official information privilege, the self-

1   critical analysis privilege and the deliberative process privilege.  Without waiving

2   said objections, and to the extent this request is not objectionable, Defendant

3   produces responsive documents herewith.

4   REQUEST FOR PRODUCTION NO. 37:

5         One copy of each Annual Report submitted to the CITY by the

6   CCEA/LADID since the LADID was created.

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

8         Defendant objects to this request for production on the grounds that it is

9   vague, overbroad, burdensome and oppressive.  This request seeks information not

10  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

11  evidence. Without waiving said objections, and to the extent this request is not

12  objectionable, Defendant produces responsive documents herewith.

13  REQUEST FOR PRODUCTION NO. 38:

14        All DOCUMENTS that refer to or constitute COMMUNICATIONS

15  between the CCEA and/or LADID and the Office of the CITY clerk.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

17        Defendant objects to this request for production on the grounds that it is

18  vague, overbroad, burdensome and oppressive.  Further, this request seeks

19  information protected by the attorney client privilege, the work product privilege,

20  the official information privilege, the self-critical analysis privilege and the

21  deliberative process privilege.  Without waiving said objections, and to the extent

22  this request is not objectionable, Defendant produces responsive documents

23  herewith.

24  REQUEST FOR PRODUCTION NO. 39:

25        All DOCUMENTS related to or referring to the administration of the

26  LADID.

27

28

15

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.  Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

REQUEST FOR PRODUCTION NO. 40:

Any and all COMMUNICATIONS between the Office of the CITY Clerk and Council District 14 regarding or related to the CCEA and/or the LADID.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege.

REQUEST FOR PRODUCTION NO. 41:

Any contracts or agreements between the CCEA and the CITY for the administration of the LADID.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that evidence, refer to, or discuss the role of the Office of the CITY Clerk in administering Business Improvement Districts.

1 RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

2       Defendant objects to this request for production on the grounds that it is

3 vague, overbroad, burdensome and oppressive.  Further, this request seeks

4 information protected by the attorney client privilege, the work product privilege,

5 the official information privilege, the self-critical analysis privilege and the

6 deliberative process privilege.  Without waiving said objections, and to the extent

7 this request is not objectionable, Defendant produces responsive documents

8 herewith.

9 REQUEST FOR PRODUCTION NO. 43:

10       All DOCUMENTS referring to or related to any audits done of the CCEA

11 and/or LADID.

12 RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

13       Defendant objects to this request for production on the grounds that it is

14 vague, overbroad, burdensome and oppressive.  This request seeks information not

15 relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

16 evidence. Further, this request seeks information protected by the attorney client

17 privilege, the work product privilege, the official information privilege, the self-

18 critical analysis privilege and the deliberative process privilege.

19 REQUEST FOR PRODUCTION NO. 44:

20       All DOCUMENTS referring to or related to any audits done of any CITY

21 department or agency with regards to its relationship with the CCEA and/or

22 LADID.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

24       Defendant objects to this request for production on the grounds that it is

25 vague, overbroad, burdensome and oppressive.  This request seeks information not

26 relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

27 evidence.  Further, this request seeks information protected by the attorney client

28

1  privilege, the work product privilege, the official information privilege, the self-
2  critical analysis privilege and the deliberative process privilege.
3  REQUEST FOR PRODUCTION NO. 45:
4       Any and all policies, directives, manuals or bulletins concerning the
5  handling of property belonging to homeless individuals during the course of street
6  cleaning operations conducted by the CITY beginning in February 2012.
7  RESPONSE TO REQUEST FOR PRODUCTION NO. 45:
8       Defendant objects to this request for production on the grounds that it is
9  vague, overbroad, burdensome and oppressive.  This request seeks information not
10  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible
11  evidence. Further, this request seeks information protected by the attorney client
12  privilege, the work product privilege, the official information privilege, the self-
13  critical analysis privilege and the deliberative process privilege. Without waiving
14  said objections, and to the extent this request is not objectionable, Defendant
15  produces responsive documents herewith.
16  REQUEST FOR PRODUCTION NO. 46:
17       All DOCUMENTS that refer to or relate to *Cervantes v. International*
18  *Services*, Inc., Los Angeles Superior Court Case No. BC220226.
19  RESPONSE TO REQUEST FOR PRODUCTION NO.46:
20       Defendant objects to this request for production on the grounds that it is
21  vague, overbroad, burdensome and oppressive.  This request seeks information not
22  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible
23  evidence.  The case of *Cervantes International Services, Inc.* was filed in 1999,
24  and dismissed more than 10 years ago in 2004.  Further, the City of Los Angeles
25  was not a party to the *Cervantes* case.  Additionally, this request seeks information
26  protected by the attorney client privilege, the work product privilege, the official
27  information privilege, the self-critical analysis privilege and the deliberative
28  process privilege.

1   REQUEST FOR PRODUCTION NO. 47:

2       All DOCUMENTS referring to or constituting COMMUNICATIONS

3   between CCEA and/or LADID staff, agents, and/or employees, and the CITY that

4   refer or relate to *LAVAN V. CITY OF LOS ANGELES,* including but not limited to

5   COMMUNICATIONS related to or referring to the CITY's response to the

6   LAVAN INJUNCTION.

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

8       Defendant objects to this request for production on the grounds that it is

9   vague, overbroad, burdensome and oppressive.  This request seeks information not

10   relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

11   evidence.  Further, this request seeks information protected by the attorney client

12   privilege, the work product privilege, the official information privilege, the self-

13   critical analysis privilege and the deliberative process privilege.

14   REQUEST FOR PRODUCTION NO. 48:

15       All DOCUMENTS that discuss, refer or relate to *LAVAN V. CITY OF LOS*

16   *ANGELES* and CCEA and/or LADID or any other Business Improvement District.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

18       Defendant objects to this request for production on the grounds that it is

19   vague, overbroad, burdensome and oppressive.  This request seeks information not

20   relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

21   evidence. Further, this request seeks information protected by the attorney client

22   privilege, the work product privilege, the official information privilege, the self-

23   critical analysis privilege and the deliberative process privilege.

24   REQUEST FOR PRODUCTION NO. 49:

25       All DOCUMENTS that refer to or relate to the STORAGE FACILITY.

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

27       Defendant objects to this request for production on the grounds that it is

28   vague, overbroad, burdensome and oppressive.  This request seeks information not

1  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible
2  evidence. Further, this request seeks information protected by the attorney client
3  privilege, the work product privilege, the official information privilege, the self-
4  critical analysis privilege and the deliberative process privilege.

5  REQUEST FOR PRODUCTION NO. 50:

6  　　　Any DOCUMENTS that refer to, relate or constitute any agreements
7  between the CITY and the CCEA and/or LADID to store property taken, seized or
8  otherwise obtained by the CITY, including but not limited to property taken,
9  seized, or obtained by the LAPD following the arrest of any individual.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

11  Defendant objects to this request for production on the grounds that it is vague,
12  overbroad, burdensome and oppressive. Further, this request seeks information
13  protected by the attorney client privilege, the work product privilege, the official
14  information privilege, the self-critical analysis privilege and the deliberative
15  process privilege.

16  REQUEST FOR PRODUCTION NO. 51:

17  　　　All DOCUMENTS that refer to or relate to any agreements between the
18  CITY and the CCEA and/or LADID to store personal property taken, seized or
19  otherwise obtained by the CITY, including but not limited to property taken or
20  seized by the LAPD following the arrest of an individual.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

22  　　　Defendant objects to this request for production on the grounds that it is
23  vague, overbroad, burdensome and oppressive. Further, this request seeks
24  information protected by the attorney client privilege, the work product privilege,
25  the official information privilege, the self-critical analysis privilege and the
26  deliberative process privilege.

27

28

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS that discuss, refer to or relate to the CITY's capacity to store homeless individuals' personal property that has been taken, seized, or otherwise obtained by the CITY.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence. Further, this request seeks information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege. Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS that discuss, refer to or relate to the need for storage facilities to store homeless individuals' personal property that has been taken, seized, or otherwise obtained by the CITY.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence. Further, this request may seek information protected by the attorney client privilege, the work product privilege, the official information privilege, the self-critical analysis privilege and the deliberative process privilege. Without waiving said objections, and to the extent this request is not objectionable, Defendant produces responsive documents herewith.

1  REQUEST FOR PRODUCTION NO. 54:

2      All DOCUMENTS that discuss, refer to or relate to the creation,

3  management, or operation of the facility known as "the Bin," and which is used to

4  store homeless individuals' property, located at 5th and Towne in Downtown Los

5  Angeles.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

7      Defendant objects to this request for production on the grounds that it is

8  vague, overbroad, burdensome and oppressive.  This request seeks information not

9  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

10  evidence.  Further, this request may seek information protected by the attorney

11  client privilege, the work product privilege, the official information privilege, the

12  self-critical analysis privilege and the deliberative process privilege.

13  REQUEST FOR PRODUCTION NO. 55:

14      All DOCUMENTS that discuss refer to or relate to the use of "the Bin" for

15  the storage of homeless individuals' personal property that has been taken, seized

16  or otherwise obtained by CCEA and/or the LADID.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

18      Defendant objects to this request for production on the grounds that it is

19  vague, overbroad, burdensome and oppressive.  This request seeks information not

20  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

21  evidence.  Further, this request seeks information protected by the attorney client

22  privilege, the work product privilege, the official information privilege, the self-

23  critical analysis privilege and the deliberative process privilege.

24  REQUEST FOR PRODUCTION NO. 56:

25      All statistics or data related to the capacity or use of "the Bin" for the

26  voluntary storage of individuals' personal property.

27

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

2      Defendant objects to this request for production on the grounds that it is

3  vague, overbroad, burdensome and oppressive.  This request seeks information not

4  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

5  evidence.  Further, this request seeks information protected by the attorney client

6  privilege, the work product privilege, the official information privilege, the self-

7  critical analysis privilege and the deliberative process privilege.

8  REQUEST FOR PRODUCTION NO. 57:

9      All statistics or data related to the capacity or use of "the Bin" for the storage

10  of homeless individuals' personal property that has been taken, seized, or

11  otherwise obtained by the CITY.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

13      Defendant objects to this request for production on the grounds that it is

14  vague, overbroad, burdensome and oppressive.  Further, this request seeks

15  information protected by the attorney client privilege, the work product privilege,

16  the official information privilege, the self-critical analysis privilege and the

17  deliberative process privilege.

18  REQUEST FOR PRODUCTION NO. 58:

19      All DOCUMENTS that refer to or constitute COMMUNICATIONS

20  between the CITY and the CCEA and/or LADID regarding or related to the

21  creation, management or operation of "the Bin".

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

23      Defendant objects to this request for production on the grounds that it is

24  vague, overbroad, burdensome and oppressive.  Further, this request seeks

25  information protected by the attorney client privilege, the work product privilege,

26  the official information privilege, the self-critical analysis privilege and the

27  deliberative process privilege.

28

1  | REQUEST FOR PRODUCTION NO. 59:

2  |    All policies or procedures that relate to the disposition of homeless

3  | individuals' personal property that has been taken, seized, or otherwise obtained by

4  | the CITY.

5  | RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

6  |    Defendant objects to this request for production on the grounds that it is

7  | vague, overbroad, burdensome and oppressive.

8  | REQUEST FOR PRODUCTION NO. 60:

9  |    All audio and/or video recordings, photographs, or other documentation of

10 | encampments and/or personal property on the streets or sidewalks in Skid Row

11 | and/or the LADID.

12 | RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

13 |    Defendant objects to this request for production on the grounds that it is

14 | vague, overbroad, burdensome and oppressive. Further, this request seeks

15 | information which may violate third parties' right to privacy.  Without waiving

16 | said objections, and to the extent this request is not objectionable, Defendant

17 | produces responsive documents herewith.

18 | REQUEST FOR PRODUCTION NO. 61:

19 |    All audio and/or video recordings, photographs, or other documentation that

20 | depicts BID OFFICERS taking, seizing and/or destroying any property within the

21 | LADID.

22 | RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

23 |    Defendant objects to this request for production on the grounds that it is

24 | vague, overbroad, burdensome and oppressive.

25 | REQUEST FOR PRODUCTION NO. 62:

26 |    All audio and/or video recordings, photographs, or other documentation that

27 | depicts the CITY taking, seizing and/or destroying any property within the

28 | LADID.

24

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

2      Defendant objects to this request on the grounds that it is overbroad,

3  burdensome and oppressive.

4  REQUEST FOR PRODUCTION NO. 63:

5      All audio and/or video recordings, photographs, or other documentation of

6  any property that has been confiscated, taken, seized and/or destroyed by BID

7  OFFICERS or any other employee or agent of CCEA and/or LADID.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

9      Defendant objects to this request on the grounds that it is overbroad,

10 burdensome and oppressive.

11 REQUEST FOR PRODUCTION NO. 64:

12     All audio and/or video recordings, photographs, or other documentation of

13 any property that has been confiscated, taken seized and/or destroyed by the CITY.

14 RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

15     Defendant objects to this request on the grounds that it is overbroad,

16 burdensome and oppressive.  Defendant further objects on the grounds that this

17 request violates third parties' right to privacy.  Without waiving said objections,

18 and to the extent this request is not objectionable, Defendant produces responsive

19 documents herewith.

20 REQUEST FOR PRODUCTION NO. 65:

21     All audio and/or video recordings, photographs, or other documentation that

22 depicts BID OFFICERS performing any of their duties within the LADID.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

24     Defendant objects to this request on the grounds that it is overbroad,

25 burdensome and oppressive.

26

27

28

1  REQUEST FOR PRODUCTION NO. 66:

2      All audio and/or video recordings, photographs, or other documentation

3  taken by the CITY pursuant to any policy or procedure related to the seizure or

4  destruction of property within the LADID.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

6      Defendant objects to this request on the grounds that it is overbroad,

7  burdensome and oppressive.  Defendant further objects on the grounds that this

8  request violates third parties' right to privacy.  Without waiving said objections,

9  and to the extent this request is not objectionable, Defendant produces responsive

10  documents herewith.

11  REQUEST FOR PRODUCTION NO. 67:

12      Any and all service logs, MDT transmissions, radio calls, watch

13  commanders' and/or sergeants' reports, and any other DOCUMENT which

14  reflects, refers to, or evidences an LAPD employee's presence during seizure of

15  property by the BID or CCEA.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

17      Defendant objects to this request on the grounds that it is vague, overbroad,

18  burdensome and oppressive.  Defendant further objects on the grounds that this

19  request violates third parties' right to privacy.

20  REQUEST FOR PRODUCTION NO. 68:

21      Any and all service logs, MDT transmissions, radio calls, watch

22  commanders' and/or sergeants' reports, and any other DOCUMENT which

23  reflects, refers to, or evidences Officer Zambrano's location and/or Officer

24  Zambrano's communication with LADID employees or contractors and/or Officer

25  Zambrano's observations of LADID employees or contractors during the hours of

26  6:30 AM to 9 PM on June 30, 2014.

27

28

1  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 68:</u>

2      Defendant objects to this request on the grounds that it is vague, overbroad,

3  burdensome and oppressive.  Defendant further objects on the grounds that this

4  request violates third parties' right to privacy.

5  <u>REQUEST FOR PRODUCTION NO. 69:</u>

6      Any and all DOCUMENTS evidencing or reflecting the presence of any

7  LAPD officer during the removal of Lloyd Hinkle's property on June 30, 2014.

8  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 69:</u>

9      Defendant objects to this request on the grounds that it is vague, overbroad,

10  burdensome and oppressive.

11

12

13  DATED:  September 18, 2015

14      **MICHAEL N. FEUER**, City Attorney

15      **THOMAS H. PETERS**, Chief Assistant City Attorney
        **RONALD S. WHITAKER**, Managing Assistant City Attorney

16

17

18  By: _____

19      **ELIZABETH T. FITZGERALD**
        Deputy City Attorney, *Attorneys for Defendant*

20      **CITY OF LOS ANGELES**

21

22

23

24

25

26

27

28

27

## VERIFICATION OF DET. CONRADO TORREZ

I, CONRADO TORREZ, declare that I am employed as a police officer by the Los Angeles Police Department ("Department"). I currently hold the rank of Detective III in the Legal Affairs Division. My business address is 6th Floor City Hall East, 200 North Main Street, Los Angeles, California.

I reviewed the foregoing **DEFENDANT CITY OF LOS ANGELES' RESPONSES TO CANGRESS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. 1** (*Los Angeles Catholic Worker et al. v. Los Angeles Downtown Industrial District Business Improvement District et al. CV 14-07344 PSG (AJWx)*) which are based upon information provided to me by various employees of the City of Los Angeles and others concerned with the subject matter of the within action. I am informed and believe the matters therein to be true and on that ground allege that said matters are true.

I am an agent of the City of Los Angeles and am authorized to verify the foregoing on behalf of the City of Los Angeles.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this verification was executed this _17_ th day of September, 2015 at Los Angeles, California.

CONRADO TORREZ, Declarant

1

<u>PROOF OF SERVICE</u>
(Los Angeles Catholic Worker, et al. v. City of Los Angeles, et al.)
Case No. CV14-7344 PSG (AJWx)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 200 N. Main Street, Room 916, Los Angeles, CA 90012.

On September 18, 2015, I served the foregoing document described as **DEFENDANT CITY OF LOS ANGELES' RESPONSE TO PLAINTIFF CANGRESS' REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   **BY MAIL** – I am readily familiar with the practice of the Los Angeles City Attorney's Office for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence is deposited with the United States Postal Service the same day it is placed for collection and mailing. On the date referenced above, I placed a true copy of the above documents(s) in a sealed envelope and placed it for collection in the proper place in our office at Los Angeles, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2015, at Los Angeles, California

Ava Smith

1

2

SERVICE LIST

3

4   Catherine Elizabeth Sweetser
Paul L. Hoffman

5   Schonbrun DeSimone Seplow
     Harris & Hoffman LLP

6   723 Ocean Front Walk, Suite 100

7   Venice, CA  90291

8   Fernando Gaytan

9   Paul J. Estuar
Shayla Renee Myers

10   Legal Aid Foundation of Los Angeles

11   7000 South Broadway
Los Angeles, CA  90003

12

13   Elissa L. Gysi

14   Kevin H. Brogan
Hill Farrer and Burrill LLP

15   One California Plaza

16   300 South Grand Avenue 37th Floor
Los Angeles, CA  90071-3147

17

18

19

20

21

22

23

24

25

26

27

28

SEP 2 3 2015

PROOF OF SERVICE

EXHIBIT C

LOS ANGELES CATHOLIC WORKER, ET AL. v. CITY OF LOS ANGELES, ET AL.

CASE NO. CV 14-07344 PSG(AJW)

PRIVILEGE LOG ACCOMPANYING DEFENDANT'S RESPONSE TO

CANGRESS' REQUEST FOR PRODUCTION (SET ONE)

| REQ. NO. | DOCUMENT DESCRIPTION | DATE OF DOCUMENT | PRIVILEGE CLAIMED | IDENTITY AND POSITION OF RECIPIENTS | IDENTITY AND POSITION OF AUTHOR | PRESENT LOCATION(S) |
|---|---|---|---|---|---|---|
| 2,3 | Various | Various | Work Product Privilege; Attorney Client Privilege; Third Party Right to Privacy | Various | Various | Various |
| 4, 5, 12,13, 14,15, 18,19, 20,21, 22,23, 24,25, 28,33, 35,36, 39,40, 42,43, 45,46, 47,48, 49,50, 51,52, 53,54, 55,56, 57,58 | Various | Various | Work Product Privilege; Attorney Client Privilege; Official Information Privilege; Self Critical Analysis Privilege; Deliberative Process Privilege | Various | Various | Various |
| 16,17, | Various | Various | Work Product Privilege; Attorney Client Privilege; Official Information Privilege; Self Critical Analysis Privilege; Deliberative Process Privilege; Third Party Right to Privacy | Various | Various | Various |

| REQ. No. | DOCUMENT DESCRIPTION | DATE OF DOCUMENT | PRIVILEGE CLAIMED | IDENTITY AND POSITION OF RECIPIENTS | IDENTITY AND POSITION OF AUTHOR | PRESENT LOCATION(S) |
|---|---|---|---|---|---|---|
| 60,64, 66,67, 68 | Various | Various | Third Party Right to Privacy | Various | Various | Various |

SEP 2 3 2015

# EXHIBIT D

1  **MICHAEL N. FEUER**, City Attorney
2  **THOMAS H. PETERS**, Chief Assistant City Attorney
   **RONALD S. WHITAKER**, Managing Assistant City Attorney
3  **ELIZABETH T. FITZGERALD**, Deputy City Attorney (**SBN 158917**)
   Email:  Elizabeth.Fitzgerald@lacity.org
4  200 North Main Street, City Hall East, 9th Floor
   Los Angeles, California 90012
5  Tel: (213) 473-6855
   Fax: (213) 473-6818
6

7  *Attorneys for Defendant,* **CITY OF LOS ANGELES**

8

9              **UNITED STATES DISTRICT COURT**

10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

12

13  LOS ANGELES CATHOLIC              )   **CASE NO.: CV14-7344 PSG (AJWx)**
    WORKER, an unincorporated         )
14  association; CANGRESS, a non-profit )
    corporation; HARRY JAMES JONES,   )   **DEFENDANT CITY OF LOS**
15  LOUIS GRADY, LLOYD HINKLE,        )   **ANGELES' SUPPLEMENTAL**
                                      )   **RESPONSES TO PLAINTIFF**
16  WALTER SHOAF, individuals         )   **CANGRESS' REQUEST FOR**
                                      )   **PRODUCTION OF DOCUMENTS**
17                                    )
18  Plaintiffs,                       )   **[SET ONE]**
                                      )
19       vs.                          )
                                      )
20                                    )
    LOS ANGELES DOWNTOWN             )
21  INDUSTRIAL DISTRICT BUSINESS      )
    IMPROVEMENT DISTRICT,             )
22  CENTRAL CITY EAST                 )
                                      )
23  ASSOCIATION, INC., CITY OF LOS    )
    ANGELES; DOES 1-10               )
24                                    )
25                                    )
        Defendants.                   )
26                                    )

27

28

                              1

1 | ASKING PARTY:        PLAINTIFF CANGRESS
2 | ANSWERING PARTY:  DEFENDANT CITY OF LOS ANGELES
3 | SET NO.:                  ONE
4 |

5 | REQUEST FOR PRODUCTION NO. 1:

6 |       All DOCUMENTS identified by You in Your Rule 26 disclosure statement.

7 | SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.1:

8 |       Defendant previously produced responsive documents to this request.

9 | REQUEST FOR PRODUCTION NO. 2:

10 |      All DOCUMENTS that refer to or relate to any of the individual plaintiffs in

11 | this action.

12 | SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

13 |      Defendant objects to this request for production on the grounds that it is

14 | vague, overbroad, burdensome and oppressive.  This request is burdensome and

15 | oppressive because it is not proportional to the needs of the case.  It seeks all

16 | documents relating or referring in any way to the 4 individual plaintiffs spanning

17 | over a 15 years range -- from the year 2000 up to the present.  This request as

18 | presently worded amounts to a "fishing expedition." *North River Insurance v.*

19 | *Greater New York Mutual Insurance Co.*, 872 F. Supp. 1411, 1412 (1995)

20 | (burdensome discovery, properly characterized as a fishing expedition, runs

21 | counter to the important but often neglected Rule 1 of the Federal Rules of Civil

22 | Procedure); *Societe Nationale Industrielle Aerospatiale v. United States Dist.*

23 | *Court for Southern Dist.* 482 U.S. 522 (1987) (discussing overriding interest in

24 | just, speedy, and inexpensive termination of litigation under Federal Rule 1).

25 |      Additionally, this request is vague because it fails to specify with

26 | *reasonable particularity* as required by FRCP 34, the type of documents being

27 | sought and it fails to specify which departments in the City the records are sought

28 | from.

1    This request, directed to "the City of Los Angeles," defines the "City" as

2  "any department, office, agency or entity within the City of Los Angeles, including

3  but not limited to the Mayor's Office, the City Council, Office of the City

4  Attorney, the Office of the City Clerk, and the Los Angeles Police Department."

5  There are 43 different Departments in the City of Los Angeles.

6    Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*

7  *Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

8  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611,

9  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

10  unduly burdensome and require the respondent to guess or move through mental

11  gymnastics to determine which of many pieces of paper may conceivably contain

12  some detail, either obvious or hidden, within the scope of the request); see also,

13  *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

14  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

15  "all documents concerning plaintiff" is facially overbroad.)

16    Defendant objects to this request on the grounds that it seeks information

17  which is protected by the work product privilege, attorney client privilege (plaintiff

18  seeks all documents in the possession of the City Attorney's office) and third party

19  right to privacy (many of the police reports pertaining to the individual plaintiffs

20  contain names of third parties who are victims and witnesses).

21    Without waiving said objections, Defendant previously produced responsive

22  documents consisting of all arrest reports in the possession of the Los Angeles

23  Police Department containing the names of the individual plaintiffs from 2008

24  through the present.

25  REQUEST FOR PRODUCTION NO. 3:

26    All DOCUMENTS that refer to or relate to the Los Angeles Catholic

27  Worker, also known as "the Hippie Kitchen."

28  / / /

1    SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

2         Defendant objects to this request for production on the grounds that it is

3    vague, overbroad, burdensome and oppressive.  Further, Defendant objects to this

4    request on the grounds that it seeks information which is protected by the work

5    product privilege and attorney client privilege and third party right to privacy.

6         This request is burdensome and oppressive because it is not proportional to

7    the needs of the case.  It seeks all documents relating or referring in any way to

8    plaintiff Los Angeles Catholic Worker, also known as the "Hippie Kitchen"

9    spanning over a 15 years range -- from the year 2000 up to the present.  This

10   request as presently worded amounts to a "fishing expedition."  *North River*

11   *Insurance v. Greater New York Mutual Insurance Co.*, 872 F. Supp. 1411, 1412

12   (1995) (burdensome discovery, properly characterized as a fishing expedition, runs

13   counter to the important but often neglected Rule 1 of the Federal Rules of Civil

14   Procedure); *Societe Nationale Industrielle Aerospatiale v. United States Dist.*

15   *Court for Southern Dist.* 482 U.S. 522 (1987) (discussing overriding interest in

16   just, speedy, and inexpensive termination of litigation under Federal Rule 1).

17        Additionally, this request is vague because it fails to specify with

18   *reasonable particularity* as required by FRCP 34, the type of documents being

19   sought and it fails to specify which departments in the City the records are sought

20   from.  This request, directed to "the City of Los Angeles," defines the "City" as

21   "any department, office, agency or entity within the City of Los Angeles, including

22   but not limited to the Mayor's Office, the City Council, Office of the City

23   Attorney, the Office of the City Clerk, and the Los Angeles Police Department."

24   There are 43 different Departments in the City of Los Angeles.

25        Additionally, the term "refer to or relate to" is overbroad.  See *Adobe*

26   *Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12

27   (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,

28   623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

unduly burdensome and require the respondent to guess of move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.); see also, *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Without waiving said objections, and to the extent this request is not objectionable, Defendant has conducted a search consisting of calls for police service coming from the "Hippie Kitchen" and has previously produced non-privileged responsive documents.   Additional documents relating to the "Hippie Kitchen" are part of the court record in the *Lavan* case, and are accessible to Plaintiffs through the Court's ECF system.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS constituting or referring or relating to LAPD's policies, directives and orders that refer or relate to BID OFFICERS or any security officers or maintenance staff of any Business Improvement District.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request is burdensome and oppressive because it is not proportional to the needs of the case.  This request as presently worded seeks documents spanning over a 15 year range -- from the year 2000 up to the present.  Defendant has searched for such records and is unable to determine that any such document exist.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS constituting or related to LAPDs' policies, directives, and orders concerning the homeless population, including but not limited to the homeless population the Skid Row area.

///

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. This request is burdensome and oppressive because it is not proportional to the needs of the case.  It seeks all documents spanning over a 15 years range -- from the year 2000 up to the present.

Additionally, the term "related to" is overbroad. See *Adobe Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly burdensome and require the respondent to guess of move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.); see also, *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents concerning plaintiff" is facially overbroad.)

Further, this request may seek information protected by the attorney client privilege and the work product privilege. Without waiving said objections, defendant responds that it previously produced POST training materials relating to homelessness and mental health issues.

REQUEST FOR PRODUCTION NO. 6:

Training material, including training bulletins, for LAPD officers and/or personnel that refer to or relate to interactions with BID OFFICERS or any security officers or maintenance staff of any Business Improvement District.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

Additionally, the term "refer to or relate to" is overbroad.  See *Adobe Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

1 | (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,
2 | 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are
3 | unduly burdensome and require the respondent to guess or move through mental
4 | gymnastics to determine which of many pieces of paper may conceivably contain
5 | some detail, either obvious or hidden, within the scope of the request); see also,
6 | *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.
7 | LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking
8 | "all documents concerning plaintiff" is facially overbroad.)

9 |         Further, this request may seek information protected by the attorney client
10 | privilege and the work product privilege.

11 |         Defendant has made a diligent search for any such records pertaining to
12 | LAPD interaction with BID personnel and is unable to produce the same because
13 | no such documents are known to exist.

14 | REQUEST FOR PRODUCTION NO. 7:

15 |         All DOCUMENTS that relate to, refer to or discuss the authority of the
16 | CCEA and/or LADID or any other Business Improvement District to enforce any
17 | municipal ordinances, including but not limited to LAMC 56.11 and/or LAMC
18 | 41.18.

19 | SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

20 |         Defendant objects to this production request on the grounds that it is vague,
21 | ambiguous, overbroad, and seeks information not relevant to Plaintiffs' claims and
22 | not likely to lead to the discovery of admissible evidence. Without waiving said
23 | objections, CCEA and LADID do not enforce municipal ordinances, and thus no
24 | such documents exist.

25 | REQUEST FOR PRODUCTION NO. 8:

26 |         All phone logs that document COMMUNICATIONS between BID
27 | OFFICERS and LAPD dispatch.

28 | / / /

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendant objects to this production request on the grounds that it is vague and overbroad. Without waiving said objections, Defendant responds no such documents exist.

REQUEST FOR PRODUCTION NO. 9:

All phone records indicating any phone calls between CCEA and/or LADID and any member of the Los Angeles Police Department.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive. Without waiving said objections defendant responds that it does not maintain such phone records.

REQUEST FOR PRODUCTION NO. 10:

All complaints, police reports or grievances filed with the CITY against or regarding CCEA and/or LADID, including but not limited to complaints, police reports, or grievances against or involving BID OFFICERS.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

This request is burdensome and oppressive because it is not proportional to the needs of the case. It seeks all documents relating or referring in any way to any grievance by any person filed with any department in the City spanning over a 15 years range -- from the year 2000 up to the present. This request as presently worded amounts to a "fishing expedition." *North River Insurance v. Greater New York Mutual Insurance Co.*, 872 F. Supp. 1411, 1412 (1995) (burdensome discovery, properly characterized as a fishing expedition, runs counter to the important but often neglected Rule 1 of the Federal Rules of Civil Procedure); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist.* 482 U.S. 522 (1987) (discussing overriding interest in just, speedy,

1  and inexpensive termination of litigation under Federal Rule 1).   Additionally, this
2  request is vague because it fails to specify with *reasonable particularity* as
3  required by FRCP 34, the type of documents being sought and it fails to specify
4  which departments in the City the records are sought from.  This request, directed
5  to "the City of Los Angeles," defines the "City" as "any department, office, agency
6  or entity within the City of Los Angeles, including but not limited to the Mayor's
7  Office, the City Council, Office of the City Attorney, the Office of the City Clerk,
8  and the Los Angeles Police Department." There are 43 different Departments in
9  the City of Los Angeles.  Complaints, grievances, and police reports against or
10 involving about BID Officers are not searchable without the name of the
11 complaining party, and the name of the City Department that the Complaint was
12 made to.  Conceivably, complaints about BID officers could be made to any
13 department in the City.  Complaints conceivably could have been made to the
14 Mayors Office or to any of the 15 City Council members during the past 15 years.
15      Without waiving said objections, and to the extent this request is not
16 objectionable, Defendant previously produced responsive documents consisting of
17 Government Claims filed by the individual Plaintiffs.
18 AMENDED REQUEST FOR PRODUCTION NO. 11:
19      All documents which relate to or were generated during any investigation,
20 response, or communication which concerns any complaint, police report of
21 grievance filed with the City concerning CCEA or LADID, including complaints,
22 police reports, or grievances against or involving BID officers.
23 RESPONSE TO AMENDED REQUEST FOR PRODUCTION NO. 11:
24      Defendant objects to this request for production on the grounds that it is
25 vague, overbroad, burdensome and oppressive.
26      This request is burdensome and oppressive because it is not proportional to
27 the needs of the case.  It seeks all documents relating or referring in any way to any
28 grievance by any person filed with any department in the City spanning over a 15

1  year range -- from the year 2000 up to the present.  This request as presently
2  worded amounts to a "fishing expedition."  *North River Insurance v. Greater New*
3  *York Mutual Insurance Co.*, 872 F. Supp. 1411, 1412 (1995) (burdensome
4  discovery, properly characterized as a fishing expedition, runs counter to the
5  important but often neglected Rule 1 of the Federal Rules of Civil Procedure);
6  *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for*
7  *Southern Dist.* 482 U.S. 522 (1987) (discussing overriding interest in just, speedy,
8  and inexpensive termination of litigation under Federal Rule 1).

9          Additionally, this request is vague because it fails to specify with
10  *reasonable particularity* as required by FRCP 34, the type of documents being
11  sought and it fails to specify which departments in the City the records are sought
12  from.  This request, directed to "the City of Los Angeles," defines the "City" as
13  "any department, office, agency or entity within the City of Los Angeles, including
14  but not limited to the Mayor's Office, the City Council, Office of the City
15  Attorney, the Office of the City Clerk, and the Los Angeles Police Department."
16  There are 43 different Departments in the City of Los Angeles.  Complaints,
17  greivances, and police reports against or involving about BID Officers are not
18  searchable without the name of the complaining party, and the name of the City
19  Department that the Complaint was made to.

20          Additionally, the term "refer to or relate to" is overbroad.  See *Adobe*
21  *Systems v. Christenson*, No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12
22  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,
23  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are
24  unduly burdensome and require the respondent to guess or move through mental
25  gymnastics to determine which of many pieces of paper may conceivably contain
26  some detail, either obvious or hidden, within the scope of the request); see also,
27  *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.
28  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

1  "all documents concerning plaintiff" is facially overbroad.)

2      Further, Defendant objects to this request on the grounds that it seeks

3  information which is protected by the work product privilege, attorney client

4  privilege (plaintiff seeks all documents in the possession of the City Attorney's

5  office) and third party right to privacy.

6      Without waiving said objections, and to the extent this request is not

7  objectionable, Defendant previously produced responsive documents consisting of

8  Government Claims filed by the individual Plaintiffs.

9  REQUEST FOR PRODUCTION NO. 12:

10      All DOCUMENTS referring to or constituting COMMUNICATIONS

11  between the LAPD and the LADID and/or CCEA since January 2000 concerning

12  strategies or policies for interacting with, handling, or otherwise dealing with the

13  homeless population on Skid Row:

14  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

15      Defendant objects to this request for production on the grounds that it is

16  vague, overbroad, burdensome and oppressive. This request is burdensome and

17  oppressive because it is not proportional to the needs of the case.

18      Further, this request seeks documents containing information protected by

19  the attorney client privilege, the work product privilege.

20      Notwithstanding said objections, Defendant responds that it has searched for

21  such documents and has been unable to find any such non-privileged documents.

22  REQUEST FOR PRODUCTION NO. 13:

23      All DOCUMENTS referring to or constituting COMMUNICATIONS

24  between the LAPD and the LADID and/or CCEA since January 1, 2000

25  concerning strategies or policies for interacting with, handling, or otherwise

26  dealing with property in Skid Row.

27  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

28      Defendant objects to this request for production on the grounds that it is

1  vague, overbroad, burdensome and oppressive.  This request is burdensome and
2  oppressive because it is not proportional to the needs of the case.  This request as
3  presently worded seeks documents spanning over a 15 year range -- from the year
4  2000 up to the present.   Further, this request may seek documents containing
5  information protected by the attorney client privilege, the work product privilege,
6  the self-critical analysis privilege and the deliberative process privilege.
7  Notwithstanding said objections, defendant responds that it has made a diligent
8  search for such documents and has been unable to find any such documents.
9  REQUEST FOR PRODUCTION NO. 14:
10       All DOCUMENTS, including notes, agendas, or calendars that reference or
11  relate to any meetings between the CITY and the CCEA and/or LADID related to
12  homelessness on Skid Row.
13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:
14  Defendant objects to this request for production on the grounds that it is vague,
15  overbroad, burdensome and oppressive.  This request is burdensome and
16  oppressive because it is not proportional to the needs of the case.  This request as
17  presently worded seeks documents spanning over a 15 year range -- from the year
18  2000 up to the present.   Further, this request may seek documents containing
19  information protected by the attorney client privilege, the work product privilege,
20  the self-critical analysis privilege and the deliberative process privilege.
21  Notwithstanding said objections, defendant responds that it has made a diligent
22  search for any such documents and is unable to find any such documents.
23  REQUEST FOR PRODUCTION NO. 15:
24       All DOCUMENTS, including notes, agendas, or calendars that reference or
25  relate to any meetings of the Skid Row Task Force or any other group assembled
26  by the CITY to address issues of homelessness on Skid Row.
27  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:
28       Defendant objects to this request for production on the grounds that it is

1    vague, overbroad, burdensome and oppressive.

2         This request is burdensome and oppressive because it is not proportional to

3    the needs of the case.  It seeks all documents referencing or referring to any

4    meetings of the "Skid Row Task Force" or any other group assembled by the CITY

5    to address issues of homelessness on Skid Row over the past 15 years.  Plaintiff

6    does not define what the "Skid Row Task Force" is, nor does Plaintiff identify

7    which department of the City, if any, established the so-called "Skid Row Task

8    Force" and the period of time during which such task force existed. It is unclear if

9    this request refers to the Safer Cities Initiative commenced in 2006 (which did not

10   exclusively deal with Skid Row) or whether it refers to Operation Healthy Streets

11   (an initiative launched by the Mayor) or, if it refers to the City's recently formed

12   Committee on Homelessness and Poverty.

13        This request as presently worded amounts to a "fishing expedition." *North

14   River Insurance v. Greater New York Mutual Insurance Co.*, 872 F. Supp. 1411,

15   1412 (1995) (burdensome discovery, properly characterized as a fishing

16   expedition, runs counter to the important but often neglected Rule 1 of the Federal

17   Rules of Civil Procedure); *Societe Nationale Industrielle Aerospatiale v. United

18   States Dist. Court for Southern Dist.* 482 U.S. 522 (1987) (discussing overriding

19   interest in just, speedy, and inexpensive termination of litigation under Federal

20   Rule 1).  Additionally, this request is vague because it fails to specify with

21   *reasonable particularity* as required by FRCP 34, the type of documents being

22   sought and it fails to specify which departments in the City the records are sought

23   from.

24        This request, directed to "the City of Los Angeles," defines the "City" as

25   "any department, office, agency or entity within the City of Los Angeles, including

26   but not limited to the Mayor's Office, the City Council, Office of the City

27   Attorney, the Office of the City Clerk, and the Los Angeles Police Department."

28   There are 43 different Departments in the City of Los Angeles.  Additionally, this

1  request, as defined is directed to the Mayor's Office, and each City Council Person
2  who has been in office since 2000.  Additionally, the term "refer to or relate to" is
3  overbroad.  See *Adobe Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist.
4  LEXIS  16977 at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group,*
5  *Inc.,* 230 F.R.D. 611, 623 (D. Kan. 2005) (Requests seeking documents
6  "regarding" or "relating to" are unduly burdensome and require the respondent to
7  guess or move through mental gymnastics to determine which of many pieces of
8  paper may conceivably contain some detail, either obvious or hidden, within the
9  scope of the request); see also, *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-
10  2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July
11  11, 1996) (a request seeking "all documents concerning plaintiff" is facially
12  overbroad.)
13      Further, this request seeks information protected by the attorney client
14  privilege, the work product privilege, the self-critical analysis privilege and the
15  deliberative process privilege.  Defendant has requested Plaintiff to specify the
16  documents sought with reasonable particularity. Plaintiff has not done so.
17      Without waiving said objections, defendant responds that it will produce
18  non- privileged responsive documents.
19  REQUEST FOR PRODUCTION NO. 16:
20      All DOCUMENTS related to or constituting COMMUNICATIONS with the
21  CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code
22  Section 56.11.
23  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:
24      Defendant objects to this request for production on the grounds that it is
25  vague, overbroad, burdensome and oppressive.  Further, this request seeks
26  information protected by the attorney client privilege, the work product privilege,
27  the self-critical analysis privilege and the deliberative process privilege.
28  Additionally, this request seeks information which violates third parties' right to

14

1  privacy.

2       This request is burdensome and oppressive because it is not proportional to
3  the needs of the case.  It seeks documents spanning over a 15 year range -- from
4  the year 2000 up to the present.   Moreover, this request, directed to the "City"
5  which is defined by Plaintiff as "any department, office, agency or entity within the
6  City of Los Angeles, including but not limited to the Mayor's Office, the City
7  Council, Office of the City Attorney, the Office of the City Clerk, and the Los
8  Angeles Police Department" encompasses 43 different Departments in the City of
9  Los Angeles.  Additionally, this request is vague because it fails to specify with
10  *reasonable particularity* as required by FRCP 34, the type of documents being
11  sought and it fails to specify which departments in the City the records are sought
12  from.

13       The term "relating to" is overbroad.  See *Adobe Systems v. Christenson*, No.
14  10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12 (D. Nev 2011), quoting
15  *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 623 (D. Kan. 2005)
16  (Requests seeking documents "regarding" or "relating to" are unduly burdensome
17  and require the respondent to guess or move through mental gymnastics to
18  determine which of many pieces of paper may conceivably contain some detail,
19  either obvious or hidden, within the scope of the request); see also, *Pulsecard, Inc.*
20  *v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist. LEXIS 10014, 1996
21  WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking "all documents
22  concerning plaintiff" is facially overbroad.)

23       Without waiving said objections, Defendant responds that it will produce
24  responsive documents.

25  REQUEST FOR PRODUCTION NO. 17:

26       All DOCUMENTS related to or constituting COMMUNICATIONS with the
27  CCEA and/or LADID regarding the enforcement of Los Angeles Municipal Code
28  Section 41.18.

1  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

2       Defendant objects to this request for production on the grounds that it is

3  vague, overbroad, burdensome and oppressive.

4       This request is burdensome and oppressive because it is not proportional to

5  the needs of the case.  Moreover, this request, directed to the "City" which is

6  defined by Plaintiff as "any department, office, agency or entity within the City of

7  Los Angeles, including but not limited to the Mayor's Office, the City Council,

8  Office of the City Attorney, the Office of the City Clerk, and the Los Angeles

9  Police Department" encompasses 43 different Departments in the City of Los

10  Angeles.

11       Additionally, this request is vague because it fails to specify with

12  *reasonable particularity* as required by FRCP 34, the type of documents being

13  sought and it fails to specify which departments in the City the records are sought

14  from.

15       Further, the term "related to" is overbroad.  See *Adobe Systems v.*

16  *Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12 (D. Nev

17  2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D.

18  Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly

19  burdensome and require the respondent to guess or move through mental

20  gymnastics to determine which of many pieces of paper may conceivably contain

21  some detail, either obvious or hidden, within the scope of the request); see also,

22  *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

23  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

24  "all documents concerning plaintiff" is facially overbroad.)

25       Further, this request seeks documents containing information protected by

26  the attorney client privilege, and the work product privilege.

27  REQUEST FOR PRODUCTION NO. 18:

28       All DOCUMENTS referring to or constituting COMMUNICATIONS

1   between CCEA and/or LADID staff, agents, and/or employees, and the CITY that

2   refer or related to *JONES V. CITY OF LOS ANGELES,* including but not limited to

3   COMMUNICATIONS related to or referring to the CITY's or CCEA/LADID's

4   response to the *JONES* SETTLEMENT.

5   <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:</u>

6       Defendant objects to this production request on the grounds that it is vague,

7   overbroad, burdensome and oppressive.  Further it seeks information not relevant

8   to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.

9       This request is burdensome and oppressive because it is not proportional to

10  the needs of the case.

11      Moreover, this request, directed to the "City" which is defined by Plaintiff

12  as "any department, office, agency or entity within the City of Los Angeles,

13  including but not limited to the Mayor's Office, the City Council, Office of the

14  City Attorney, the Office of the City Clerk, and the Los Angeles Police

15  Department" encompasses 43 different Departments in the City of Los Angeles.

16  Additionally, this request, as defined is directed to the Mayor's Office, and each

17  City Council Person.  Further, this request is vague because it fails to specify with

18  *reasonable particularity* as required by FRCP 34, the type of documents being

19  sought and it fails to specify which departments in the City the records are sought

20  from.

21      Additionally, the terms "relating to" and "relating to" are overbroad.  See

22  *Adobe Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977

23  at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D.

24  611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to"

25  are unduly burdensome and require the respondent to guess or move through

26  mental gymnastics to determine which of many pieces of paper may conceivably

27  contain some detail, either obvious or hidden, within the scope of the request); see

28  also, *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

1  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

2  "all documents concerning plaintiff" is facially overbroad.)

3      Additionally, this request seeks information protected by the attorney client

4  privilege, the work product privilege.  Documents relating to the *Jones v City of*

5  *Los Angeles* case are available on the Court's ECF system.  Without waiving said

6  objections Defendant responds that it will produce responsive documents.

7  REQUEST FOR PRODUCTION NO. 19:

8      All DOCUMENTS referring to or constituting COMMUNICATIONS

9  between CCEA and/or LADID staff, agents, and/or employees, and the CITY that

10  refer or related to *LAVAN V. CITY OF LOS ANGELES,* including but not limited to

11  COMMUNICATIONS related to or referring to the CITY's or CCEA/LADID's

12  response to the *LAVAN* INJUNCTION.

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

14      Defendant objects to this request for production on the grounds that it is

15  vague, overbroad, burdensome and oppressive.  This request is burdensome and

16  oppressive because it is not proportional to the needs of the case.

17      The scope of this production request is overbroad in that it seeks "all

18  documents" referring to communications between the CITY and CCEA and/or

19  LADID referring to the LAVAN INJUNCTION.  This request directed to the City

20  is overbroad because the "City" is defined by Plaintiff as "any department, office,

21  agency or entity within the City of Los Angeles, including but not limited to the

22  Mayor's Office, the City Council, Office of the City Attorney, the Office of the

23  City Clerk, and the Los Angeles Police Department."  This sweepingly overbroad

24  definition of the "City" encompasses 43 different Departments in the City of Los

25  Angeles.  Additionally, this request, as defined, is directed to the Mayor's Office,

26  and each City Council Person who has been in office since the Lavan injunction.

27      This request is vague because it fails to specify with *reasonable particularity*

28  as required by FRCP 34, the type of documents being sought and it fails to specify

1   which departments in the City the records are sought from.

2        Additionally, the term "relating to" and "referring to" is overbroad.  See

3   *Adobe Systems v. Christenson*, No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977

4   at *12 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D.

5   611, 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to"

6   are unduly burdensome and require the respondent to guess or move through

7   mental gymnastics to determine which of many pieces of paper may conceivably

8   contain some detail, either obvious or hidden, within the scope of the request); see

9   also, *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.

10   LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

11   "all documents concerning plaintiff" is facially overbroad.)

12        Further, this request seeks information protected by the attorney client

13   privilege, the work product privilege, the self-critical analysis privilege and the

14   deliberative process privilege.

15        Without waiving said objections, Defendant responds that it will produce

16   responsive non-privileged documents.

17   REQUEST FOR PRODUCTION NO. 20:

18        All DOCUMENTS regarding or referring to CCEA/LADID's seizure or

19   destruction of abandoned property.

20   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

21        Defendant objects to this production request on the grounds that it is vague,

22   overbroad, burdensome and oppressive.

23        This request is burdensome and oppressive because it is not proportional to

24   the needs of the case.

25        The scope of this production request is overbroad in that it seeks "all

26   documents" in the possession of the "City" defined by Plaintiff as "any

27   department, office, agency or entity within the City of Los Angeles, including but

28   not limited to the Mayor's Office, the City Council, Office of the City Attorney,

1   the Office of the City Clerk, and the Los Angeles Police Department."

2        This request is vague because it fails to specify with *reasonable particularity*

3   as required by FRCP 34, the type of documents being sought and it fails to specify

4   which departments in the City the records are sought from.

5        Further, this request seeks information protected by the attorney client

6   privilege, and the work product privilege.  Without waiving said objections

7   Defendant responds that it will produce non-privileged responsive documents.

8   REQUEST FOR PRODUCTION NO. 21:

9        All DOCUMENTS related to or constituting COMMUNICATIONS with the

10  CITY related to or regarding the storage of property taken, seized, or otherwise

11  obtained by BID OFFICERS.

12  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

13        Defendant objects to this production request on the grounds that it is vague,

14  overbroad, burdensome and oppressive.

15        This request is burdensome and oppressive because it is not proportional to

16  the needs of the case.

17        The scope of this production request is overbroad in that it seeks "all

18  documents" in the possession of the "City" defined by Plaintiff as "any

19  department, office, agency or entity within the City of Los Angeles, including but

20  not limited to the Mayor's Office, the City Council, Office of the City Attorney,

21  the Office of the City Clerk, and the Los Angeles Police Department."

22        Additionally, the term "relating to" is overbroad. See *Adobe Systems v.*

23  *Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12 (D. Nev

24  2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 623 (D.

25  Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly

26  burdensome and require the respondent to guess or move through mental

27  gymnastics to determine which of many pieces of paper may conceivably contain

28  some detail, either obvious or hidden, within the scope of the request); see also,

1 | *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.
2 | LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking
3 | "all documents concerning plaintiff" is facially overbroad.)
4 | Further, this request seeks information protected by the attorney client
5 | privilege, and the work product privilege. Without waiving said objections
6 | Defendant responds that it will produce non-privileged responsive documents.
7 | REQUEST FOR PRODUCTION NO. 22:
8 | All DOCUMENTS related to or constituting COMMUNICATIONS with the
9 | CCEA and/or LADID regarding or referring to the CITY's seizure or destruction
10 | of abandoned property
11 | SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:
12 | Defendant objects to this production request on the grounds that it is vague,
13 | overbroad, burdensome and oppressive.
14 | This request is burdensome and oppressive because it is not proportional to
15 | the needs of the case.
16 | This request is vague because it fails to specify with *reasonable*
17 | *particularity* as required by FRCP 34, the type of documents being sought and it
18 | fails to specify which departments in the City the records are sought from.
19 | The scope of this production request is overbroad in that it seeks "all
20 | documents" in the possession of the "City" defined by Plaintiff as "any
21 | department, office, agency or entity within the City of Los Angeles, including but
22 | not limited to the Mayor's Office, the City Council, Office of the City Attorney,
23 | the Office of the City Clerk, and the Los Angeles Police Department." This
24 | sweepingly overbroad definition of the "City" encompasses 43 different
25 | Departments in the City of Los Angeles. Additionally, this request, as defined, is
26 | directed to the Mayor's Office, and each City Council Person who has been in
27 | office since the Lavan injunction.
28 | Additionally, the term "relating to" is overbroad. See *Adobe Systems v.*

1   *Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12 (D. Nev

2   2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 623 (D.

3   Kan. 2005) (Requests seeking documents "regarding" or "relating to" are unduly

4   burdensome and require the respondent to guess or move through mental

5   gymnastics to determine which of many pieces of paper may conceivably contain

6   some detail, either obvious or hidden, within the scope of the request); see also,

7   *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.

8   LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

9   "all documents concerning plaintiff" is facially overbroad.)

10         Further, this request seeks information protected by the attorney client

11  privilege and the work product privilege.

12  REQUEST FOR PRODUCTION NO. 23:

13         All DOCUMENTS related to or constituting COMMUNICATIONS with the

14  CCEA and/or LADID related to or regarding the storage of property taken, seized,

15  or otherwise obtained by the CITY.

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

17         Defendant objects to this production request on the grounds that it is vague,

18  overbroad, burdensome and oppressive. Further, this request seeks information

19  protected by the attorney client privilege, the work product privilege, the self-

20  critical analysis privilege and the deliberative process privilege.

21  REQUEST FOR PRODUCTION NO. 24:

22         All DOCUMENTS related to or constituting COMMUNICATIONS with the

23  CCEA and/or LADID related to or regarding the CITY's Healthy Streets Initiative

24  or any other effort by the CITY to clean streets and/or sidewalks in the LADID or

25  area known as Skid Row.

26  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

27         Defendant objects to this production request on the grounds that it is vague,

28  overbroad, burdensome and oppressive. Further, this request seeks information

1  protected by the attorney client privilege, the work product privilege, the self-
2  critical analysis privilege and the deliberative process privilege. Without waiving
3  said objections, and to the extent this request is not objectionable, Defendant
4  produces responsive documents herewith.

5  REQUEST FOR PRODUCTION NO. 25:

6      All DOCUMENTS that discuss Business Improvement Districts generally.

7  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

8      Defendant objects to this request for production on the grounds that it is
9  vague, overbroad, burdensome and oppressive.

10      Further, this request seeks information protected by the attorney client
11  privilege, the work product privilege.  Without waiving said objection, defendant
12  responds that it has complied with this request.

13  REQUEST FOR PRODUCTION NO. 26:

14      All manuals, directives, policies or procedures related to the creation of a
15  Business Improvement District generally.

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

17      Defendant objects to this request for production on the grounds that it is
18  vague, overbroad, burdensome and oppressive.  Without waiving said objections,
19  and to the extent this request is not objectionable, Defendant previously produced
20  responsive documents.

21  REQUEST FOR PRODUCTION NO. 27:

22      All manuals, directives, policies or procedures related to the management,
23  administration, or oversight of a Business Improvement District generally.

24  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

25      Defendant objects to this request for production on the grounds that it is
26  vague, overbroad, burdensome and oppressive.  Without waiving said objections,
27  Defendant responds that it previously produced responsive documents.

28  ///

1   REQUEST FOR PRODUCTION NO. 28:

2        All DOCUMENTS that discuss, refer to or relate to the role of the CITY in

3   creating, administering, managing, or operating a Business Improvement District.

4   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

5        Defendant objects to this request for production on the grounds that it is

6   vague, overbroad, burdensome and oppressive.  Further, this request seeks

7   information protected by the attorney client privilege and the work product

8   privilege.

9        Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*

10  *Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

11  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611,

12  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

13  unduly burdensome and require the respondent to guess or move through mental

14  gymnastics to determine which of many pieces of paper may conceivably contain

15  some detail, either obvious or hidden, within the scope of the request); see also,

16  *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

17  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

18  "all documents concerning plaintiff" is facially overbroad.)

19        Without waiving said objections, and to the extent this request is not

20  objectionable, Defendant responds that it previously produced responsive

21  documents.

22  REQUEST FOR PRODUCTION NO. 29:

23        All DOCUMENTS provided to Owners Association regarding the creating,

24  administration, operating or management of a Business Improvement District.

25  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

26        Defendant objects to this request for production on the grounds that it is

27  vague, overbroad, burdensome and oppressive.

28        This request is vague because it fails to specify with *reasonable particularity*

1   as required by FRCP 34, the type of documents being sought and it fails to specify

2   which departments in the City the records are sought from.

3         Without waiving said objections, and to the extent this request is not

4   objectionable, Defendant previously produced responsive documents herewith and

5   that it will produce additional documents.

6   <u>REQUEST FOR PRODUCTION NO. 30:</u>

7         All DOCUMENTS that refer or relate to the authority of a Business

8   Improvement District or any of its agents, subcontractors, or employees to enforce

9   any provision of the Los Angeles Municipal Code or state law.

10   <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:</u>

11         Defendant objects to this production request on the grounds it is vague and

12   ambiguous.  Defendant objects to this request on the grounds that employees of a

13   Business Improvement District are not peace officers or code enforcement officers,

14   and therefore are not authorized to enforce provisions of the Los Angeles

15   Municipal Code or state law. As such, there are no responsive documents to this

16   request.

17   <u>REQUEST FOR PRODUCTION NO. 31:</u>

18         All DOCUMENTS referring to or constituting COMMUNICATIONS with

19   any Business Improvement District or any Owner's Association contracted with

20   the CITY to manage a Business Improvement District regarding the authority of a

21   Business Improvement District or any of its agents, subcontractors, or employees

22   to enforce any provisions of the Los Angeles Municipal Code or state law.

23   <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:</u>

24         Defendant objects to this production request on the grounds it is vague and

25   ambiguous.  Employees of a Business Improvement District are not peace officers

26   or code enforcement officers, and therefore are not authorized to enforce

27   provisions of the Los Angeles Municipal Code or state law.  As such, there are no

28   responsive documents to this request.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS referring to or constituting COMMUNICATIONS with the Los Angeles BID consortium regarding the authority of a Business Improvement District or any of its agents, subcontractors, or employees to enforce any provisions of the Los Angeles Municipal Code or state law.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Defendant objects to this production request on the grounds it is vague and ambiguous. Defendant objects this request on the grounds that employees of a Business Improvement District are not peace officers or code enforcement officers, and therefore are not authorized to enforce provisions of the Los Angeles Municipal Code or state law. As such, there are no responsive documents to this request.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS related to the creation of the LADID.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

This request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.

This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence. Further, this request may seek information protected by the attorney client privilege and the work product privilege.

Without waiving said objections, and to the extent this request is not objectionable, Defendant responds that it previously produced responsive documents.

/ / /

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS submitted by the LADID and/or CCEA related to the creation of the LADID.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.  This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.  This request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.

Without waiving said objections, and to the extent this request is not objectionable, Defendant responds that it previously produced responsive documents.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS related to the 2009 renewal of the LADID.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

This request seeks information not relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible evidence.

This request is vague because it fails to specify with *reasonable particularity* as required by FRCP 34, the type of documents being sought and it fails to specify which departments in the City the records are sought from.

Further, this request seeks information protected by the attorney client privilege, and the work product privilege. Without waiving said objections, and to the extent this request is not objectionable, Defendant responds that it previously produced responsive documents herewith.

/ / /

1   REQUEST FOR PRODUCTION NO. 36:

2         All DOCUMENTS related to the 2014 renewal of the LADID.

3   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

4         Defendant objects to this request for production on the grounds that it is

5   vague, overbroad, burdensome and oppressive.  This request seeks information not

6   relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

7   evidence. This request is vague because it fails to specify with *reasonable*

8   *particularity* as required by FRCP 34, the type of documents being sought and it

9   fails to specify which departments in the City the records are sought from.

10        Further, this request seeks information protected by the attorney client

11  privilege, the work product privilege, the self-critical analysis privilege and the

12  deliberative process privilege.  Without waiving said objections, and to the extent

13  this request is not objectionable, Defendant responds that it previously produced

14  responsive documents.

15  REQUEST FOR PRODUCTION NO. 37:

16        One copy of each Annual Report submitted to the CITY by the

17  CCEA/LADID since the LADID was created.

18  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

19        Defendant objects to this request for production on the grounds that it is

20  vague, overbroad, burdensome and oppressive.  This request is burdensome and

21  oppressive because it is not proportional to the needs of the case.  This request

22  seeks information not relevant to Plaintiffs' claims and not likely to lead to the

23  discovery of admissible evidence. Without waiving said objections, and to the

24  extent this request is not objectionable, Defendant responds that it previously

25  produced responsive documents to this request.

26  REQUEST FOR PRODUCTION NO. 38:

27        All DOCUMENTS that refer to or constitute COMMUNICATIONS

28  between the CCEA and/or LADID and the Office of the CITY clerk.

1    SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

2            Defendant objects to this request for production on the grounds that it is

3    vague, overbroad, burdensome and oppressive.  Further, this request seeks

4    information protected by the attorney client privilege, and the work product

5    privilege. Without waiving said objections, Defendant responds that it previously

6    produced responsive documents and will produce additional responsive documents.

7    REQUEST FOR PRODUCTION NO. 39:

8            All DOCUMENTS related to or referring to the administration of the

9    LADID.

10   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

11           Defendant objects to this request for production on the grounds that it is

12   vague, overbroad, burdensome and oppressive.

13           Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*

14   *Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

15   (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611,

16   623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

17   unduly burdensome and require the respondent to guess or move through mental

18   gymnastics to determine which of many pieces of paper may conceivably contain

19   some detail, either obvious or hidden, within the scope of the request); see also,

20   *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

21   LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

22   "all documents concerning plaintiff" is facially overbroad.)

23           Further, this request seeks information protected by the attorney client

24   privilege, the work product privilege, the self-critical analysis privilege and the

25   deliberative process privilege.  Without waiving said objections, and to the extent

26   this request is not objectionable, Defendant responds that it previously produced

27   responsive documents and that it will produce additional responsive documents.

28   / / /

1   REQUEST FOR PRODUCTION NO. 40:

2       Any and all COMMUNICATIONS between the Office of the CITY Clerk

3   and Council District 14 regarding or related to the CCEA and/or the LADID.

4   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

5       Defendant objects to this request for production on the grounds that it is

6   vague, overbroad, burdensome and oppressive. This request is burdensome and

7   oppressive because it is not proportional to the needs of the case.  Further, this

8   request seeks information protected by the attorney client privilege, and the work

9   product privilege. Without waiving said objections, Defendant responds that

10   previously produced responsive documents and will produce additional non-

11   privileged responsive documents.

12   REQUEST FOR PRODUCTION NO. 41:

13       Any contracts or agreements between the CCEA and the CITY for the

14   administration of the LADID.

15   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

16       Defendant objects to this request for production on the grounds that it is

17   vague, and overbroad.  Without waiving said objections, and to the extent this

18   request is not objectionable, Defendant responds that it previously produced

19   responsive documents.

20   REQUEST FOR PRODUCTION NO. 42:

21       All DOCUMENTS that evidence, refer to, or discuss the role of the Office

22   of the CITY Clerk in administering Business Improvement Districts.

23   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

24       Defendant objects to this request for production on the grounds that it is

25   vague, overbroad, burdensome and oppressive.  Further, this request seeks

26   information protected by the attorney client privilege, the work product privilege,

27   the self-critical analysis privilege and the deliberative process privilege.  Without

28   waiving said objections, and to the extent this request is not objectionable,

1  Defendant responds that it previously produced responsive documents to this

2  request and that it will produce additional responsive documents.

3  REQUEST FOR PRODUCTION NO. 43:

4      All DOCUMENTS referring to or related to any audits done of the CCEA

5  and/or LADID.

6  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

7      Defendant objects to this request for production on the grounds that it is

8  vague, overbroad, burdensome and oppressive. This request seeks information not

9  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

10 evidence.

11     Additionally, the term "refer to" or "relate to" is overbroad. See *Adobe*

12 *Systems v. Christenson,* No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12

13 (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611,

14 623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

15 unduly burdensome and require the respondent to guess or move through mental

16 gymnastics to determine which of many pieces of paper may conceivably contain

17 some detail, either obvious or hidden, within the scope of the request); see also,

18 *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

19 LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

20 "all documents concerning plaintiff" is facially overbroad.)

21     Further, this request seeks information protected by the attorney client

22 privilege, the work product privilege, the self-critical analysis privilege and the

23 deliberative process privilege. Without waiving said objections, Defendant

24 responds that is previously produced responsive documents to this request.

25 REQUEST FOR PRODUCTION NO. 44:

26     All DOCUMENTS referring to or related to any audits done of any CITY

27 department or agency with regards to its relationship with the CCEA and/or

28 LADID.

1  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

2      Defendant objects to this request for production on the grounds that it is

3  vague, overbroad, burdensome and oppressive. This request seeks information not

4  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

5  evidence.

6      Additionally, the term "refer to" or "relate to" is overbroad. See *Adobe*

7  *Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12

8  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,

9  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

10  unduly burdensome and require the respondent to guess or move through mental

11  gymnastics to determine which of many pieces of paper may conceivably contain

12  some detail, either obvious or hidden, within the scope of the request); see also,

13  *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.

14  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

15  "all documents concerning plaintiff" is facially overbroad.)

16      Further, this request seeks information protected by the attorney client

17  privilege, the work product privilege, the self-critical analysis privilege and the

18  deliberative process privilege. Without waiving said objections, Defendant

19  responds that is previously produced responsive documents to this request.

20  REQUEST FOR PRODUCTION NO. 45:

21      Any and all policies, directives, manuals or bulletins concerning the

22  handling of property belonging to homeless individuals during the course of street

23  cleaning operations conducted by the CITY beginning in February 2012.

24  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

25      Defendant objects to this request for production on the grounds that it is

26  vague, overbroad, burdensome and oppressive. This request seeks information not

27  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

28  evidence. Further, this request seeks information protected by the attorney client

1  privilege, the work product privilege, the self-critical analysis privilege and the
2  deliberative process privilege. Without waiving said objections, and to the extent
3  this request is not objectionable, Defendant responds that it previously produced
4  responsive documents to this request and that it will produce additional responsive
5  documents.

6  REQUEST FOR PRODUCTION NO. 46:

7      All DOCUMENTS that refer to or relate to *Cervantes v. International*
8  *Services*, Inc., Los Angeles Superior Court Case No. BC220226.

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

10      Defendant objects to this request for production on the grounds that it is
11  vague, overbroad, burdensome and oppressive. This request seeks information not
12  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible
13  evidence. The case of *Cervantes International Services, Inc.* was filed in 1999,
14  and dismissed more than 10 years ago in 2004. Further, the City of Los Angeles
15  was not a party to the *Cervantes* case. Additionally, this request may seeks
16  information protected by the attorney client privilege, the work product privilege,
17  the self-critical analysis privilege and the deliberative process privilege.

18  REQUEST FOR PRODUCTION NO. 47:

19      All DOCUMENTS referring to or constituting COMMUNICATIONS
20  between CCEA and/or LADID staff, agents, and/or employees, and the CITY that
21  refer or relate to *LAVAN V. CITY OF LOS ANGELES,* including but not limited to
22  COMMUNICATIONS related to or referring to the CITY's response to the
23  LAVAN INJUNCTION.

24  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

25      Defendant objects to this request for production on the grounds that it is
26  vague, overbroad, burdensome and oppressive. This request seeks information not
27  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible
28  evidence.

33

1   Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*
2   *Systems v. Christenson*, No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12
3   (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,
4   623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are
5   unduly burdensome and require the respondent to guess or move through mental
6   gymnastics to determine which of many pieces of paper may conceivably contain
7   some detail, either obvious or hidden, within the scope of the request); see also,
8   *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.
9   LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking
10  "all documents concerning plaintiff" is facially overbroad.)
11  Further, this request seeks information protected by the attorney client
12  privilege, the work product privilege, the self-critical analysis privilege and the
13  deliberative process privilege.
14  REQUEST FOR PRODUCTION NO. 48:
15  All DOCUMENTS that discuss, refer or relate to *LAVAN V. CITY OF LOS*
16  *ANGELES* and CCEA and/or LADID or any other Business Improvement District.
17  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:
18  Defendant objects to this request for production on the grounds that it is
19  vague, overbroad, burdensome and oppressive.  This request amounts to a fishing
20  expedition and is not proportional to needs of the case.  This request seeks
21  information not relevant to Plaintiffs' claims and not likely to lead to the discovery
22  of admissible evidence. Further, this request seeks information protected by the
23  attorney client privilege, the work product privilege, the self-critical analysis
24  privilege and the deliberative process privilege.
25  REQUEST FOR PRODUCTION NO. 49:
26  All DOCUMENTS that refer to or relate to the STORAGE FACILITY.
27  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:
28  Defendant objects to this request for production on the grounds that it is

1  vague, overbroad, burdensome and oppressive.  This request seeks information not

2  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

3  evidence.  Further, this request seeks information protected by the attorney client

4  privilege, the work product privilege, the self-critical analysis privilege and the

5  deliberative process privilege.

6      Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*

7  *Systems v. Christenson*, No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

8  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,

9  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

10  unduly burdensome and require the respondent to guess or move through mental

11  gymnastics to determine which of many pieces of paper may conceivably contain

12  some detail, either obvious or hidden, within the scope of the request); see also,

13  *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.

14  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

15  "all documents concerning plaintiff" is facially overbroad.)

16      Without waiving said objections Defendant responds that it will produce

17  non-privileged documents.

18  REQUEST FOR PRODUCTION NO. 50:

19      Any DOCUMENTS that refer to, relate or constitute any agreements

20  between the CITY and the CCEA and/or LADID to store property taken, seized or

21  otherwise obtained by the CITY, including but not limited to property taken,

22  seized, or obtained by the LAPD following the arrest of any individual.

23  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

24      Defendant objects to this request for production on the grounds that it is

25  vague, overbroad, burdensome and oppressive.

26      Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*

27  *Systems v. Christenson*, No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

28  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,

1  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

2  unduly burdensome and require the respondent to guess or move through mental

3  gymnastics to determine which of many pieces of paper may conceivably contain

4  some detail, either obvious or hidden, within the scope of the request); see also,

5  *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

6  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

7  "all documents concerning plaintiff" is facially overbroad.)

8       Further, this request seeks information protected by the attorney client

9  privilege, the work product privilege, the self-critical analysis privilege and the

10  deliberative process privilege. Without waiving said objections, Defendant

11  responds that it will produce responsive documents.

12  **REQUEST FOR PRODUCTION NO. 51:**

13       All DOCUMENTS that refer to or relate to any agreements between the

14  CITY and the CCEA and/or LADID to store personal property taken, seized or

15  otherwise obtained by the CITY, including but not limited to property taken or

16  seized by the LAPD following the arrest of an individual.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

18       Defendant objects to this request for production on the grounds that it is

19  vague, overbroad, burdensome and oppressive.

20       Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe

21  Systems v. Christenson,* No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

22  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611,

23  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

24  unduly burdensome and require the respondent to guess or move through mental

25  gymnastics to determine which of many pieces of paper may conceivably contain

26  some detail, either obvious or hidden, within the scope of the request); see also,

27  *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

28  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

1  "all documents concerning plaintiff" is facially overbroad.)

2      Further, this request seeks information protected by the attorney client

3  privilege, the work product privilege, the self-critical analysis privilege and the

4  deliberative process privilege. Without waiving said objections, and to the extent

5  this request is not objectionable, Defendant will produce responsive documents.

6  REQUEST FOR PRODUCTION NO. 52:

7      All DOCUMENTS that discuss, refer to or relate to the CITY's capacity to

8  store homeless individuals' personal property that has been taken, seized, or

9  otherwise obtained by the CITY.

10  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

11      Defendant objects to this request for production on the grounds that it is

12  vague, overbroad, burdensome and oppressive. This request seeks information not

13  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

14  evidence.

15      Additionally, the term "refer to" or "relate to" is overbroad. See *Adobe*

16  *Systems v. Christenson,* No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12

17  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611,

18  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

19  unduly burdensome and require the respondent to guess or move through mental

20  gymnastics to determine which of many pieces of paper may conceivably contain

21  some detail, either obvious or hidden, within the scope of the request); see also,

22  *Pulsecard, Inc. v. Discover Card Servs.,* No. 94-2304-EEO, 1996 U.S. Dist.

23  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

24  "all documents concerning plaintiff" is facially overbroad.)

25      Further, this request seeks information protected by the attorney client

26  privilege, the work product privilege, the self-critical analysis privilege and the

27  deliberative process privilege. Without waiving said objections, and to the extent

28  this request is not objectionable, Defendant responds that it previously produced

1   responsive documents and that it will produce additional responsive documents.

2   REQUEST FOR PRODUCTION NO. 53:

3       All DOCUMENTS that discuss, refer to or relate to the need for storage

4   facilities to store homeless individuals' personal property that has been taken,

5   seized, or otherwise obtained by the CITY.

6   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

7       Defendant objects to this request for production on the grounds that it is

8   vague, overbroad, burdensome and oppressive. This request seeks information not

9   relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

10  evidence.

11      Additionally, the term "refer to" or "relate to" is overbroad.  See *Adobe*

12  *Systems v. Christenson*, No. 10-0422 LRH,  2011 U.S. Dist. LEXIS  16977 at *12

13  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,

14  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

15  unduly burdensome and require the respondent to guess or move through mental

16  gymnastics to determine which of many pieces of paper may conceivably contain

17  some detail, either obvious or hidden, within the scope of the request); see also,

18  *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.

19  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

20  "all documents concerning plaintiff" is facially overbroad.)

21      Further, this request may seek information protected by the attorney client

22  privilege, the work product privilege, the self-critical analysis privilege and the

23  deliberative process privilege.  Without waiving said objections, and to the extent

24  this request is not objectionable, Defendant will produce non-privileged responsive

25  documents.

26  REQUEST FOR PRODUCTION NO. 54:

27      All DOCUMENTS that discuss, refer to or relate to the creation,

28  management, or operation of the facility known as "the Bin," and which is used to

1  store homeless individuals' property, located at 5th and Towne in Downtown Los

2  Angeles.

3  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

4       Defendant objects to this request for production on the grounds that it is

5  vague, overbroad, burdensome and oppressive.  This request seeks information not

6  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

7  evidence.  Further, this request may seek information protected by the attorney

8  client privilege, the work product privilege, the self-critical analysis privilege and

9  the deliberative process privilege.  Without waiving said objections, Defendant

10  responds that it will produce responsive documents.

11  REQUEST FOR PRODUCTION NO. 55:

12       All DOCUMENTS that discuss refer to or relate to the use of "the Bin" for

13  the storage of homeless individuals' personal property that has been taken, seized

14  or otherwise obtained by CCEA and/or the LADID.

15  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

16       Defendant objects to this request for production on the grounds that it is

17  vague, overbroad, burdensome and oppressive.  This request seeks information not

18  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible

19  evidence.  Further, this request seeks information protected by the attorney client

20  privilege, the work product privilege, the self-critical analysis privilege and the

21  deliberative process privilege.  Without waiving said objections, Defendant

22  responds that it will produce responsive documents.

23  REQUEST FOR PRODUCTION NO. 56:

24       All statistics or data related to the capacity or use of "the Bin" for the

25  voluntary storage of individuals' personal property.

26  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

27       Defendant objects to this request for production on the grounds that it is

28  vague, overbroad, burdensome and oppressive.  This request seeks information not

1  relevant to Plaintiffs' claims and not likely to lead to the discovery of admissible
2  evidence.  Further, this request seeks information protected by the attorney client
3  privilege, the work product privilege, the self-critical analysis privilege and the
4  deliberative process privilege.  Without waiving said objections, Defendant
5  responds that it will produce non-privileged responsive documents.
6  REQUEST FOR PRODUCTION NO. 57:
7      All statistics or data related to the capacity or use of "the Bin" for the storage
8  of homeless individuals' personal property that has been taken, seized, or
9  otherwise obtained by the CITY.
10  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:
11      Defendant objects to this request for production on the grounds that it is
12  vague, overbroad, burdensome and oppressive.  Further, this request seeks
13  information protected by the attorney client privilege and the work product
14  privilege, deliberative process privilege and self-critical analysis privilege.
15  Without waiving said objections, Defendant responds that it will produce non-
16  privileged responsive documents.
17  REQUEST FOR PRODUCTION NO. 58:
18      All DOCUMENTS that refer to or constitute COMMUNICATIONS
19  between the CITY and the CCEA and/or LADID regarding or related to the
20  creation, management or operation of "the Bin".
21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:
22      Defendant objects to this request for production on the grounds that it is
23  vague, overbroad, burdensome and oppressive.  Further, this request seeks
24  information protected by the attorney client privilege, the work product privilege,
25  the self-critical analysis privilege and the deliberative process privilege.  Without
26  waiving said objections, Defendant responds that it will produce non-privileged
27  responsive documents.
28  / / /

1  REQUEST FOR PRODUCTION NO. 59:

2       All policies or procedures that relate to the disposition of homeless

3  individuals' personal property that has been taken, seized, or otherwise obtained by

4  the CITY.

5  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

6       Defendant objects to this request for production on the grounds that it is

7  vague, overbroad, burdensome and oppressive.  Without waiving said objections,

8  Defendant responds that it will produce non-privileged responsive documents.

9  REQUEST FOR PRODUCTION NO. 60:

10      All audio and/or video recordings, photographs, or other documentation of

11  encampments and/or personal property on the streets or sidewalks in Skid Row

12  and/or the LADID.

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

14      Defendant objects to this request for production on the grounds that it is

15  vague, overbroad, burdensome and oppressive. Further, this request seeks

16  information which may violate third parties' right to privacy.

17      Video recordings of encampments and personal property on the streets of

18  Skid Row and/or the LADID would include video recordings captured by all body

19  cameras on officers in the Central Division, in car video cameras, and video

20  recordings from all cameras in the Skid Row area which are monitored by LAPD.

21  LAPD does not store this data in such a way that it can systematically conduct a

22  search of all video footage showing encampments and personal property in Skid

23  Row.  The only way to conduct such a search would be to watch every single video

24  camera's footage, one at a time.  Such a search would entail hundreds of thousands

25  of hours of personnel time.

26      Without waiving said objections, and to the extent this request is not

27  objectionable, Defendant responds that it previously produced responsive

28  documents.

41

REQUEST FOR PRODUCTION NO. 61:

All audio and/or video recordings, photographs, or other documentation that depicts BID OFFICERS taking, seizing and/or destroying any property within the LADID.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Defendant objects to this request for production on the grounds that it is vague, overbroad, burdensome and oppressive.

REQUEST FOR PRODUCTION NO. 62:

All audio and/or video recordings, photographs, or other documentation that depicts the CITY taking, seizing and/or destroying any property within the LADID.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Defendant objects to this request on the grounds that it is overbroad, burdensome and oppressive. This request is burdensome and oppressive because it is not proportional to the needs of the case. Defendant further objects on the grounds that this request violates third parties' right to privacy. Video recordings that *might* contain video recordings of City employees taking property within the LADID would include video recordings captured by all body cameras on officers in the Central Division, and video recordings from all cameras in the Skid Row area which are monitored by LAPD. Moreover, LAPD does not store video recordings in such a manner that it can be searched for footage of City employees taking property. The only way to conduct such a search would be to watch every single video camera's footage, one at a time. Such a search would entail hundreds of thousands of hours of personnel time.

Without waiving said objections Defendant responds that it previously produced responsive documents to this request.

REQUEST FOR PRODUCTION NO. 63:

All audio and/or video recordings, photographs, or other documentation of

1   any property that has been confiscated, taken, seized and/or destroyed by BID

2   OFFICERS or any other employee or agent of CCEA and/or LADID.

3   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

4       Defendant objects to this request on the grounds that it is overbroad,

5   burdensome and oppressive.  This request is burdensome and oppressive because it

6   is not proportional to the needs of the case.  Defendant further objects on the

7   grounds that this request violates third parties' right to privacy.

8   REQUEST FOR PRODUCTION NO. 64:

9       All audio and/or video recordings, photographs, or other documentation of

10  any property that has been confiscated, taken seized and/or destroyed by the CITY.

11  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

12      Defendant objects to this request on the grounds that it is overbroad,

13  burdensome and oppressive.  This request is burdensome and oppressive because it

14  is not proportional to the needs of the case.  Defendant further objects on the

15  grounds that this request violates third parties' right to privacy.  Without waiving

16  said objections, and to the extent this request is not objectionable, Defendant

17  previously produced responsive documents to this request.

18  REQUEST FOR PRODUCTION NO. 65:

19      All audio and/or video recordings, photographs, or other documentation that

20  depicts BID OFFICERS performing any of their duties within the LADID.

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

22      Defendant objects to this request on the grounds that it is overbroad,

23  burdensome and oppressive.  Further, such video footage may violate third parties'

24  right to privacy. This request is burdensome and oppressive because it is not

25  proportional to the needs of the case. Video recordings that *might* contain video

26  recordings of BID OFFICERS performing their duties within the LADID would

27  include video recordings captures by all body cameras on officers in the Central

28  Division, and video recordings from all cameras in the Skid Row area which are

1  monitored by LAPD.  Moreover, LAPD does not store video recordings in such a
2  manner that it can be searched for footage of BID OFFICERS conducting their
3  duties within the LADID.  The only way to conduct such a search would be to
4  watch every single video camera's footage, one at a time.  Such a search would
5  entail hundreds of thousands of hours of personnel time.  As such, Defendant is
6  unable to comply with this production request.

7  REQUEST FOR PRODUCTION NO. 66:

8       All audio and/or video recordings, photographs, or other documentation
9  taken by the CITY pursuant to any policy or procedure related to the seizure or
10 destruction of property within the LADID.

11 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

12      Defendant objects to this request on the grounds that it is vague, overbroad,
13 burdensome and oppressive.  Defendant further objects on the grounds that this
14 request violates third parties' right to privacy.  Without waiving said objections,
15 and to the extent this request is not objectionable, Defendant previously produced
16 responsive documents to this request.

17 REQUEST FOR PRODUCTION NO. 67:

18      Any and all service logs, MDT transmissions, radio calls, watch
19 commanders' and/or sergeants' reports, and any other DOCUMENT which
20 reflects, refers to, or evidences an LAPD employee's presence during seizure of
21 property by the BID or CCEA.

22 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

23      Defendant objects to this request on the grounds that it is vague, overbroad,
24 burdensome and oppressive.  Defendant further objects on the grounds that this
25 request violates third parties' right to privacy.

26      This request is burdensome and oppressive because it is not proportional to
27 the needs of the case.

28      Additionally, the term "refer to or relate to" is overbroad.  See *Adobe*

1  *Systems v. Christenson*, No. 10-0422 LRH, 2011 U.S. Dist. LEXIS 16977 at *12

2  (D. Nev 2011), quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611,

3  623 (D. Kan. 2005) (Requests seeking documents "regarding" or "relating to" are

4  unduly burdensome and require the respondent to guess or move through mental

5  gymnastics to determine which of many pieces of paper may conceivably contain

6  some detail, either obvious or hidden, within the scope of the request); see also,

7  *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304-EEO, 1996 U.S. Dist.

8  LEXIS 10014, 1996 WL 397567 at *6 (D. Kan. July 11, 1996) (a request seeking

9  "all documents concerning plaintiff" is facially overbroad.)

10         Absent additional information such as the name of a complaining party, date

11  of an incident, specific name of a BID OFFICER, a location of an incident, name

12  of involved parties, victims or witnesses, defendant is unable to conduct a search of

13  such documents. Thus, defendant is unable to produce any such documents.

14  REQUEST FOR PRODUCTION NO. 68:

15         Any and all service logs, MDT transmissions, radio calls, watch

16  commanders' and/or sergeants' reports, and any other DOCUMENT which

17  reflects, refers to, or evidences Officer Zambrano's location and/or Officer

18  Zambrano's communication with LADID employees or contractors and/or Officer

19  Zambrano's observations of LADID employees or contractors during the hours of

20  6:30 AM to 9 PM on June 30, 2014.

21  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

22         Defendant further objects on the grounds that this request violates third

23  parties' right to privacy. Without waiving said objections, Defendant responds that

24  it previously produced responsive documents to this request.

25  REQUEST FOR PRODUCTION NO. 69:

26         Any and all DOCUMENTS evidencing or reflecting the presence of any

27  LAPD officer during the removal of Lloyd Hinkle's property on June 30, 2014.

28  ///

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Defendant objects to this request on the grounds that it is vague, overbroad, burdensome and oppressive. Without waiving said objections, Defendant responds that it has no such documents.


DATED: November 6, 2015

**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**RONALD S. WHITAKER**, Managing Assistant City Attorney



By: _____
    **ELIZABETH T. FITZGERALD**
    Deputy City Attorney, *Attorneys for Defendant*
    **CITY OF LOS ANGELES**

## VERIFICATION OF DET. JAVIER LOZANO

I, JAVIER LOZANO, declare that I am employed as a police officer by the Los Angeles Police Department ("Department"). I currently hold the rank of Detective III in the Civil Litigation Unit of the Legal Affairs Division. My business address is 6th Floor City Hall East, 200 North Main Street, Los Angeles, California.

I reviewed the foregoing **DEFENDANT CITY OF LOS ANGELES' SUPPLEMENTAL RESPONSES TO CANGRESS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. 1** (*Los Angeles Catholic Worker et al. v. Los Angeles Downtown Industrial District Business Improvement District et al.* CV 14-07344 PSG (AJWx)) which are based upon information provided to me by various employees of the City of Los Angeles and others concerned with the subject matter of the within action. I am informed and believe the matters therein to be true and on that ground allege that said matters are true.

I am an agent of the City of Los Angeles and am authorized to verify the foregoing on behalf of the City of Los Angeles.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this verification was executed this 6 th day of November, 2015 at Los Angeles, California.

JAVIER LOZANO,  Declarant

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

(Los Angeles Catholic Worker, et al. v. City of Los Angeles, et al.)

Case No. CV14-7344 PSG (AJWx)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 200 N. Main Street, Room 916, Los Angeles, CA  90012.

On November 6, 2015, I served the foregoing document described as **DEFENDANT CITY OF LOS ANGELES' SUPPLEMENTAL RESPONSES TO PLAINTIFF CANGRESS' REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   **BY MAIL** – I am readily familiar with the practice of the Los Angeles City Attorney's Office for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence is deposited with the United States Postal Service the same day it is placed for collection and mailing.  On the date referenced above, I placed a true copy of the above documents(s) in a sealed envelope and placed it for collection in the proper place in our office at Los Angeles, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 6, 2015, at Los Angeles, California

_____

Ava Smith

1

2

SERVICE LIST

3

4

5

6

7

Catherine Elizabeth Sweetser
Paul L. Hoffman
Schonbrun DeSimone Seplow
    Harris & Hoffman LLP
723 Ocean Front Walk, Suite 100
Venice, CA  90291

8

9

10

11

12

Fernando Gaytan
Paul J. Estuar
Shayla Renee Myers
Legal Aid Foundation of Los Angeles
7000 South Broadway
Los Angeles, CA  90003

13

14

15

16

17

Elissa L. Gysi
Kevin H. Brogan
Jeffrey Bell
Hill Farrer and Burrill LLP
One California Plaza
300 South Grand Avenue 37th Floor
Los Angeles, CA  90071-3147

18

19

20

21

22

23

24

25

26

27

28

NOV 0 9 2015

---

PROOF OF SERVICE

EXHIBIT E

LOS ANGELES CATHOLIC WORKER, ET AL. v. CITY OF LOS ANGELES, ET AL.

CASE NO. CV 14-07344 PSG (AJW)

PRIVILEGE LOG ACCOMPANYING DEFENDANT CITY OF LOS ANGELES' SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

| REQ. NO. | DOCUMENT DESCRIPTION | DATE OF DOCUMENT | PRIVILEGE(S) CLAIMED | IDENTITY AND POSITION OF RECIPIENTS | IDENTITY AND POSITION OF AUTHOR | PRESENT LOCATION(S) |
|---|---|---|---|---|---|---|
| 2, 3 | Written and electronic communications between the Los Angeles City and its clients; City Attorney files for criminal cases involving Plaintiffs; attorney notes | Various | Work Product Privilege; Attorney Client Privilege; Third Party Right to Privacy | Various | Various | City of Los Angeles |

| REQ. NO. | DOCUMENT DESCRIPTION | DATE OF DOCUMENT | PRIVILEGE(S) CLAIMED | IDENTITY AND POSITION OF RECIPIENT | IDENTITY AND POSITION OF AUTHOR | PRESENT LOCATION(S) |
|---|---|---|---|---|---|---|
| 5, 6, 11, 12,13, 14,15, 16, 17,18, 19,20, 21,22, 23,24, 25,28, 33,35, 36, 38, 39,40, 42,43, 44, 45,46, 47,48, 49,50, 51,52, 53,54, 55,56, 57,58 | Written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes | Various | Work Product Privilege; Attorney Client Privilege; Third party right to privacy; Deliberative Process Privilege; Self Critical Analysis Privilege | Various | Various | City of Los Angeles |
| 60, 63, 64,66, 67,68 | Written and electronic communications between the Los Angeles City Attorney's Office and its clients; attorney notes | Various | Third Party Right to Privacy | Various | Various | City of Los Angeles |

NOV 0 9 2015

EXHIBIT F