**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**RONALD S. WHITAKER**, Managing Assistant City Attorney
**ELIZABETH T. FITZGERALD**, Deputy City Attorney (**SBN 158917**)
Email:  Elizabeth.Fitzgerald@lacity.org
200 North Main Street, City Hall East, 9th Floor
Los Angeles, California 90012
Tel: (213) 473-6855
Fax: (213) 473-6818

*Attorneys for Defendant,* **CITY OF LOS ANGELES**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES CATHOLIC WORKER, an unincorporated association; CANGRESS, a non-profit corporation; HARRY JAMES JONES, LOUIS GRADY, LLOYD HINKLE, WALTER SHOAF, individuals<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT, CENTRAL CITY EAST ASSOCIATION, INC., CITY OF LOS ANGELES; DOES 1-10<br><br>Defendants. | **CASE NO.: CV14-7344 PSG (AJWx)**<br><br>**DISCOVERY MATTER  - for hearing by Magistrate Judge Wistrich**<br><br>**DECLARATION OF ELIZABETH T. FITZGERALD** |

1

I ELIZABETH T. FITZGERALD DECLARE:

1. I am an attorney at law licensed to practice in the State of California. I am employed as a Deputy City Attorney at the Office of the Los Angeles City Attorney. I represent the City of Los Angeles in the case of *Los Angeles Catholic Worker, et al. v. Los Angeles Downtown Industrial District Business Improvement District* CV 14-07344 PSG(AJW). I make this declaration of my own personal knowledge and if called upon to testify to truth of the matters stated in this declaration, I would and could competently do so.

2. In the present litigation, Plaintiffs allege that the City of Los Angeles, in order to avoid the injunction issued in the case of *Lavan v. City of Los Angeles* CV11-02874 PSG (AJW), is working with the Los Angeles Downtown Industrial Business Improvement District ("BID") to circumvent the terms of the *Lavan* injunction. Plaintiffs contend that the BID collaborates and conspires with the Los Angeles Police Department ("LAPD") to unlawfully seize the property of homeless individuals on Skid Row and that the BID is unlawfully seizing property belonging to homeless individuals with the assistance of the City. The City of Los Angeles strenuously and adamantly denies that it unlawfully seizes homeless individuals' property or engages in any partnership or conspiracy with BID employees to do so.

3. Plaintiffs also contend that the City is responsible for the actions of the BID under an agency theory. The City denies that BID employees are agents of the City.

4. Plaintiffs, propounded a massive Request for Production on the City on July 16, 2015.

5. I requested additional time to comply with the requests. Plaintiffs agreed to allow the City additional time to respond.

6. On **September 18, 2015,** pursuant to my agreement with counsel, I served "Defendant City of Los Angeles' Response to Plaintiff Cangress' Request for Production of Documents" along with approximately 6000 pages worth of responsive documents.

7. Following the service of the City's September 18, 2015 written responses and documents, Plaintiffs' counsel contacted me asking to conduct a Rule 37-1 meeting with respect to the City's responses.

8. I participated in a Rule 37-1 meeting with Plaintiff's counsel, in person, at the Legal Aid Foundation on October 9, 2015. I also participated in two teleconferences with Plaintiff's counsel on October 16, 2015 and October 19, 2015. At the end of these meetings it was agreed that the City would supplement its responses and produce some more documents.

9. Plaintiff's Request for Production seeks documents dating back to the year 2000 in each of the City's 43 different departments, each of the 15 City Council members' offices, the Mayor's office.

10. Plaintiff directed its document production to the "City" providing the following description for the term "City": "CITY refers to the City of Los Angeles, and unless otherwise indicated, includes any department, office, agency or entity within or part of the City of Los Angeles, including but not limited to the Mayor's Office, the City Council, Office of the City Attorney."

11. The City of Los Angeles consists of 43 separate departments including the Departments of Aging, the Los Angeles Airport, Animal Services, the City Attorney, Building and Safety, Office of the City Clerk, Contract Administration Bureau for Public Works, the City Controller, the Convention Center, Cultural Affairs, Disability, Economic and Workforce Development, El Pueblo, Emergency Management, Employee Relations Board, Employees' Retirement System, Engineering Bureau for Public Works, Ethics Commission, Finance, Fire, Fire and Police Pensions, General Services, Housing and

1  Community Investment, Housing Authority, Information Technology Agency,
2  Public Library, Neighborhood Empowerment, Personnel, Planning, Police, Port of
3  Los Angeles, Project Restore, Office of Public Accountability (Rate Payer), Public
4  Works, Board Offices of Public Works, Recreation and Parks, Sanitation Bureau,
5  Street Lighting Bureau, Street Services Bureau, Transportation, Water & Power,
6  and the the Zoo.  Additionally, the City has 15 separate City Council members.
7     12.   During my meetings with Plaintiffs counsel on October 9, 16 and 19,
8  2015,  I asked Plaintiffs' counsel  numerous times to narrow the scope of their
9  discovery requests because the term "City" as defined by Plaintiffs made the
10 production request burdensome, oppressive and disproportionate to the needs of
11 Plaintiffs case, but Plaintiffs' counsel refused.
12     13.   During the course of this litigation, Plaintiffs' counsel has repeatedly
13 sent me a number of lengthy letters, misrepresenting facts, mischaracterizing our
14 agreements, leaving out important facts, and often demanding immediate action on
15 my part.  I simply have not had the time to respond to every point in each and
16 every one of Plaintiffs' counsels' revisionist history style letters. To do so would
17 have taken a substantial amount of time – time, which in my opinion, was better
18 spent working on getting documents and preparing supplemental responses.
19 Plaintiffs' counsels' letter writing campaign has unfortunately turned this case into
20 a "he said" "she said" swearing contest.
21     14.  I suggested several times during our 3 meetings that the parties could
22 contact Magistrate Judge Wistrich and request an informal teleconference to
23 discuss some of the discovery issues that the parties were unable to resolve. This
24 suggestion was rejected emphatically by Plaintiff's counsel, Shayla Myers who
25 responded:  "No. We want to bring a motion."
26     15.  I have never, at any time, represented to Plaintiffs counsel that I would
27 serve Supplemental Responses, *without objections*.  Because Plaintiffs counsel was
28 unwilling to reword their requests, I was unwilling to omit objections from the

4

City's supplemental responses in case Plaintiffs decide to use their written discovery questions and the City's responses at trial.

16. On **November 6, 2015**, the City served its Supplemental Responses to Plaintiff's Request for Production of documents, pursuant to an agreement between myself and Catherine Sweetser. My responses were not late. On November 16, 2015 I messengered approximately 2000 pages of documents to Plaintiffs' counsel, pursuant to an agreement between myself and Catherine Sweetser. Those documents were not late.

17. **After the City served its Supplemental Responses on November 6, 2015, Plaintiffs' counsel never contacted me to request a Rule 37-1 meeting with respect to the City's Supplemental Responses. Instead, Plaintiffs' counsel simply e-mailed a Joint Stipulation – with no warning and no notice. There were absolutely no efforts made by Plaintiffs' counsel to meet and confer pursuant to L.R. 37-1 in advance of Plaintiffs serving the City with the Joint Stipulation on November 25, 2015, the day before Thanksgiving.**

18. Plaintiffs' counsels' claim that the City has acted in bad faith, is not only untrue, but it is made by a party with unclean hands. Plaintiffs have failed to produce the documents identified in their Rule 26 disclosures in March 2015, despite the City's repeated requests, and Plaintiffs representation in its responses to the City's document production on November 9, 2015, that the documents would be forthcoming. Additionally, Plaintiffs' counsel failed to appear with their client at the properly noticed deposition of Harry James Jones, set for December 4, 2015, telling the City by e-mail at the last minute that Jones was "unavailable" and could not be deposed until late December or early January, but not explaining why. This failure to appear occurred despite the fact that the City noticed Harry James Jones' deposition more than a month ago, and Plaintiffs confirmed the deposition on two separate occasions – most recently on November 20, 2015.

5

19. Plaintiffs' counsel exhibited a complete lack of professionalism and courtesy by serving a 400 page motion to opposing counsel the afternoon before a holiday weekend.  While Plaintiff did agree to allow the City an additional two days to prepare its portion of the Joint Statement, this conduct by Plaintiff was disappointing, at best, and is a violation of the Civility and Professionalism Guidelines for the Central District.

20. Plaintiffs' excessive request for $25,000 in attorneys' fees for its motion is grossly excessive and flies in the face of the right to Due Process .

21. The parties' attempts to resolve their discovery differences only took place with respect to the City's original responses – not with respect to the Supplemental Responses.

22.  In my 24 years as a practicing attorney, in both private practice and at the City Attorneys' Office, I have never seen a motion to compel further discovery responses seeking $25,000.  The amount sought by Plaintiffs' counsel is utterly unreasonable and excessive.

I declare under penalty of perjury under the laws of the United States of that the foregoing is true and correct. Executed this 4th day of December at Los Angeles, California.

_____/s/_____
Declarant, Elizabeth T. Fitzgerald