```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
                       CIVIL MINUTES--GENERAL
```

Case No. CV 14-7344 PSG (AJWx)          Date: March 22, 2016

Title: <u>LOS ANGELES CATHOLIC WORKER, et al. v. LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT, et al.</u>
==================================================================
PRESENT:   **HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

      <u>Ysela Benavides</u>
      Deputy Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
        None                                       None

**ORDER REGARDING PLAINTIFFS' EX PARTE APPLICATION FOR SANCTIONS**

The court has considered plaintiffs' ex parte application and all relevant portions of the record, including the City of Los Angeles's opposition, plaintiffs' reply, plaintiffs' March 20, 2016 notice of errata, and the March 18, 2016 declarations of Whitaker and Frierson.

The ex parte application is **granted** in part. As counsel for the City conceded during the hearing, shifting plaintiffs' attorneys fees and costs reasonably incurred in attempting to obtain production of documents by the City and in attempting to secure compliance with this court's previous orders is fair. The court awards the entire sum requested by plaintiffs, $38,818.49. The full amount sought is awarded because the hourly rates and hours spent by plaintiffs' counsel are reasonable. No reduction is made for review of documents because the court is persuaded that such review was done principally to ascertain the adequacy of the production rather than to analyze the documents' substance. Moreover, plaintiffs' choice not to seek expense shifting in respect of the underlying motion to compel means that some of the expense caused by the City's delays and other violations of its discovery obligations likely will go uncompensated. Plaintiffs also seek prospective attorneys fees and costs in the amount of $7,750.00. That request is **denied** without prejudice. Plaintiffs must separately apply for shifting of those expenses after they are incurred.

Resolution of the remainder of the ex parte application, including plaintiffs' requests for contempt, issue preclusion, and default, is deferred. The ex parte application is scheduled for further hearing on April 5, 2016, at 10:30 a.m. The City is directed to complete its production, serve supplemental responses

to the requests for production, respond in writing to the questions asked in plaintiffs' March 15, 2016 letter from Myers to Whitaker, serve a complete and detailed privilege log, file and serve a report describing the status of its compliance with this and other court orders, and pay the sanctions awarded by this order, all at least 48 hours prior to the hearing.

The City must bring to the hearing such witnesses as may be necessary to explain what searches for documents have been undertaken, to describe how those searches were conducted, to certify the completeness of the City's production, and to recount the City's efforts to comply with this and previous orders.

The City must continue to cooperate in plaintiffs' efforts to mitigate the prejudice the City has caused to plaintiffs in this case by, among other things, stipulating to requests for reopening previously taken depositions or reasonable modifications of the case schedule.

The alleged lack of personnel to search for or review documents cannot excuse the City's violation of court orders.  Therefore, the City must reassign such employees or retain such outside contractors as may be necessary to complete these tasks within the deadline established by this order.

**IT IS SO ORDERED.**

cc:   Parties

MINUTES FORM 11                                         Initials of Deputy Clerk_____
CIVIL-GEN

2