Fernando Gaytan (SBN 224712)
fgaytan@lafla.org
Shayla R. Myers (SBN 264054)
smyers@lafla.org
**LEGAL AID FOUNDATION OF LOS ANGELES**
7000 S. Broadway
Los Angeles, CA 90003
Tel:   (213) 640-3983; Fax:   (213) 640-3988

Paul L. Hoffman (No. 071244)
hoffpaul@aol.com
Catherine Sweetser (No. 271142)
catherine.sdshhh@gmail.com
**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**
723 Ocean Front Walk
Venice, CA 90291
T: (310) 396-0731; F: (310) 399-7040

*Attorneys for Plaintiffs*

Kevin H. Brogan (Bar No. 089427)
kbrogan@hfbllp.com
**HILL, FARRER & BURRILL LLP**
300 South Grand Avenue, 37th floor
Los Angeles, California 90071
T: (213) 620-0460; F: (213) 624-4840
*Attorneys for Defendants*
**CENTRAL CITY EAST ASSOCIATION AND LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES CATHOLIC WORKER, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT, et al.<br><br>　　　　Defendants. | CASE NO.: CV14-7344 PSG (AJWx)<br><br>**[PROPOSED] STIPULATED JUDGMENT** |

This action was brought by plaintiffs Los Angeles Catholic Worker, CANGRESS, Harry James Jones, Lloyd Hinkle, Walter Shoaf, and Louis Grady against Defendants Los Angeles Downtown Industrial District, Central City East Association, and the City of Los Angeles, alleging that Defendants and their agents violated Plaintiffs' rights guaranteed by the United States Constitution, the California Constitution, and related laws by seizing the unattended property of Plaintiffs and other homeless individuals in downtown Los Angeles. Defendants have denied all material allegations in the complaint.

The parties have agreed that in order to avoid the continuation of protracted and costly litigation, the controversy should be resolved without a trial and therefore have agreed to the attached settlement agreement and request the Court enter this stipulated judgment.

It is hereby ordered and adjudged that:

## I. EQUITABLE TERMS

Defendants Los Angeles Downtown Industrial District and Central City East Association shall comply with the following terms:

1. LADID agrees not to seize and/or destroy or otherwise remove any property from sidewalks or other public spaces within the LADID, except as provided herein.

2. Notwithstanding Paragraph 1, this agreement does not prevent LADID from removing property from sidewalks and other public spaces within the LADID in the following circumstances:

   a. LADID BID officers may immediately move unattended items that are within ten feet of any operational and utilizable entrance, exit, driveway or loading dock of a building or property in the LADID, or impeding a 36 inch clearance for travel pursuant to the ADA. In the event that items are moved, they will not be seized or destroyed by BID officers.

b. Property moved under Section 2(a) may not be moved any further than is necessary to clear the driveway or passage to the entrance of a building or property.

c. BID officers may remove trash and dumped items that are in the gutter, sidewalk, street or alley, or within three feet of a trash can, provided the items or trash appear to be placed there for trash removal.

d. BID officers may immediately remove unattended bulky items from the street or sidewalk. Bulky items are defined as large pieces of furniture, mattresses, or other items that cannot be broken down to fit within a 60 gallon storage bin, but does not include tents; shopping carts; bicycles, wheelchairs, crutches or other types of assistive medical devices; or luggage and bags, either filled or unfilled.

e. Nothing in this settlement will prevent BID officers from responding to a Public Health or Safety Emergency within the BID, as defined below.

  i. For purposes of this section, Public Health or Safety Emergency is defined as a situation that creates an immediate threat to public health or safety, such as a fire or a blocked storm drain that could result in flooding. This section is intended to apply only to situations where the risk of significant harm is so imminent that it would be impractical to wait for the City to address the issue without the situation worsening. Significant harm is defined as physical injury, illness or death, or damage to property.

      ii. In the event that there is a Public Health or Safety Emergency identified by BID officers as objectively requiring unattended property to be removed from the sidewalk, BID officers must first contact LAPD or the Bureau of Sanitation to address the issue and document the date and time of the call.

f. BID officers may remove property from sidewalks and public areas in the LADID that they have an objectively reasonable belief is abandoned, after providing notice as outlined below.

      i. Abandoned property is defined as property where there is no objectively reasonable belief that the property belongs to a person.

      ii. Property will *not* be deemed abandoned if:

          1. The owner of the property is present;

          2. The property has previously been tagged for removal, the property has been moved at least twenty feet, within twenty-four hours of being tagged for removal by BID officer; or

          3. It is packed up and placed adjacent to a building, wall or fence in such a manner as to allow 36" of clearance for travel pursuant to the ADA and is not attached to a building, wall or fence,

              a. and either

                  i. the property has a sign on it indicating that it is not abandoned property

ii. or it has been identified by an individual near the property as belonging to a specific individual.

g. Removal of Abandoned Property:
  i. Before removing property for which there is an objectively reasonable belief that it may be abandoned, BID officers will first ask any people who are nearby to whom the property belongs.
  ii. If no one identifies the property and the property is not packed up consistent with 2(f)(ii)(3), the BID officers may affix a written notice to the property in question, indicating that if the property is not moved within twenty-four (24) hours after posting of notice, it will be deemed abandoned and removed.
  iii. If no one identifies the property and the property is packed up consistent with Section 2(f)(ii)(3), but BID officers have observed the property in the same location, unattended and potentially abandoned for twenty-four (24) hours, the BID officers may affix a written notice to the property in question, indicating that if the property is not moved within twenty-four (24) hours after posting of notice, it will be deemed abandoned and removed. If after twenty four hours after posting a notice, the property has not been moved to a new location at least 20 feet from the location of posting, BID officers may deem the property abandoned and remove it from the sidewalk. Written notice of moving or removal shall be clearly posted at the location where the property was

[PROPOSED] STIPULATED JUDGMENT

found. This notice must indicate where the property is stored and how the property owner may retrieve the property.

  iv. Any property taken pursuant to this agreement must be stored for a minimum of 90 days for the owner to retrieve the property. LADID may store the property in a storage facility located within the BID. At its discretion, LADID may provide the property to the City of Los Angeles for storage in a storage facility within the BID for at least 90 days. If the LADID changes the location of storage, the LADID must notice Plaintiffs' Counsel of the new location for storage, no less than 10 days before the storage location changes.

 h. BID officers may retrieve lost items, which must then be turned over to the police pursuant to California Civil Code Section 2080.1; except however, the retrieval of lost items must be documented pursuant to Section 3 below.

3. Documentation of Activities

 a. Property that is noticed as "abandoned" will be photographed at the start of the 24 hour notice period.

 b. All property moved or removed from sidewalks or other public spaces in the LADID under subdivisions 2(a)-(b), 2(d), 2(e), 2(f)-(g) or 2(h) above, shall be photographed at the time of removal, before it is disturbed.

 c. The photographs will depict the property removed as it looked before being touched by the BID officer or officers and the reason for removal of the property.

      d. Upon request, and no more often than every 90 days, LADID will make available for inspection by Plaintiffs' Counsel written records of each instance in which BID officers moved or removed property from sidewalks or other public spaces within the LADID under subdivisions 2(a)-2(h) above. The record for each instance shall include the location of the property, the justification for each response, photographs, and evidence of calls to the City of Los Angeles (where applicable).

4. LADID will include specific language in its Annual Planning Report that provides that LADID is subject to the terms of this Settlement Agreement and any Court Orders or Judgments entered pursuant to this Settlement Agreement. This language will be agreed upon by the parties.

5. BID officers will receive specific training regarding the terms of this settlement, which will be provided by an outside entity agreed upon by the parties and the contents of which will be approved by Plaintiffs' Counsel.

## II. MONETARY TERMS

A. Defendant Central City East Association shall pay twenty-five thousand dollars ($25,000.00). This payment shall be inclusive of any claim for damages, attorneys' fees or costs claimed by plaintiffs.

C. Defendants shall make monetary payment in the form of a check or checks made payable to the Legal Aid Foundation of Los Angeles, and shall deliver that payment to the Legal Aid Foundation of Los Angeles, 7000 S. Broadway, Los Angeles CA 90003 within thirty (30) days of entry of this judgment.

## III. DISMISSAL

This action will be dismissed, subject to the terms of this judgment, reserving jurisdiction for purposes of enforcement.

## IV. ENFORCEMENT

The District Court shall retain jurisdiction over this action and its parties for the duration of four years from the date of its entry, for the purpose of enforcing and modifying the terms of this order.

**It is so stipulated.**

DATED: 2/21/2017

HILL FARRER & BURRILL LLP

By: _____
KEVIN BROGAN
*Attorneys for Defendants* CENTRAL CITY EAST ASSOCIATION, INC. and LOS ANGELES DOWNTOWN INDUSTRIAL DISTRICT BUSINESS IMPROVEMENT DISTRICT

DATED: 3/9/2017

LEGAL AID FOUNDATION OF LOS ANGELES

By: _____
SHAYLA MYERS
*Attorneys for Plaintiffs*

DATED: 3/9/2017

SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP

By: _____
**CATHERINE SWEETSER**
*Attorneys for Plaintiffs*

Ordered this _____ day of _____, 2017.

_____
Honorable Philip S. Gutierrez
United States District Judge