# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

FILED
CLERK, U.S. DISTRICT COURT
NOV 18 2019
CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Philip S. Gutierrez

From: W. Hernandez                    , Deputy Clerk    Date Received: 11/12/19

Case No.: 2:14-cv-07344-PSG-AJW         Case Title: Los Angeles Catholic Worker et al v. Los Angeles Downtown

Document Entitled: LETTER

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☑ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | Case was closed on 6/30/17. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐  The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____                 _____
Date                                     U.S. District Judge / ~~U.S. Magistrate Judge~~

☑  The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

11/18/19                                _____
Date                                     U.S. District Judge / ~~U.S. Magistrate Judge~~

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

| COPY 1 -ORIGINAL-OFFICE | COPY 2 -JUDGE | COPY 3 -SIGNED & RETURNED TO FILER | COPY 4 -FILER RECEIPT |

CV-104A (06/13)                    NOTICE OF DOCUMENT DISCREPANCIES

GUZIN & STEIER
ATTORNEYS AT LAW
606 NORTH LARCHMONT BOULEVARD
SUITE 204
LOS ANGELES, CA 90004

(323) 932-1600
FAX: (323) 932-1873
DONSTEIER@GSLAWLA.COM

November 7, 2019

Hon. Philip S. Gutierrez
Central District of California
United States District Court
First Street Courthouse
350 West First Street
Courtroom 6A, 6th Floor
Los Angeles, CA 90012-4565

      Re: Los Angeles Catholic Worker, et al. vs. Los Angeles Downtown Industrial
      Business Improvement District, et al. [CV14-7344 (PSG)]

To the Honorable Court and Counsel:

I am writing as General Counsel for the Los Angeles Downtown Industrial District Business Improvement District (LADID) and the Central City East Association (CCEA), parties in the above case, to advise of a recent development that may affect the court-imposed standards established in that case settlement.

CCEA, a non-profit organization, manages the LADID. We have been serving this community for more than twenty years providing sidewalk litter abatement and trash collection.

As part of the settlement, the parties agreed upon protocols regarding the collection of trash/personal property in the Skid Row area. LADID's "clean team" workers, all formerly homeless individuals hired through Chrysalis Works, have collected more than 300,000 bags of trash/litter, equal to nearly five tons, during the term of that settlement agreement. We have accomplished this pursuant to the terms of the 2017 settlement without incident or complaint.

Hon. Philip S. Gutierrez/Counsel
Re: LA Catholic Worker et al. vs Los Angeles Downtown Industrial Business Improvement Districtt
   [CV14-7344 (PSG)
November 7, 2019
Page 2

Now, however, we have been informed by the office of Mayor Eric Garcetti that the City has contracted with a San Francisco-based organization to deploy workers to sweep, collect and dispose of trash in areas of Downtown Los Angeles where homeless persons are present, including but not limited to Skid Row. According to Garcetti staff, these persons have received training from the L.A. Sanitation and Environment Department. We have asked the Mayor's office directly for evidence of this training and whether such training included knowledge of the protocols of the 2017 settlement. To date we have received none.

We welcome the City's assistance toward cleaner sidewalks, however, we are concerned that this group may follow procedures inconsistent with the settlement, particularly as it applies to unattended property, removal of abandoned property, property that may be blocking doorways or driveways, situations defined as immediate threats to public health or safety, 90-day property storage, or photographic and written documentation of property removed from sidewalks. The court settlement has detailed protocols for each of these.

Although the City was a party to this lawsuit, the Mayor's staff member administering this initiative, Kirkpatrick Tyler, admitted to us that he is unaware of the settlement. Mr. Tyler assured us that this new encampment trash abatement program has the approval of the L.A. City Attorney's office.

We provided Mr. Tyler with a copy of the settlement and protocols.

We raise our concerns with the court and counsel to avoid confusion in the Skid Row area, and to prevent personal property of homeless individuals from being mishandled by persons unaware of court protocols. Failure by the City's contracted workers to follow court procedure also presents a potential for future litigation for our organization. When persons suffering from mental illness or substance addiction realize they have lost items of personal property, it might be unreasonable to expect that they will know which "clean up team" may be responsible.

The concept of additional trash and litter collection resources for areas where unsheltered persons reside is well-intentioned but needs to be performed responsibly.

We felt an urgency to put the court and all parties on notice in the event of future conflicts. This court can decide if it wishes to further address the issue.


GUZIN & STEIER

*/s/ Donald H. Steier*

Donald H. Steier

DHS:jk


Shayla Myers, Esq.
Legal Aid Foundation of Los Angeles
7000 South Broadway
Los Angeles, CA 90003

Kevin H. Brogan, Esq.
Hill, Farrer, & Burrill LLP
300 South Grand, 37th Floor
Los Angeles, CA 90071

Catherine Sweetser, Esq.
Shonbrun, Sepolow, Harris & Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291

Scott D. Marcus, Esq.
Chief, Civil Branch
Los Angeles City Attorney
200 North Main Street, City Hall East, Room 675
Los Angeles, CA 90012

Kirkpatrick Tyler, MPA
Director of Skid Row Strategy
Office of City Homeless Initiatives, Mayor Eric Garcetti
200 North Spring Street, Mezzanine
Los Angeles, CA 90012